USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: #5
DATE FILED: JUN 2

FILED
JUL - 1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
IDEMA, et al.,

           Plaintiffs,

    -against-

UNITED STATES DEPARTMENT
OF STATE, et al.,

           Defendants.
-------------------------------------X

**ORDER DENYING MOTION AND TRANSFERRING VENUE**

CASE NUMBER 1:05CV01334
JUDGE: Emmet G. Sullivan
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 07/01/2005

ALVIN K. HELLERSTEIN, U.S.D.J.:

    In a case recently before me, Idema, et al. v. Rice, et al., 05 Civ. 2947(AKH), the petitioners, who claimed to be three United States citizens and an Afghan national arrested in Afghanistan in July 2004, and incarcerated there currently, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. I transferred that case to the United States District Court for the District of Columbia, 28 U.S.C. § 1406(a), in an Order dated May 18, 2005. I subsequently denied a motion for reconsideration, made by petitioners, in an Order dated June 1, 2005.

    On June 6, 2005, plaintiffs in the above-captioned case, who are the same three United States citizens whose petition I transferred, and who are represented by the same counsel as in the transferred case, filed a lawsuit under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), against several defendant federal agencies. Plaintiffs also filed, on the same date, a motion for a Vaughn index, see Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973). I accepted this case as related to the transferred case.

    FOIA authorizes those requesting records under the statute to challenge agency responses in the district court, and it provides a relatively broad slate of options for

MICROFILM -9 03 AM JUN 17 2005

Returned to chambers for scanning on 6/20/05
Scanned by chambers on 6/22/05

A TRUE COPY
J. MICHAEL McMAHON, CLERK
BY _____
DEPUTY CLERK

1

venue. See 5 U.S.C. § 552(a)(4)(B) ("On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.").

I hold that this case raises issues substantially related to the issues raised by the case I already transferred to the District of Columbia, and therefore, that it is in the interest of justice to transfer this case to that same court, 28 U.S.C. § 1404(a), to be consolidated with the earlier case. Accordingly, it is hereby

ORDERED, that all pending motions are hereby denied; and it is further

ORDERED that the clerk of the court shall transfer this case to the United States District Court for the District of Columbia for further proceedings.

SO ORDERED.

Dated:   New York, New York
         June 15, 2005

                                            _____
                                            ALVIN K. HELLERSTEIN
                                            United States District Judge