UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.K. IDEMA, EDWARD CARABALLO, and BRENT BENNETT, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, UNITED STATES MARSHALS SERVICE, DEPARTMENT OF DEFENSE, and DEFENSE INTELLIGENCE AGENCY, <br><br> Defendants. | No. 05 CV 01334 (EGS) |

**ANSWER OF DEFENDANTS UNITED STATES DEPARTMENT OF STATE, UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, UNITED STATES MARSHALS SERVICE, DEPARTMENT OF DEFENSE, and DEFENSE INTELLIGENCE AGENCY**

**First Defense**

This Court lacks jurisdiction over this action and the Complaint fails to state a claim upon which relief can be granted to the extent that the Freedom of Information Act ("FOIA") requests referenced in the Complaint have not been properly made and/or have not been received by Defendants.

**Second Defense**

This Court lacks jurisdiction over this action and the Complaint fails to state a claim upon which relief can be granted to the extent that the requests referenced in the Complaint were made by individuals other than Plaintiffs.

**Third Defense**

This Court lacks jurisdiction over this action and the Complaint fails to state a claim upon which relief can be granted to the extent that Plaintiffs have not exhausted their administrative remedies.

**Fourth Defense**

The Complaint fails to state a claim to the extent that the underlying FOIA requests seek documents protected by one or more Exemptions to the FOIA.

**Fifth Defense**

The Complaint fails to state a claim to the extent that it is brought to obtain material that does not consist of records subject to production pursuant to FOIA.

**Sixth Defense**

The Complaint fails to state a claim against the United States Marshals Service and the Federal Bureau of Investigation, on the ground that those entities are not "agencies" as that term is used in FOIA.

**Seventh Defense**

In response to the numbered paragraphs of the Complaint, Defendants state as follows:

1. Paragraph one constitutes a characterization of this action and legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiffs purport to bring their claims pursuant to the FOIA, and deny the remaining allegations of this paragraph.

2. Paragraph two constitutes legal conclusions to which no response is required. To the extent a response is required, Defendants deny that this Court has jurisdiction over Plaintiffs'

claims to the extent that (i) the FOIA requests referenced elsewhere in the Complaint were not properly made and/or have not been received by Defendants, (ii) the FOIA requests referenced elsewhere in the Complaint were made by individuals other than Plaintiffs, and (iii) Plaintiffs have not exhausted their administrative remedies.

3. Defendants admit the first sentence of paragraph three. The balance of the allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny those allegations.

4. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in the first sentence of paragraph four and the allegation concerning Plaintiff Caraballo's residency in the second sentence. Defendants admit that the Complaint states that Plaintiff Caraballo is appearing *pro se* in this action. The balance of the allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny those allegations.

5. Defendants admit that Brent Bennett is a citizen of the United States, and are without knowledge or information sufficient to form a belief as to the accuracy of the allegation that he is employed by the Counter-Terrorist Group. Defendants admit that the Complaint states that Plaintiff Bennett is appearing *pro se* in this action. The balance of the allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny those allegations.

6. Defendants admit that John Edwards Tiffany is listed in the signature block of the complaint as counsel for Idema, that Tiffany is not listed as a Plaintiff in this action, and that the Complaint states that he is appearing in this action as counsel for Idema only. The balance of the

allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny those allegations.

7. Defendants admit that the Department of State is an agency of the United States and that it has possession of, and control over, some records referenced in the purported FOIA requests discussed in the Complaint. In all other respects, Defendants deny the allegations of this paragraph.

8. Defendants admit that the Department of Justice is an agency of the United States and that it has possession of, and control over, some records referenced in the purported FOIA requests discussed in the Complaint. In all other respects, Defendants deny the allegations of this paragraph.

9. Defendants deny that the Federal Bureau of Investigation ("FBI") is an agency of the United States as that term is used in the FOIA. The FBI is a component of the Department of Justice. The Department of Justice has possession of, and control over, some records referenced in the purported FOIA requests discussed in the Complaint. In all other respects, Defendants deny the allegations of this paragraph.

10. Defendants deny that the United States Marshals Service ("USMS") is an agency of the United States as that term is used in the FOIA. The USMS is a component of the Department of Justice, which has possession of, and control over, some records referenced in the purported FOIA requests discussed in the Complaint. In all other respects, Defendants deny the allegations of this paragraph.

11. Defendants admit that the Department of Defense is an agency of the United States. Defendants are not aware of any records responsive to the purported FOIA requests

discussed in the Complaint that are in the possession or control of the Department of Defense. In all other respects, Defendants deny the allegations of this paragraph.

12.  Defendants admit that the Defense Intelligence Agency is an agency of the United States. Defendants have not, as of the preparation of this Answer, located any records responsive to the purported FOIA requests discussed in the Complaint that are in the possession or control of the Defense Intelligence Agency.

13.  Defendants admit that at least one of the entities named as a Defendant in this matter received at least one request which it is handling as a FOIA request made on behalf of at least one Plaintiff, but deny the allegations of this paragraph as pled.

14.  Defendants admit that two charts, captioned "Initial FOIA Letters" and "Defendants' FOIA Responses" are attached to the Complaint as Exhibit 1. Defendants admit that the charts purport to reflect various FOIA requests and responses. Defendants deny that the charts accurately reflect the documents attached as Exhibits 2-11 of the Complaint. Specifically, some entries on the charts are not included as exhibits and some of the exhibits are not listed on the charts.

15.  The allegations of this paragraph appear to characterize various purported FOIA requests attached to the Complaint as exhibits. Defendants respectfully refer the Court to those exhibits for a full and fair statement of their contents (without admitting that those exhibits constitute proper FOIA requests), and otherwise deny the allegations of this paragraph.

16.  The allegations set forth in paragraph sixteen of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

17. Defendants admit that copies of various letters purportedly directed to the Department of State are attached as Exhibit 2 to the Complaint.

18. Defendants deny the allegations set forth in paragraph eighteen of the Complaint, as no documents are attached as Exhibit 3 to the copy of the Complaint provided to the undersigned.

19. Defendants deny the allegations set forth in paragraph nineteen of the Complaint, as no documents are attached as Exhibit 4 to the copy of the Complaint provided to the undersigned.

20. Defendants admit that copies of various letters purportedly directed to the USMS are attached as Exhibit 5 to the Complaint.

21. Defendants admit that copies of various letters purportedly directed to the Department of Defense are attached as Exhibit 6 to the Complaint.

22. Defendants admit that copies of various letters purportedly directed to the Defense Intelligence Agency are attached as Exhibit 7 to the Complaint.

23. Defendants admit that at least one of the letters among the exhibits to the Complaint states that it was sent via registered mail. Defendants are without knowledge or information sufficient to form a belief as to the balance of the allegations of this paragraph..

24. Defendants deny the allegations of this paragraph.

25. Defendants deny the allegations of this paragraph.

26. The allegations of this paragraph appear to characterize documents attached to the Complaint as Exhibit 8. Defendants respectfully refer the Court to that exhibit for a full and fair statement of its contents, and otherwise deny the allegations of this paragraph.

27.     Defendants deny the allegations of the first sentence of this paragraph, except to respectfully refer the Court to Exhibit 9 to the Complaint (which Defendants do not admit constitutes appropriate FOIA appeals) for a full and fair statement of its contents. Defendants deny the balance of the allegations of this paragraph.

28.     Defendants admit that the copy of the unsigned letter to Ambassador Khalilzad attached as part of Exhibit 9 to the Complaint is marked "FOIA APPEAL LETTER". Defendants deny the balance of the allegations of this paragraph.

29.     Defendants deny the allegations of this paragraph.

30.     Defendants deny the allegations of this paragraph.

31.     Defendants deny the allegations of this paragraph.

32.     The allegations of paragraph thirty-two constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of this paragraph.

33.     The allegations of paragraph thirty-three constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of this paragraph.

34.     Defendants admit that Exhibit 10 to the Complaint consists of a document purporting to be a letter directed to the U.S. Embassy in Kabul, the State Department, and the FBI that purports to seek "property which was illegally seized." In all other respects, defendants deny the allegations of this paragraph.

35.     The allegations of paragraph thirty-five constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny that

Plaintiffs have a statutory right to any records in Defendants' possession, with the exception of those non-exempt records that are the subject of properly filed FOIA requests currently being processed by Defendants.

36.     The allegations of paragraph thirty-six constitute plaintiffs' characterization of their contentions, and legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendants admit that their Complaint purports to seek an exemption of copying costs, but in all other respects Defendants deny the allegations of this paragraph.

37.     The allegations of paragraph thirty-seven constitute plaintiffs' characterization of their contentions, and legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendants admit that Plaintiffs seek an injunction as described therein but otherwise deny the allegations of this paragraph.

The remainder of the Complaint contains Plaintiffs' Prayer for Relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested, or to any other relief.

Defendants deny each and every allegation not heretofore expressly admitted, qualified or denied by this Answer.

WHEREFORE, Defendants respectfully request that this action be dismissed with prejudice.

Dated: July 29, 2005.        Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

_____
ORI LEV, DC # 452565
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Mail:         P.O. Box 883, Washington, DC  20044
Delivery:   20 Massachusetts Ave., NW, Rm 7330
                 Washington, DC 20001
Tel: (202) 514-2395
Fax: (202) 318-7589