UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| J.K. IDEMA, EDWARD CARABALLO, and BRENT BENNETT, | ) ) ) | |
| Plaintiffs, | ) ) | No. 05 CV 01334 (EGS) |
| v. | ) ) ) | |
| UNITED STATES DEPARTMENT OF STATE, UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, UNITED STATES MARSHALS SERVICE, DEPARTMENT OF DEFENSE, and DEFENSE INTELLIGENCE AGENCY, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' STATUS REPORT**

Pursuant to the Court's Order for Initial Scheduling Conference ("Scheduling Order"), dated August 1, 2005, the undersigned counsel for defendants hereby submits this status report on behalf of defendants. Although the defendants and counsel for plaintiff Idema attempted to reach agreement on a joint report, they were unable to do so. It is the undersigned's understanding that Mr. Tiffany, counsel for plaintiff Idema, will be submitting a separate report to the Court. In addition to setting forth below defendants' position on the matters called for in the Scheduling Order, we also respond herein to those positions set forth by Mr. Tiffany in the last exchange of draft joint reports between the parties.[1]

---

[1] Defendants note that although the Complaint states that Mr. Tiffany only represents plaintiff Idema, and that the other two plaintiffs are proceeding *pro se*, Mr. Tiffany's draft joint report purported to speak on behalf of all three plaintiffs. At the same time, plaintiff *pro se* Bennett has repeatedly advised the undersigned that he is proceeding *pro se*. In light of this apparent discrepancy, defendants request that Mr. Tiffany's status as counsel for plaintiffs be clarified at the scheduling conference.

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. As a FOIA action, this case is exempt from the requirements of Local Civil Rule ("LCvR") 16.3, and Rules 16(b), 26(a)(1)(E) and 26(f) of the Federal Rules of Civil Procedure, pursuant to LCvR 16.3(b)(9). See LCvR 16.3(b)(9).[2] Nevertheless, in light of the Court's Scheduling Order, for the convenience of the Court, and in anticipation of the scheduling conference currently set for September 30, 2005 at 10:15 a.m., counsel for defendants initiated the preparation of a Joint Status Report, and now files this Status Report, which sets forth defendant's position with respect to the statutory basis for all causes of action and defenses and the topics set forth in Rule 16.3(c).

**I.     Statement of the Case and Statutory Basis of Causes of Action & Defenses**

Both plaintiffs' causes of action and the defenses arise under the FOIA.[3] Plaintiffs allege in their Complaint that they have made some thirty-one separate FOIA requests to the various defendant agencies, and seek the release of documents pursuant to those requests. Defendants assert that some of the alleged requests at issue do not constitute valid FOIA requests; some of the alleged requests were never received; some of the alleged requests were improperly made; some of the alleged requests were made by individuals other than plaintiffs; some of the alleged

---

[2] LCvR 16.3(b)(3) – which exempts *pro se* actions brought by prisoners incarcerated in the United States from the requirements of Local Civil Rule 16.3, presumably because of the difficulty of consultation in such cases – further supports exemption in this case. All three plaintiffs are currently incarcerated in Afghanistan, and two of the three – Messrs. Bennett and Caraballo – are proceeding *pro se*. Counsel for defendants was thus unable to consult with the *pro se* plaintiffs with respect to the matters set forth herein. Although has Mr. Tiffany asserted in the exchange of draft joint status reports that all three plaintiffs are available by telephone, there is no phone number listed for them on the Complaint, nor has one been otherwise provided.

[3] For the Court's convenience, defendants have attached a copy of the Complaint and the exhibits attached thereto to this Status Report. Because the case was transferred from New York, the Complaint and its exhibits do not currently appear on the Court's docket.

requests have been administratively closed for various reasons; some of the alleged requests are being processed; and some of the named defendants are improper defendants in this action.

**II.     Rule 16.3 Topics**

   **1.     Whether the Case is Likely to Be Disposed of By Dispositive Motion**

   Defendants believe that this case likely will be resolved on dispositive motions.

   **2.     Date for Joinder of Other Parties & Amendment of Pleadings; Narrowing of Factual or Legal Issues**

   Defendants do not anticipate amending their pleading.  Counsel for plaintiff Idema has indicated to the undersigned that plaintiffs may move to amend their Complaint.  Accordingly, defendants request that the Court set a firm date for any such motion to amend, and request further that any scheduling order take into account any such motion.  Defendants further suggest that cross-motions for summary judgment will narrow the factual and legal issues.

   **3.     Assignment to Magistrate Judge**

   Defendants do not consent to assignment of this matter to a magistrate judge.

   **4.     Realistic Possibility of Settlement**

   Defendants do not believe that there is a realistic possibility of settlement at this time.

   **5.     Alternative Dispute Resolution**

   Defendants believe that it is unlikely that this case could benefit from the Court's alternative dispute resolution procedures or some other form of ADR.

   **6.     Resolution by Summary Judgment/Motion to Dismiss and Proposed Schedule**

   Defendants submit the following briefing schedule for what they anticipate will be cross-motions for summary judgment.  The schedule is proposed in light of the large number of alleged

FOIA requests at issue in the case, the number of defendants in the case, the difficulty in even identifying the FOIA requests plaintiffs allege to have made, and the numerous legal issues likely to be addressed in any motion.

Plaintiffs' Complaint names six different federal agencies as defendants. Attached as Exhibit 1 to the Complaint is a chart listing 31 different "FOIA letters" allegedly delivered to these various agencies. The other exhibits to the Complaint include various written FOIA requests and correspondence purporting to represent the FOIA requests listed in Exhibit 1 to the Complaint. A comparison of the chart attached as Exhibit 1 to the Complaint with the correspondence attached as Exhibits 3-10 thereto, however, reveals that many of the alleged FOIA requests set forth in the chart are not attached as Exhibits and at least one of the Exhibits is not listed in the chart. Even those Exhibits that appear in some respects to match the entries in the chart often have different dates than those entries, making it difficult to identify precisely which Exhibit corresponds to which entry. Moreover, plaintiffs and Mr. Tiffany often sent duplicative FOIA requests to the same agency, with different dates, and on different letterhead, making it even more difficult to match up the alleged FOIA requests listed on Exhibit 1 to the Complaint with actual FOIA requests received by the various defendant agencies.

As noted above, defendants anticipate that they will raise various defenses to each of the alleged FOIA requests at issue. Given the number of requests, the number of defendants, the disarray evident in the Complaint and its Exhibits, and the number of different defenses applicable to the various alleged requests, defendants propose the following briefing schedule:

- Defendants will file their Motion(s) by November 30, 2005;
- Plaintiffs will file their Opposition(s) and/or Cross-Motion(s) by January 15,

  2006;

- Defendants will file their Reply(ies) and/or Opposition(s) by February 15, 2006;
- Plaintiffs will file their Reply(ies) by March 15, 2006.

In the event that the Court allows plaintiffs to amend their Complaint, defendants respectfully request that the above briefing schedule be adjusted accordingly (i.e., moved back by the amount of time plaintiffs are given to amend the Complaint).

In the final exchange of draft joint status reports between the parties, counsel for plaintiff Idema proposed that defendants be required to file a Vaughn index in advance of filing a motion for summary judgment. Defendants object to any such requirement as inappropriate. The "purpose of the [Vaughn] index is to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate opportunity to review, the soundness of the withholding." Fiduccia v. U.S. Dep't of Justice, 185 F.3d 1035, 1042 (9th Cir. 1999) (internal quotations omitted). Given its purpose, courts generally do not require an agency to produce such an index before the agency has asserted a position in litigation, such as filing a summary judgment motion based on having released all non-exempt documents. See Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) (concluding that a plaintiff's "early attempt in litigation of this kind to obtain a Vaughn index . . . is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions"); United States Comm. on Refugees v. Department of State, 1992 WL 35089 at *1 (D.D.C. Feb. 7, 1992) (concluding that "the preparation of a Vaughn index is unwarranted before the filing of dispositive motions in FOIA actions because the filing of a dispositive motion, along with detailed affidavits, may obviate the need for indexing the withheld documents" (internal

5

quotations and citations omitted)); Stimac v. United States Dep't of Justice, 620 F. Supp. 212, 213 (D.D.C. 1985) (concluding that "the preparation of a Vaughn Index would be premature before the filing of dispositive motions").  Particularly in cases such as this, where the defendants anticipate that the defenses to many of the alleged FOIA requests will not require a Vaughn index (e.g., request never received, improperly made, or made by someone other than plaintiff), requiring the filing of a Vaughn index in advance of summary judgment motions is particularly inappropriate.

    **7.**    **Initial Disclosures**

Not applicable.  See LCvR 16.3(b).

    **8.**    **Discovery**

Defendants' position is that discovery is generally inappropriate in FOIA cases and is inappropriate in this case as well.  See Allen v. U.S. Secret Service, 335 F. Supp. 2d 95, 100 (D.D.C. 2004) (Sullivan, J.) (discovery generally inappropriate in FOIA case); Wheeler v. CIA, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); Judicial Watch, Inc. v. Export-Import Bank, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) ("[D]iscovery in a FOIA action is generally inappropriate.") (citation omitted); see also Comment to LCvR 16.2(b) (FOIA cases exempt from requirements of LCvR 16.3 "because they are actions that typically do not require discovery").

Based on the final exchange of draft joint status reports, defendants are of the impression (but are not certain) that plaintiffs are not seeking discovery at this time.  Any discovery would be particularly inappropriate at this juncture, as the Government has not yet had an opportunity to file its dispositive motion and any affidavits in support thereof.  See Micavige, 2 F.3d at 369;

Founding Church of Scientology v. United States Marshals Serv,, 516 F. Supp. 151, 156 (D.D.C. 1980). In the event that any of the plaintiffs seeks discovery in this case, defendants reserve the right to oppose such a request.

**9.     Exchange of Expert Witness Reports**

Defendants do not believe that expert witnesses will be needed in this matter.

**10.    Class Actions**

Not applicable.

**11.    Bifurcation of Discovery and/or Trial**

As defendants believe that there will be no need for discovery or trial in this FOIA case, there is likewise no need for bifurcation of discovery or trial.

**12.    Date of Pre-Trial Conference**

Defendants believe that this case will be resolved by dispositive motions and that it is unnecessary to schedule a pre-trial conference.

**13.    Trial Date**

Defendants believe that this case will be resolved by dispositive motions and that it is unnecessary to set a firm trial date.

Dated: September 23, 2005.                Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director


_____
ORI LEV, DC # 452565
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Phone: (202) 514-2395
Fax: (202) 318-7589

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.K. IDEMA, et al., | ) |
| Plaintiffs, | ) No. 05 CV 01334 (EGS) |
| v. | ) |
| UNITED STATES DEPARTMENT OF STATE, et al., | ) |
| Defendants. | ) |

[DEFENDANTS' PROPOSED] **SCHEDULING ORDER**

Upon consideration of the Joint Status Report submitted by counsel for plaintiff Idema and counsel for defendants, and the Scheduling Conference held in this matter, it is hereby ORDERED that the parties shall adhere to the following schedule:

Defendants shall file any motion(s) to dismiss and/or for summary judgment no later than November 30, 2005;

Plaintiffs shall file any opposition(s) to defendants' motion(s) and any cross-motion(s) no later than January 14, 2006;

Defendants will file any opposition(s) to plaintiffs' cross-motion(s) and any reply(ies) in support of defendants' motion(s) no later than February 10, 2006; and

Plaintiffs shall file any reply(ies) in further support of their motion(s) by March 3, 2006.

**SO ORDERED.**

_____
EMMET G. SULLIVAN
United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has, this 23rd day of September 2005, caused a copy of the foregoing **DEFENDANTS' STATUS REPORT** to be served, via U.S. mail, postage prepaid, upon the following persons at the following addresses:

John Edwards Tiffany, counsel for plaintiff Idema:

>John Edwards Tiffany
>PO Box 190
>55 Washington Street
>Bloomfield, NJ  07003

Edward Caraballo, plaintiff pro se:

>Consular Section
>Adrienne Harchik, Consul
>American Embassy
>Great Massoud Road
>Kabul, Afghanistan

Brent Bennett, plaintiff pro se:

>Consular Section
>Adrienne Harchik, Consul
>American Embassy
>Great Massoud Road
>Kabul, Afghanistan

_____/s/_____
Ori Lev