# EXHIBIT 8

## Defendants' FOIA Responses

FEB-03-2005  11:40  FROM:COUNTERR-GROUP  9104831320  TO:19735660007  P.1



**U.S. Department of Justice**

**United States Marshals Service**

*Office of General Counsel*

*Washington, DC 20530-1900*

JAN 19 2005

John Edwards Tiffany, P.C.
55 Washington Street
PO Box 190
Bloomfield, NJ 07003

     RE:   **Freedom of Information/Privacy Act Request No. 2005USMS8033**
               **Subject: Jack and Viktoria Idema**

Dear Requester:

     Reference is made to your above-captioned request.

     In order for the United States Marshals Service to address your request, it is necessary for you to provide the following prerequisite element(s) as indicated:

[] **Verification of identity.** You may establish your identity by completing the enclosed Certification of Identity Form, DOJ-361, or by furnishing your identifying data and signature by declaration under penalty of perjury. <u>See</u> 28 U.S.C. 1746.

[X] **Authorization to disclose records or proof of death.** A written release from the subject of the requested records which includes the subject's identifying data, authorizing the USMS to disclose to you information pertaining to that individual, if any such information is maintained by the USMS. A Certification of Identity Form, DOJ-361, may be used for this purpose or a declaration by the subject signed under penalty of perjury. If the subject is deceased, you must furnish a death certificate or obituary which confirms the death.

[] **Identification of judicial district(s).** Identify the USMS district office(s) or city(ies) in which you have reason to believe documents responsive to your request may exist so we may conduct an adequate search.

FROM: COUNTERR-GROUP        9104831320            TO:19735660007        P.2

Please return the required information to the FOI/PA, Office of General
Counsel, CS-3, 12th Floor, U.S. Marshals Service, Washington, D.C. 20530-1000.
We will acknowledge your request upon receipt in this office and correspond with you
again, accordingly.

Sincerely,

Nancy S. Robinson

Shaaron L. Keys
Acting FOI/PA Officer
Office of General Counsel

Enclosure

E8 - 21-2



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

---

*Washington, DC 20530-1000*

JAN 2 3 2004

John E. Tiffany, P.C.
55 Washington Street
POB 190
Bloomfield, NJ   07003

Re:  **Freedom of Information/Privacy Act Request 2005USMS8048**
     **Subject of Request: OBO Jack and Viktoria Idema**

Dear Mr. Tiffany:

The United States Marshals Service is in receipt of your above-captioned request letter.

In order for the United States Marshals Service to address your request, it is necessary for you to provide the following prerequisite element as indicated:

[ ] Verification of identity. You may establish your identity by completing the enclosed Certification of Identity Form, DOJ-361, or by furnishing your identifying data and signature by declaration under penalty of perjury.  See 28 U.S.C. section 1746.

[X] Authorization to disclose records. A written release from the subject of the requested records authorizing the Marshals Service to disclose to you information pertaining to that individual, if any such information is maintained by the Marshals Service.  A Certification of Identity Form, DOJ-361, may be used for this purpose or a declaration under penalty of perjury.

[ ] Identification of judicial district(s). Identify the United States Marshals Service district office(s) or city(ies) in which you have reason to believe documents responsive to your request may exist so we may conduct an adequate search.



EO-RZ-1

   Please return the required information to the U.S. Marshals Service, Office of
General Counsel, ATTN: FOI/PA, Washington, DC   20530-1000. Upon receipt of the
information, we will acknowledge your request and correspond with you again,  accordingly.

Sincerely,


**SHAARON L. KEYS**
Acting FOI/PA Officer
Office of General Counsel

Enclosure

**U.S. Department of Justice**                    **Certification of Identity**          

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____   Social Security Number [3] _____

Current Address _____

Date of Birth _____   Place of Birth _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____   Date _____

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

### Print or Type Name

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 2/29/04                                                                          FORM DOJ-361.
                                                                                         APR.01

E8 - R2 - 3

**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

_____

*Washington, DC 20530-1000*

FEB 1 6 2005

John Edwards Tiffany, P.C.
55 Washington Street
PO Box 190
Bloomfield, NJ 07003

    **RE:    Freedom of Information/Privacy Act Request No. 2005USMS8033**
    **Subject:  Jack and Viktoria Idema**

Dear Requester:

    The U. S. Marshals Service is in receipt of your letter and Certification of Identity Form
(DOJ-361) date February 3, 2005, and executed by Ms. Idema in connection with your above
request.

    However, you failed to return to this office the Certification of Identity Form (DOJ-361)
for you client, Mr. Jack Idema.  Your failure to return this form will result in the U. S. Marshals
Service taking no further action on your request.

    We have enclosed another DOJ-361 (Certification of Identity) form for you convenience
in this regard.  Upon receipt of this completed form, we will acknowledge your request and
correspond with you again accordingly.

                   Sincerely,

                   Nancy S. Robinson

              Shaaron L. Keys
              Acting FOI/PA Officer
              Office of General Counsel

E8-R3-i



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

*Washington, DC 20530-1000*

March 25, 2005

John Edwards Tiffany, P.C.
55 Washington Street
POB 190
Bloomfield, NJ 07003

      **Re: Freedom of Information/Privacy Act Request**
        **No. 2005USMS8033**

Dear Mr. Tiffany:

      The United States Marshals Service is in receipt of your request for records maintained by this Bureau. We have commenced a search for any documents responsive to your request and will contact you when our processing is complete.

      Although we are unable to determine at this time the amount of fees to be charged to you, if any, the filing of your request constitutes your agreement to pay all applicable fees that may be charged under 28 C.F.R. § 16.11 or § 16.49, up to $25.00. You will be notified as soon as practicable if the estimated or actual fee for satisfying your request exceeds $25.00.

                  Sincerely,

                  **SHAARON L. KEYS**
                  Acting FOI/PA Officer
                  Office of General Counsel

E8-R4-1

## Richard Caraballo (NM)

| | |
|---|---|
| **From:** | jet4444@verizon.net |
| **Sent:** | Tuesday, March 29, 2005 11:00 PM |
| **To:** | newsmedia@salespresence.net |
| **Subject:** | [Fwd: Freedom of Information Act Request] |

From: "Henshall, Dave, CIV, WHS/ESCD" <dave.henshall@whs.mil>
Date: Tue Mar 29 07:52:22 CST 2005
To: "'jet4444@bellatlantic.net'" <jet4444@bellatlantic.net>
Subject: Freedom of Information Act Request

Dear Mr. Tiffany: This is in response to your March 15, 2005 Freedom of Information Act request. We received your request on March 24, 2005. Your request was misdirected to this office for processing. The Department of the Army, Defense Intelligence Agency (DIA), and the U.S. Central Command (CENTCOM), who operate their own FOIA offices, would have cognizance over the records you requested. You may request these records, if they exist, directly from the Army at FOIA@rmda.belvoir.army.mil, DIA at FOIA@dia.mil, CENTCOM at andrewp@centcom.mil, or you may write to the following addresses:
Department of the Army

ATTN: AHRC-PDD-FP

Freedom of Information and Privacy Act

7701 Telegraph Road

Alexandria, VA 22315-3860


Defense Intelligence Agency

DAN-1A (FOIA)

Washington, DC 20340-5100


U.S. Central Command

Attn: MSgt Pamela Andrews

CCJ6-DM (FOIA)

7115 South Boundary Boulevard

MacDill AFB, FL 33621-5510

This action closes your request.

Dave Henshall

Senior Advisor, Information and Privacy

Office of Freedom of Information and Security Review

Department of Defense (DoD)

Voice: (703) 697-1180, FAX: (703) 693-7341

E2-R5-1



# DEFENSE INTELLIGENCE AGENCY

### WASHINGTON, D.C. 20340-5100



U-/DAN-1A(FOIA)                                  21 April 2005

Mr. John E. Tiffany, PC
55 Washington Street
P.O. Box 190
Bloomfield, NJ 07003

Dear Mr. Tiffany :

This responds to your recent letter wherein you sought all records concerning Brendan J. Donnelly.

Please submit in writing a notarized or sworn authorization from Brendan J. Donnelly to release records to you. Additionally, please provide sufficient identifying information on the individual for use in conducting a search of DIA's records system. Cite case number 0360-05 in any correspondence with this agency

                              Sincerely,

                              Brian S. Kinsey
                              Chief, Freedom of Information Act Staff



**United States Department of State**

*Washington, D.C. 20520*

April 25, 2005
Case Number: 200501545

Mr. John E. Tiffany
John E. Tiffany, P.C.
Law Offices
55 Washington Street
P.O. Box 190
Bloomfield, N.J. 07003

Dear Mr. Tiffany:

This is in response to your two Freedom of Information Act (FOIA)
requests, dated April 3, 2005, in which you requested: 1) material, as
described, between September 2004 and the present, relating to the travel of
Judge Ismail Abid ("Abed'), Afghan Appeals Court Judge, to the U.S. or
any other place in the company of (or at the request of ) any member of the
U.S. government, as described, to include disbursements, as described, and
schedules, activity logs, memoranda regarding seminars, etc., related to
Judge Abed's ("Abid") (sic) travel; and 2) material, as described, between
July 2004 and the present which relate to the planned travel of former
Taliban Judge Abdul Basset Bakhtyari to the U.S. or any other place in the
company of (or at the request of) any member of the U.S. government, as
described, including the reasons Judge Bakhtyari's visa was denied.

Before we can proceed with the processing of your request, we need
clarification of your statement regarding fees (see "Fees", below); valid "Third

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email:  FOIAStatus@state.gov*

ES-E7-1

-2-

Party Authorizations", as described below; and "Information to Identify
Records" as described below.

**Fees:** The FOIA requires agencies to assess fees to recover the direct costs of
processing requests, unless a fee waiver has been granted.

Based upon the information that you have provided, we have placed you in the
"all others" requester category. This category requires us to assess search time
after 2 hours and duplication costs after the first 100 pages. (see 22 CFR 171,
enclosed)

You have stated: "This letter should also be construed as an agreement for
willingness to pay research and copy fees as applicable. Further, not waiving
the right to initial research and copying at no charge, should these fees exceed
$100, please notify me in writing."

By indicating that you want to be notified if fees exceed $100, you are not
waiving your right to 2 hours of free search time and the free duplication of the
first 100 pages in your requester category of "all others", as stated above.
Please confirm your understating of your situation in regarding to fees.

**Third Party Requests:** In general, under the provisions of the FOIA and
Privacy Act, access to information about private individuals, in this case Judge
Ismail Abid and former Taliban Judge Abdul Basset Bakhtyari, cannot be
given to unauthorized third parties absent the individuals' written consent.

The State Department requires that written consent be in the form of a <u>signed</u>
<u>notarized</u> statement from the individual(s), authorizing the Department of State
to release information to the other party. The statement should bear the
**original signature of the individual and original seal of the notary,** and be
dated within six months of the date of the request.

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
    *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8314*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

E8-R7-2

-3-

In lieu of notarization, the individuals may make the following statement: "I declare, certify, verify or state that, under penalty of perjury under the laws of the United States of America, the foregoing is true and correct." Such a statement must be forwarded to us **with an original signature** (faxed photocopies cannot be accepted.)

For living individuals, please provide written consent (see above), or advise us that you are unable to provide such an authorization. Requests can be processed without consent, but release of records may be severely limited to protect the privacy of the subject individuals.

For deceased individuals, unless the death has been widely reported, please provide proof of death, e.g. newspaper obituary or a copy of a death certificate, or advise us that none will be forthcoming.

**Information to Identify Records:** The Department of State is responsible for formulating and executing U.S. foreign policy and primarily maintains records dealing with U.S. foreign relations.

Are the persons about whom you have requested information public figures or deceased individuals? Can you provide their dates and places of birth? Please provide as full description as possible of incidents, meetings, events, persons involved, etc., pertaining to the documents requested.

**Other Agency Material.** Some of the specific material that you seek appears to have been originated by other agencies. If you wish to contact the Freedom of Information/Privacy Offices of those agencies their addresses are:

> Department of Justice
> Office of Information and Privacy
> Suite 570, Flag Building
> Washington, D.C. 20530-0001

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email:  FOIAStatus@state.gov*

E 8- R 7-3

- 4 -

Federal Bureau of Investigation
FOIPA Section
935 Pennsylvania Avenue, NW
Washington, D.C. 20535-0001

For the FOIA/Privacy Act addresses of other government agencies in which
you might have an interest, we suggest you go to the Department of Justice
web site at http://www.usdoj.gov/04foia/foiacontacts.htm. The State
Department does not serve as a depository for the records of other government
agencies.

Limitations of Releasability. Please note, in regard to your request for
documentation concerning the denial of a visa to former Taliban Judge
Bakhtyari, the FOIA exempts from disclosure those agency records that are
otherwise protected from release by federal statutes other than the FOIA (5
USC 552 (b)(3)). One such statute is Section 222(f) of the Immigration and
Nationality Act (8 USC 1202 (f)), which renders confidential those records
of the Department of State pertaining to issuance or refusal of visas or
permits to enter the United States. As a result, you should be aware that
State Department visa records are generally exempt from disclosure under
the (b)(3) exemption to the FOIA. This is the case regardless of whether the
requester is a third party or the visa applicant himself/herself and regardless
of whether the visa applicant has authorized the FOIA request or is no longer
living.

Although documents that were submitted by or sent to the visa applicant or
his/her representative in the course of processing the visa application may be
releasable to the applicant, internal records generated by the government in
the course of processing the visa application generally would not be
releasable.

---

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
  *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8314*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

ES-R7-4

-5-

Your request has been closed in our system. If, after taking into consideration the request for third party authorizations, the identifying information requested, the information concerning other agencies, and the limitations on releasing visa records, you wish to pursue this request you must resubmit two separate requests, one for Judge Abid and the other for former Taliban Judge Bakhtyari, with third party authorizations (if you can obtain them) and the additional information, as requested.

If you have any questions, please do not hesitate to contact us. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Richard C. Devine
Requester Communications Branch

Enclosures: As stated.

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
   *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email:  FOIAStatus@state.gov*

ES-R7-5

## Subpart D—Privacy Act Provisions

171.30  Purpose and scope.
171.31  Definitions.
171.32  Request for access to records.
171.33  Request to amend or correct records.
171.34  Request for an accounting of record disclosures.
171.35  Denials of requests; appeals.
171.36  Exemptions.

## Subpart E—Ethics in Government Provisions

171.40  Purpose and scope.
171.41  Covered employees.
171.42  Requests and identifying information.
171.43  Time limits and fees.
171.44  Improper use of reports.

## Subpart F—Appeals Procedures

171.50  Appeals of denials of expedited processing.
171.51  Appeals of denials of fee waivers or reductions.
171.52  Appeals of denials of access to, declassification of, amendment of, or accounting of disclosures of records.

Authority: 22 U.S.C. 552, 552a; Ethics in Government Act of 1978, Pub. L. 95–521, 92 Stat. 1824, as amended; E.O. 12958, as amended, 60 FR 19825, 3 CFR, 1995 Comp.; p. 333; E.O. 12600, 52 FR 23781, 3 CFR, 1987 Comp., p. 235.

## Subpart A—General Policy and Procedures

### § 171.1  Availability of information.

Records of the Department of State shall be made available to the public upon request made in compliance with the access procedures established in this part, except for any records exempt by law from disclosure. Any request for records must describe the information sought in such a way (see § 171.5(c)) that an employee of the Department of State who is familiar with the subject area of the request can locate the records with a reasonable amount of effort. The sections that follow govern the response of the Department to requests for information under the Freedom of Information Act, the Privacy Act, Executive Order 12958, and the Ethics in Government Act. Regulations at 22 CFR 172.1–9 govern the response of the Department to subpoenas, court orders, and certain other requests for testimony of Department officials or disclosure of Department records in litigation to which the Department is not a party.

### § 171.2  Types of records maintained.

Most of the records maintained by the Department pertain to the formulation and execution of U.S. foreign policy. Certain records that pertain to individuals are also maintained such as applications for U.S. passports, applications for visas to enter the U.S., records on consular assistance given

abroad by U.S. Foreign Service posts to U.S citizens, and records on Department employees. Further information on the types of records maintained by the Department may be obtained by reviewing the records disposition schedules which are available through the Department's Web site: *http://www.state.gov* or directly at the FOIA home page: *http://foia.state.gov.*

### § 171.3  Public reading room.

A reading room providing public access to certain Department of State material is located in the Department of State, SA–2, 515 22nd Street, NW., Washington, DC. The reading room contains material pertaining to access to information under the Freedom of Information Act, Privacy Act, E.O. 12958 and includes those statutes, regulations, guidelines, and other items required to be made available to the public under 5 U.S.C. 552(a)(2). Also available in the reading room are microfiches of records released by the Department pursuant to requests under the Freedom of Information Act and compilations of documents reviewed and released in certain special projects. The reading room is open during normal Department weekday working hours, 8:15 a.m. to 5 p.m. There are no fees for access by the public to this room or the material contained therein, but fees shall be assessed for the duplication of materials maintained in the reading room at the rate of 15 cents per page and $2.00 per microfiche card. Fees for copies made by other methods of reproduction or duplication, such as tapes, printouts, or CD–ROM, shall be the actual cost of producing the copies, including operator time. Persons wishing to use their own copying equipment must request approval in advance from the Department's Information and Privacy Coordinator, U.S. Department of State, SA–2, 515 22nd Street, NW., Washington, DC 20522–6001. The use of such equipment must be consistent with security regulations of the Department and is subject to the availability of personnel to monitor such copying.

### § 171.4  Electronic reading room.

The Department has established a site on the Internet with most of the same records and reference materials that are available in the public reading room. This site also contains information on accessing records under the FOIA and the Privacy Act. The site is a valuable source that is easily accessed by the public by clicking on "FOIA" at the Department's Web site at *http://www.state.gov* or directly at the FOIA home page at *http://foia.state.gov.*

## 22 Code of Federal Regulations Part 171

## PART 171—AVAILABILITY OF INFORMATION AND RECORDS TO THE PUBLIC

### Subpart A—General Policy and Procedures

Sec.
171.1   Availability of information.
171.2   Types of records maintained.
171.3   Public reading room.
171.4   Electronic reading room.
171.5   Requests for information—types and how made.
171.6   Archival records.

### Subpart B—Freedom of Information Act Provisions

171.10  Purpose and scope.
171.11  Definitions.
171.12  Processing requests.
171.13  Business information.
171.14  Fees to be charged—general.
171.15  Fees to be charged—categories of requesters.
171.16  Miscellaneous fee provisions.
171.17  Waiver or reduction of fees.

### Subpart C—Executive Order 12958 Provisions

171.20  Definitions.
171.21  Declassification review.
171.22  Appeals.
171.23  Declassification in the public interest.
171.24  Access by historical researchers and certain former government personnel.
171.25  Applicability of other laws.

E8- R7-b

Included on the FOIA home page are links to other sites where Department information may be available. The Department's Privacy Act systems of records and the various records disposition schedules may be found on the Department's FOIA home page under "Reference Materials."

## §171.5 Requests for information—types and how made.

(a) Requests for records in accordance with this chapter may be made by mail addressed to the Information and Privacy Coordinator, U.S. Department of State, SA–2, 515 22nd Street, NW., Washington, DC 20522–6001. Facsimile requests under the FOIA only may be sent to: (202) 261–8579. E-mail requests cannot be accepted at this time. Requesters are urged to indicate clearly on their requests the provision of law under which they are requesting information. This will facilitate the processing of the request by the Department. In any case, the Department will process the request under the provision of law that provides the greatest access to the requested records.

(b) Requests may also be made by the public in person from 8:15 a.m. to 5 p.m. at the Department of State, SA–2, 515 22nd Street, NW., Washington, DC.

(c) Although no particular request format is required, it is essential that a request reasonably describe the Department records that are sought. The burden of adequately identifying the record requested lies with the requestor. Requests should be specific and include all pertinent details about the request. For FOIA requests, the request should include the subject, timeframe, any individuals involved, and reasons why the Department is believed to have records on the subject of the request. For Privacy Act requests, the request should state the type of records sought, the complete name and date and place of birth of the subject of the request, and the timeframe for the records. An original signature is required. See §171.12(b) for guidance regarding third party requests. Individuals may seek assistance regarding any aspect of their requests from the Chief, Requester Liaison Division, (202) 261–8484.

(d) While every effort is made to guarantee the greatest possible access to all requesters regardless of the specific statute under which the information is requested, the following guidance is provided for individuals in requesting records:

(1) *Freedom of Information Act.* Requests for documents concerning the general activities of government and of the Department of State in particular (see subpart B of this part).

(2) *E.O. 12958.* Requests for mandatory review and declassification of specific Department records and requests for access to such records by historical researchers and certain former government officials (see subpart C of this part).

(3) *Privacy Act.* Requests from U.S. citizens or legal permanent resident aliens for records that pertain to them and that are maintained by the Department under the individual's name or personal identifier (see subpart D of this part).

(4) *Ethics in Government Act.* Requests for the financial Disclosure Statements of Department Employees covered by this Act (see subpart E of this part).

(e) *First-in/first-out processing.* As a general matter, information access requests are processed in the order in which they are received. However, if the request is specific and the search can be narrowed, it may be processed more quickly.

(f) *Cut-off date.* In determining which records are responsive to a request, the Department ordinarily will include only records in its possession as of the date the search for responsive documents is initiated, unless the requester has specified an earlier time frame.

(g) *Records previously withheld or in litigation.* Requests shall not be processed for records that have been reviewed and withheld within the past two years or whose withholding is the subject of litigation.

## §171.6 Archival records.

The Department ordinarily transfers records to the National Archives when they are 25 years old. Accordingly, requests for records 25 years old or older should be addressed to: Archives II, 8601 Adelphi Road, National Archives at College Park, MD 20470–6001.

## Subpart B—Freedom of Information Act Provisions

### §171.10 Purpose and scope.

This subpart contains the rules that the Department follows under the Freedom of Information Act (FOIA), 5 U.S.C. 552. The rules should be read together with the FOIA which provides additional information about access to records and contains the specific exemptions that are applicable to withholding information. Privacy Act records determined to be exempt from disclosure under the Privacy Act are processed as well under the FOIA and are subject to this subpart.

### §171.11 Definitions.

As used in this subpart, the following definitions shall apply:

(a) *Freedom of Information Act* or *FOIA* means the statute codified at 5 U.S.C. 552, as amended.

(b) *Department* means the United States Department of State, including its field offices and Foreign Service posts abroad;

(c) *Agency* means any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the government (including the Executive Office of the President), or any independent regulatory agency;

(d) *Information and Privacy Coordinator* means the Director of the Department's Office of Information Programs and Services (IPS) who is responsible for processing requests for access to information under the FOIA, the Privacy Act, E.O. 12958, and the Ethics in Government Act;

(e) *Record* means all information under the control of the Department, including information created, stored, and retrievable by electronic means, regardless of physical form or characteristics, made in or received by the Department and preserved as evidence of the organization, functions, policies, decisions, procedures, operations or other activities of the Department or because of the informational value of the data contained therein. It includes records of other Government agencies that have been expressly placed under the control of the Department upon termination of those agencies. It does not include personal records created primarily for the personal convenience of an individual and not used to conduct Department business and not integrated into the Department's record keeping system or files. It does not include records that are not already in existence and that would have to be created specifically to meet a request. However, information available in electronic form shall be searched and compiled in response to a request unless such search and compilation would significantly interfere with the operation of the Department's automated information systems.

(f) *Control* means the Department's legal authority over a record, taking into account the ability of the Department to use and dispose of the record as it sees fit, to legally determine the disposition of a record, the intent of the record's creator to retain or relinquish control over the record, the extent to which Department personnel have read or relied upon the record, and the degree

to which the record has been integrated into the Department's record keeping system or files.

(g) *Direct costs* means those costs the Department incurs in searching for, duplicating, and, in the case of commercial requests, reviewing documents in response to a FOIA request. The term does not include overhead expenses.

(h) *Search costs* means those costs the Department incurs in looking for, identifying, and retrieving material, in paper or electronic form, that is responsive to a request, including page-by-page or line-by-line identification of material within documents. The Department shall attempt to ensure that searching for material is done in the most efficient and least expensive manner so as to minimize costs for both the Department and the requester.

(i) *Duplication costs* means those costs the Department incurs in copying a requested record in a form appropriate for release in response to a FOIA request. Such copies may take the form of paper copy, microfiche, audio-visual materials, or machine-readable electronic documentation (e.g., disk or CD-ROM), among others.

(j) *Review costs* means costs the Department incurs in examining a record to determine whether and to what extent the record is responsive to the FOIA request and the extent to which it may be disclosed to the requester. It does not include costs of resolving general legal or policy issues that may be raised by a request.

(k) *Unusual circumstances*. As used herein, but only to the extent reasonably necessary to the proper processing of the particular request, the term "unusual circumstances" means:

(1) The need to search for and collect the requested records from Foreign Service posts or other separate and distinct Department offices;

(2) The need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records that are demanded in a single request; or

(3) The need for consultation with another agency having a substantial interest in the determination of the request or among two or more components of the Department that have a substantial subject matter interest therein. Such consultation shall be conducted with all practicable speed.

(l) *Commercial use request* means a request from or on behalf of one who requests information for a use or purpose that furthers the commercial, trade, or profit interest of the requester or the person on whose behalf the request is made. In determining whether

a requester belongs within this category, the Department will look at the use to which the requester will put the information requested.

(m) *Educational institution* means a preschool, a public or private elementary or secondary school, an institution of undergraduate or graduate higher education, an institution of professional education, or an institution of vocational education, that operates a program or programs of scholarly research.

(n) *Non-commercial scientific institution* means an institution that is not operated on a "commercial" basis, as that term is used in paragraph (l) of this section and that is operated solely for the purpose of conducting scientific research, the results of which are not intended to promote any particular product or industry.

(o) *Representative of the news media* means any person actively gathering news for an entity that is organized and operated to publish or broadcast news to the public. The term news means information that is about current events or that would be of current interest to the public. News media include television or radio stations broadcasting to the public at large and publishers of periodicals (but only in those instances when they can qualify as disseminators of "news") who make their products available for purchase by the general public. Freelance journalists may be regarded as working for a news organization if they can demonstrate, such as by past publication, a likelihood of publication through a representative of the news media, even though not actually employed by it.

(p) *All other* means an individual or organization not covered by a definition in paragraphs (l), (m), (n), or (o) of this section.

## § 171.12  Processing requests.

The Information and Privacy Coordinator is responsible for acting on all initial requests except for requests for records coming under the jurisdiction of the Bureau of Consular Affairs, the Bureau of Diplomatic Security, the Bureau of Human Resources, the Office of Medical Services, and the Office of the Inspector General.

(a) *Third party requests*. Except for requests under the Privacy Act by a parent of a minor or by a legal guardian (§ 171.32(c)), requests for records pertaining to another individual shall be processed under the FOIA and must be accompanied by a written authorization for access by the individual, notarized or made under penalty of perjury, or by

proof that the individual is deceased (e.g., death certificate or obituary).

(b) *Expedited processing*. Requests and appeals shall be taken out of order and given expedited treatment whenever a requester has demonstrated that a "compelling need" for the information exists. A request for expedited processing may be made at the time of the initial request for records or at any later time. The request for expedited processing shall set forth with specificity the facts on which the request is based. A notice of the determination whether to grant expedited processing shall be provided to the requester within 10 days of the date of the receipt of the request. A "compelling need" is deemed to exist where the requester can demonstrate one of the following:

(1) Failure to obtain requested information on an expedited basis could reasonably be expected to: Pose an imminent threat to the life or physical safety of an individual; impair substantial due process rights; or harm substantial humanitarian interests.

(2) The information is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity. News media requesters would normally qualify; however, other persons must demonstrate that their primary activity involves publishing or otherwise disseminating information to the public, not just a particular segment or group.

(i) *Urgently needed*. The information has a particular value that will be lost if not disseminated quickly. Ordinarily this means a breaking news story of general public interest. Information of historical interest only, or information sought for litigation or commercial activities would not qualify, nor would a news media publication or broadcast deadline unrelated to the breaking nature of the story.

(ii) *Actual or alleged Federal Government activity*. The information concerns some actions taken, contemplated, or alleged by or about the government of the United States, or one of its components or agencies, including the Congress.

(c) *Appeal of denial of expedited processing*. Any denial of a request for expedited processing may be appealed in accordance with the appeal procedure set forth in § 171.50.

(d) *Time limits*. The statutory time limit for responding to a FOIA request or to an appeal from a denial of a FOIA request is 20 days. In unusual circumstances, as defined in § 171.11(k), the time limits may be extended by the

E9-R7-9

Information and Privacy Coordinator for not more than 10 days, excepting Saturdays, Sundays, or legal public holidays.

(e) *Multitrack processing.* The Department may use two or more processing tracks by distinguishing between simple and more complex requests based on the amount of work and/or time needed to process the request. The Department may provide requesters in a slower track an opportunity to limit the scope of their request in order to qualify for faster processing.

(f) *Form or format of response.* The Department shall provide requested records in any form or format sought by the requester if the record is readily reproducible in that form or format through reasonable efforts.

§ 171.13   Business information.

(a) Business information obtained by the Department from a submitter will be disclosed under the FOIA only in compliance with this section.

(b) *Definitions.* For purposes of this section:

(1) *Business information* means information obtained by the Department from a submitter that arguably may be exempt from disclosure as privileged or confidential under Exemption 4 of the FOIA.

(2) *Submitter* means any person or entity from which the Department obtains business information. The term includes corporations, partnerships, sole proprietorships; State, local, and tribal governments; and foreign governments.

(c) *Designation of business information.* A submitter of information will use good-faith efforts to designate, by appropriate markings, either at the time of submission or at a reasonable time thereafter, any portions of its submission that it considers exempt from disclosure under Exemption 4. These designations will expire ten years after the date of the submission unless the submitter requests, and provides justification for, a longer designation period.

(d) *Notice to submitters.* The Department shall provide a submitter with prompt written notice of a FOIA request or administrative appeal of a denial of such a request that seeks its information whenever required under paragraph (e) of this section, except as provided in paragraph (f) of this section, in order to give the submitter an opportunity to object to disclosure of any specified portion of that information. The notice shall either describe the information requested or include copies of the requested records

or record portions containing the information.

(e) *When notice is required,* Notice shall be given to a submitter whenever:

(1) The information has been designated in good faith by the submitter as information considered protected from disclosure under Exemption 4; or

(2) The Department has reason to believe that the information may not be protected from disclosure under Exemption 4.

(f) *When notice is not required.* The notice requirements of paragraphs (d) and (e) of this section shall not apply if:

(1) The Department determines that the information should not be disclosed;

(2) The information lawfully has been published or has been officially made available to the public;

(3) *Disclosure of the information is* required by statute (other than the FOIA) or by a regulation issued in accordance with the requirements of Executive Order 12600; or

(4) The designation made by the submitter under paragraph (c) of this section appears obviously frivolous—except that, in such a case, the Department shall, within a reasonable time prior to a specified disclosure date, give the submitter written notice of any final decision to disclose the information.

(g) *Opportunity to object to disclosure.* The Department will allow a submitter a reasonable time to respond to the notice described in paragraph (d) of this section and will specify that time period in the notice. If a submitter has any objection to disclosure, a detailed written statement in support of the objection must be submitted. The statement must specify all grounds for withholding any portion of the information under any exemption of the FOIA and, in the case of Exemption 4, it must show why the information is a trade secret or commercial or financial information that is privileged or confidential. In the event that a submitter fails to respond to the notice within the time specified in it, the submitter will be considered to have no objection to disclosure of the information. Information provided by a submitter under this paragraph may itself be subject to disclosure under the FOIA.

(h) *Notice of intent to disclose.* The Department shall consider a submitter's objections and specific grounds for nondisclosure in deciding whether to disclose business information. Whenever the Department decides to disclose business information over the objection of a submitter, it shall give the

submitter written notice, which shall include:

(1) A statement of the reason why each of the submitter's disclosure objections was not sustained;

(2) A description of the information to be disclosed; and

(3) A specified disclosure date, which shall be a reasonable time subsequent to the notice.

(i) *Notice of lawsuit.* Whenever a requester files a lawsuit seeking to compel the disclosure of information, the Department shall promptly notify the submitter.

(j) *Notice to requester.* Whenever the Department provides a submitter with notice and an opportunity to object to disclosure under paragraph (d) of this section, the Department shall also notify the requester. Whenever the Department notifies a submitter of its intent to disclose requested information under paragraph (h) of this section, the Department shall also notify the requestor. Whenever a submitter files a lawsuit seeking to prevent the disclosure of business information, the Department shall notify the requester.

§ 171.14   Fees to be charged—general.

The Department shall seek to charge fees that recoup the full allowable direct costs it incurs in processing a FOIA request. It shall use the most efficient and least costly methods to comply with requests for documents made under the FOIA. The Department will not charge fees to any requester, including commercial use requesters, if the cost of collecting a fee would be equal to or greater than the fee itself. With the exception of requesters seeking documents for a commercial use, the Department will provide the first two hours of search time and the first 100 pages of duplication without charge. By making a FOIA request, the requester *shall be considered to have agreed to* pay all applicable fees up to $25.00 unless a fee waiver has been granted.

(a) *Searches for responsive records.* If the Department estimates that the search costs will exceed $25.00, the requester shall be so notified. Such notice shall offer the requester the opportunity to confer with Department personnel with the object of reformulating the request to meet the requestor's needs at a lower cost. The request shall not be processed further unless the requester agrees to pay the estimated fees.

(1) *Manual searches.* The Department will charge at the salary rate (i.e., basic pay plus 16 percent of basic pay) of the employee making the search.

(2) *Computer searches.* The Department will charge at the actual direct cost of providing the service. This

E9-R27-9

will include the cost of operating the central processing unit (CPU) for that portion of operating time that is directly attributable to searching for records responsive to a FOIA request and operator/programmer salary attributable to the search.

(b) *Review of records.* Only requesters who are seeking documents for commercial use may be charged for time spent reviewing records to determine whether they are releasable. Charges may be assessed for the initial review only; *i.e.,* the review undertaken the first time the Department analyzes the applicability of a specific exemption to a particular record or portion of a record.

(c) *Duplication of records.* Records shall be duplicated at a rate of $.15 per page. For copies prepared by computer, such as tapes or printouts, the Department shall charge the actual cost, including operator time, of production of the tape or printout. For other methods of reproduction or duplication, the Department shall charge the actual direct costs of producing the document. If the Department estimates that the duplication costs will exceed $25.00, the requester shall be so informed. The request shall not be processed further unless the requester agrees to pay the estimated fees.

(d) *Other charges.* The Department shall recover the full costs of providing services such as those enumerated below:

(1) Certifying that records are true copies (*see* part 22 of this chapter);

(2) Sending records by special methods such as express mail, overnight courier, *etc.*

(f) Payment shall be in the form either of a personal check or bank draft drawn on a bank in the United States, or a postal money order. Remittances shall be made payable to the order of the Treasury of the United States and mailed to the Information and Privacy Coordinator.

(g) A receipt for fees paid will be given upon request. Refund of fees paid for services actually rendered will not be made.

§ 171.15  Fees to be charged—categories of requesters.

Under the FOIA, there are four categories of requesters: Commercial use requesters, educational and non-commercial scientific institutions, representatives of the news media, and all other requesters. The fees for each of these categories are:

(a) *Commercial use requesters.* When the Department receives a request for documents for commercial use as defined in § 171.11(l), it will assess charges that recover the full direct costs of searching for, reviewing for release, and duplicating the record sought. Commercial use requesters are not entitled to two hours of free search time or 100 free pages of reproduction of documents. The Department may recover the cost of searching for and reviewing records even if there is ultimately no disclosure of records (*see* § 171.16(b)).

(b) *Educational and non-commercial scientific institution requesters.* The Department shall provide documents to requesters in this category for the cost of reproduction alone, excluding charges for the first 100 pages. To be eligible for inclusion in this category, a requester must show that the request is being made as authorized by and under the auspices of a qualifying institution, as defined in § 171.11(m) and (n), and that the records are not sought for a commercial use, but are sought in furtherance of scholarly (if the request is from an educational institution) or scientific (if the request is from a non-commercial scientific institution) research.

(c) *Representatives of the news media.* The Department shall provide documents to requesters in this category for the cost of reproduction alone, excluding charges for the first 100 pages. To be eligible for inclusion in this category, a requester must meet the criteria in § 171.11(o), and the request must not be made for a commercial use. A request for records supporting the news dissemination function of the requester shall not be considered to be a commercial use request.

(d) *All other requesters.* The Department shall charge requesters who do not fit into any of the categories above fees that recover the full reasonable direct cost of searching for and reproducing records that are responsive to the request, except that the first 100 pages of reproduction and the first two hours of search time shall be furnished without charge.

§ 171.16  Miscellaneous fee provisions.

(a) *Charging interest.* The Department shall begin assessing interest charges on an unpaid bill starting on the 31st day following the day on which the bill was sent. The fact that the fee has been received by the Department within the thirty-day grace period, even if not processed, shall stay the accrual of interest. Interest will be at the rate prescribed in 31 U.S.C. 3717 and shall accrue from the date of the billing.

(b) *Charges for unsuccessful search or if records are withheld.* The Department may assess charges for time spent searching, even if it fails to locate the records or if the records located are determined not to be exempt from disclosure.

(c) *Advance payment.* The Department may not require a requester to make an advance payment, *i.e.,* payment before work is commenced or continued on a request, unless:

(1) It estimates or determines that allowable charges that a requester may be required to pay are likely to exceed $250. In such a case, the Department shall notify the requester of the likely cost and obtain satisfactory assurance of full payment where the requester has a history of prompt payment of FOIA fees, or shall require an advance payment of an amount up to the full estimated charges in the case of requesters with no history of payment; or

(2) A requester has previously failed to pay within 30 days of the date of the billing a fee charged. In such a case, the Department shall require the requester to pay the full amount previously owed plus any applicable interest and to make an advance payment of the full amount of the estimated fee before the Department begins to process a new or pending request. When the Department acts under paragraph (c)(1) or (2) of this section, the administrative time limits prescribed in the FOIA, 5 U.S.C. 552(a)(6) (*i.e.,* 20 working days from receipt of initial requests and 20 working days from receipt of appeals from initial denial, plus permissible extensions of these time limits), will begin only after the Department has received fee payments described in paragraphs (c)(1) and (2) of this section.

(d) *Aggregating requests.* When the Department reasonably believes that a requester, or a group of requesters acting in concert, has submitted multiple requests involving related matters solely to avoid payment of fees, the Department may aggregate those requests for purposes of assessing processing fees.

(e) *Effect of the Debt Collection Act of 1982 (Pub. L. 97–365).* The Department shall comply with provisions of the Debt Collection Act, including disclosure to consumer reporting agencies and use of collection agencies, where appropriate, to effect repayment.

§ 171.17  Waiver or reduction of fees.

(a) Fees otherwise chargeable in connection with a request for disclosure

E8-R7-10

of a record shall be waived or reduced where it is determined that disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the Government and is not primarily in the commercial interest of the requester.

(1) In order to determine whether disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, the Department will consider the following four factors:

(i) The subject of the request; *i.e.,* whether the subject of the requested records concerns the operations or activities of the government;

(ii) The informative value of the information to be disclosed. *i.e.,* whether the disclosure is likely to contribute to an understanding of government operations or activities;

(iii) The contribution to an understanding of the subject by the general public likely to result from disclosure, *i.e.,* whether disclosure of the requested information will contribute to public understanding, including whether the requester has *expertise in the subject area as well as* the intention and ability to disseminate *the information to the public;* and

(iv) The significance of the *contribution* to public *understanding. i.e.,* whether the disclosure is likely to contribute significantly to public understanding of government operation or activities.

(2) In order to determine whether disclosure of the information is not primarily in the commercial interest of the requester, the Department will consider the following two factors:

(i) The existence and magnitude of a commercial interest. *i.e.,* whether the requester has a commercial interest that would be furthered by the requested disclosure; and. if so.

(ii) The primary interest in disclosure *i.e.,* whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure. that disclosure is primarily *in the commercial interest of the* requester.

(b) The *Department may refuse to* consider waiver or reduction of fees for *requesters (persons or organizations)* from whom unpaid fees remain owed to the Department for another information access request

(c) Where only some of the records to be released satisfy the requirements for a waiver or reduction of fees, a waiver

or reduction shall be granted for only those records.

(d) The Department's decision to refuse to waive or reduce fees may be appealed in accordance with § 171.51



**United States Department of State**

*Washington, D.C. 20520*

April 25, 2005
Case Number: 200501178

Mr. John E. Tiffany
55 Washington Street
P.O. Box 190
Bloomfield, NJ 07003

Dear Mr. Tiffany:

We write to respond to your letter of March 15, 2005, which forwarded correspondence related to FOIA requests from Jack Idema, Ed Caraballo, and Brent Bennett.

This office has no record of receipt of any prior FOIA requests from Messrs. Idema, Caraballo, and/or Bennett. (We note that this office is the proper addressee for virtually all FOIA requests to the Department of State. See, e.g., "How to make a FOIA Request" at http://foia.state.gov and 22 C.F.R. 171.5. The FOIA requires compliance with the Department's "published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. sec. 552(a)(3)(A).) Accordingly, it is premature to process the appeal letter you forwarded dated January 21, 2005.

However, we will treat the two letters dated October 31, 2004 and January 31, 2004 (sic?) that you forwarded as a new FOIA request from you. As explained below, before we can proceed with the processing of this request, we require additional information and clarification and valid authorizations.

**Fees:** The FOIA requires agencies to assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted (see the "fee" sections marked on the enclosure).

*Office of Information Programs and Services*
*U.S. Department of State  SA-2*
*Washington, DC 20522-8100*
   *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8314*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

E8-R8-1

-2-

Based upon the information provided, your request for a fee waiver has been denied. If you wish to appeal this decision, you may write to the Chief, Requester Liaison Division, at the address given on the bottom of this page. Your appeal should address the points listed in the enclosed sheet entitled "Requests for Fee Waivers." Your appeal must be sent to us within 30 days from the date that you receive this letter.

Based upon the information that you have provided, we have placed you in the "Other" requester category. This category requires us to assess search time after 2 hours/duplication costs after the first 100 pages.

Please let us know whether the maximum fees you are willing to pay is $100 (as stated in the requests), $250 (as stated in the appeal letter), or some other amount. Because some of your requests are quite broad, it is possible that fees will exceed $100 or $250. If, after we complete our searches, it appears that fees might exceed whatever amount you ultimately designate, we will notify you before proceeding further.

**Written Authorizations:** The request seeks private information about individuals. In general, under the provisions of the FOIA and Privacy Act, this type of information cannot be given to unauthorized third parties absent the individuals' written consent. In this case, we need written authorizations from all three individuals covered by the requests (Messrs. Caraballo, Idema, and Bennett).

The State Department requires that written consent be in the form of a <u>signed notarized</u> statement from the individual(s), authorizing the Department of State to release information to the other party. The statement should bear the **original signature of the individual and original seal of the notary**, and be dated within six months of the date of the request.

---

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8314*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

-3-

In lieu of notarization, the individual may make the following statement: "I declare, certify, verify or state that, under penalty of perjury under the laws of the United States of America, the foregoing is true and correct." Such a statement must be forwarded to us **with an original signature** (faxed photocopies cannot be accepted.)

For living individuals, please provide written consent (see paragraph above), or advise us that you are unable to provide such an authorization. Requests can be processed without consent, but release of records may be severely limited to protect the privacy of the subject individuals.

The authorization, and your request for information from the State Department, **should <u>not</u> be submitted on a Department of Justice or Homeland Security form (G-639 and/or G-28), or a form from any other agency,** but rather on your letterhead or plain bond.

<u>**Separation of requests involving Privacy Act material:**</u> The request asks for "All US Consul files and records relating to" Messrs. Idema, Caraballo, and/or Bennett. (10/31/04 letter at no. 7; 1/31/04 (sic?) letter at no. 5.) To facilitate processing, we request that you separate these items (and any others which might include personal data on the three individuals) from the rest of your requests. We also ask that you file a separate request for personal data for each individual, so that each authorization (as described above) could be associated with its own request.

<u>**Clarification of Certain Requests:**</u> We also request additional clarification with respect to certain parts of the request. The following comments correspond to the numbered paragraphs in the two request letters.

<u>October 31, 2004 Letter</u>

1.      We interpret this request to cover documents regarding the

---

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
   *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8314*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

E8-R8-3

-4-

Northern Alliance and/or the Islamic State of Afghanistan, signed both by Dr. Abdullah Abdullah and by a U.S. Government representative, and dated between September 16, 2001 and November 16, 2001. Is this correct?

2.     Please provide a time frame.

3.     Please provide a time frame.

4.     What is a "force protection memorandum?"

5.     Please be more precise with respect to your definition of "any other Afghan officials…" by narrowing the categories or types of officials that would be covered by this request.

6.     What is "NDS (Amniat)?"

7.     Please provide a time frame. Also, please see the information above about separating this part of your request.

8.     The Geneva Convention of 1949 is publicly available on many websites (e.g. www.unhcr.ch/).

### January 31, 2004 (sic?) Letter

1.     Because this request is virtually identical to no. 6 above, we propose combining the two. Please let us know if you agree.

2.     Please confirm that this request covers two different subjects: (a) travel of Prosecutor Fatah and (b) all documents relating to Prosecutor Fatah's past links to the Taliban and to al-Qaida officials or members. Also, please provide a time frame.

---

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8314*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

-5-

5.    See no. 7 above.

6.    See no. 8 above.

Your request has been closed in our system pending receipt of the materials described in this letter. If you wish to pursue this request, please send us the authorizations and the additional information and clarification described herein.

For further communications, please note our contact information at the bottom of this page. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Robert W. DuBose (by RCD)
Requester Communications Branch

Enclosures: As stated.

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8314*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

E8-R8-5