# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

J.K. IDEMA, EDWARD CARABALLO, and  )
BRENT BENNETT,                     )
                Plaintiffs,       )
      v.                           )
                                 )    No. 05 CV 01334 (EGS)

UNITED STATES DEPARTMENT OF STATE,  )
UNITED STATES DEPARTMENT OF JUSTICE, )
FEDERAL BUREAU OF INVESTIGATION,    )    Assigned Judge:
UNITED STATES MARSHALS SERVICE,     )    Hon. Emmet G. Sullivan
DEPARTMENT OF DEFENSE, and          )
DEFENSE INTELLIGENCE AGENCY,        )
                Defendants.       )
_____)

## COUNSEL JOHN EDWARDS TIFFANY'S
## MOTION AND CERTIFICATION UNDER LOCAL CIVIL RULE 83.2 (g)
## FOR ADMISSION OR PRO HAC VICE WITH APPOINTED COUNSEL

    This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Counsel filed this case in the Southern District of New York in June 2005. The case at bar was transferred from the SDNY to the District of Columbia *sua sponte* under 28 U.S.C. Sec 1406(a). Since that time counsel for the government has treated opposing counsel as counsel of record for Idema.

    Pursuant to Local Civil Rule 83.2 (g) counsel files this Motion and Certification and hereby requests this Honorable Court admit the undersigned counsel *pro hac vice* or to the Bar of this Court for the purposes of representing plaintiff J. K. Idema.

    In support of that request, counsel shows unto this Honorable Court the following:

1.     The DCDC has always been on the forefront of the defense of those that cannot defend themselves. The DCDC *Pro Bono* panel is one of the most, if not the most effective and progressive *pro bono* panels in the nation. Because of this the District Court of the District of Columbia has a fairly unique rule. Rule 82.3.(g) of the Local Civil Rules for the District of Columbia states:

> **(g) ATTORNEYS REPRESENTING INDIGENTS.**
> Notwithstanding (c) and (d) above, an attorney who is a member in good standing of the District of Columbia Bar or who is a member in good standing of the bar of any United States Court or of the highest court of any State may appear, file papers and practice in any case handled without a fee on behalf of indigents upon filing a certificate that the attorney is providing representation without compensation.

2.     Counsel in the instant case is and has been acting in a *pro bono* capacity since its filing and therefore meets the initial requirements for admission to the Court *pro hac vice* for the case at bar or for admission to the bar.

3.     Plaintiff Jack Idema is incarcerated in the Islamic Republic of Afghanistan, as more fully explained below. Idema is, for all intensive purposes, indigent. Since Idema's illegal incarceration in July 2004 and illegal conviction by a Taliban judge in September 2004 Idema has basically lost everything he owns, or had it taken from him. I have now represented him *pro bono* for more than one year.

4.     I am admitted to practice in the federal courts of the Southern District of New York, the Eastern District of New York, and the District of New Jersey, with *pro hac vice* admissions to the Northern District of New York, the Middle District of Pennsylvania, and the Eastern District of Pennsylvania.

5.     I have had considerable difficulty[1] finding an attorney admitted to the DC Bar who met the one year relationship requirement (LCvR 83.8 (c)) and therefore I have not yet filed for admission under LCvR 83.8, although I am attempting to resolve that hurdle in the near future. For the purposes of filing Plaintiff's Status Report and attending the status conference I have already respectfully requested this Court allow my appearance as counsel for Idema under LCvR 83.2 (d)).

6.     This is an important case—and personally important to me. It involves plaintiff's right to access federal records which may ultimately free him[2] from what is one of the world's most infamous and dangerous prisons.[3] Not only were they tortured viciously and repeatedly; these plaintiffs have been subjected to repeated violations of their Constitutional Rights by the United States government.

---

[1] The primary purpose of 28 U.S.C. § 1404(a) (which was used to transfer this case to the District of Columbia) is to prevent injustice to a party forced to litigate in an inconvenient forum. 28 U.S.C. § 1404(a) states that transfer may be made "[f]or the convenience of the parties and witnesses, in the interest of justice"). It would be "unjust," and therefore a "compelling circumstance," if, for example, the "balance of convenience" under 28 U.S.C. § 1404(a) showed an extraordinary burden was placed upon the plaintiff as the result of a court transferring a case outside the plaintiffs' forum of choice, without defendants even bringing a motion. Because government attorneys are allowed to litigate virtually anywhere in the US, placing a burden on Idema and *pro bono* counsel to either find and retain local counsel for *pro hac vice* admission, or to lose admittance for an inability to find sponsoring counsel, would be a grave injustice. However, plaintiff has no objection to local counsel being appointed from the *pro bono* program. LCvR 83.11 (Civil Pro Bono Panel– (b)(3) appointments to civil cases).
[2] By reference, all plaintiffs who are illegally incarcerated in Afghanistan are included.
[3] More than 20,000 people have died or been executed at Pulacharke Prison over the last 20 years. Pulacharke now houses more then 1000 al-Qaida and Taliban terrorists.

3

7. The seriousness of this case cannot be understated. The plaintiffs in this case, primarily Idema, have been targeted for death on eleven (11) separate occasions.[4] Jack Idema has a $250,000.00 reward placed on him by Osama bin Laden and Gulbideen Hekmatyar, both most wanted terrorists. As of today, seven Afghan officers have been killed defending Idema against terrorist acts. Fourteen others have been wounded, five have been seriously wounded. A December 17, 2004 attack by Iraqi, Pakistani, and Arab terrorists resulted in two Colonels, and two officers killed within feet of plaintiffs, and three officers wounded during a 10 hour stand-off during which Idema, Bennett, and Banderas,[5] held off 300 al-Qaida and Taliban terrorists with barricades and makeshift weapons. There is a real and present possibility that these plaintiffs, and specifically my client, may not live long enough to benefit from any distant resolution of this case, and therefore it is imperative that they have counsel, and that Mr. Idema's counsel be familiar with this case.

8. There is also a related *habeas corpus* case[6] pending in this Court (*Idema, et al, v. Khalilzad, et al*, Case #1:05-cv-02947 SDNY- transferred to DCDC). Mr. Idema's co-plaintiffs filed Motions for Appointment of counsel in June 2005. This

---

[4] There have been seven actual attempts, and four assassination plots foiled by the United Front Military Forces (Northern Alliance) and Ministry of Justice Northern Alliance officials prior to execution of four of the actual plans by terrorists.

[5] Lieutenant Wahid Rasuli Banderas is an Afghan CIA officer and Lieutenant in the Afghan Ministry of Defence who has remained with plaintiffs since he was found innocent of all charges in a trial *de novo* by an Afghan Court in December 2004.

[6] The undersigned counsel for Idema in this case, is also counsel for Idema in that case.

FOIA case has collateral consequences in that unassigned case because it is relevant to evidence of rendition[7] and other wrongful acts by several of these defendants.

9. Counsel is proceeding completely *pro bono* in this case because I believe in this cause. I believe these men are innocent and have been wrongfully accused and imprisoned. In August and September 2004 I traveled to Afghanistan, and represented Mr. Idema in his first trial before the Afghan NDS Security Court, where a Taliban Judge violated every conceivable rule of American law, International law,[8] and most importantly, Afghan Law. Since that time I have dedicated more than two thousand hours in defense of this man. A situation like this is exactly why LCvR 82.3(g) was written—to allow an attorney committed to a cause, to a client, and to a belief in justice, and be permitted to donate his time and defend a wrongfully imprisoned[9] man unobstructed and in the spirit of the DCDC's *pro bono* program.

---

[7] "Rendition" (CIA terminology), also known as "rendering" (FBI terminology), is a technique used by the U.S. government in cases involving suspected terrorists in which U.S. officials or agents of the United States remove a subject from, or place a subject in, the custody of a foreign government for the purpose of avoiding *due process* and circumventing the United States Constitution and associated protections for U.S. citizens and foreign nationals by removing or holding the subject outside the territories of the U.S. to avoid jurisdiction by U.S. federal courts. At this point in time, only the US government is objecting plaintiffs' release.

[8] The New York Association of Criminal Defense Lawyers passed a RESOLUTION on December 4, 2004, calling for a Congressional investigation into plaintiffs' arrest, and a demand that Congress take steps to ensure a fair trial, or that they be released.

[9] All plaintiffs were declared innocent after a trial *de novo* at the Appeal Court level in March 2005, by five Appeals Court and Supreme Court judges, but not released.

10.     Counsel respectfully requests this Honorable Court admit him for the purposes of representation of an American incarcerated[10] overseas under Local Civil Rule 83.2(g)[11] which allows a member in good standing of the bar of any United States Court to appear, file papers and practice in any case handled without a fee on behalf of indigents upon filing a certificate that the attorney is providing representation without compensation. By and through this motion Counsel here by makes that Certification.

11.     Counsel also certifies that he has a personal familiarity with the local rules, and will be following those rules in all matters before this Court as set forth in LCvR 83.2(j) (Certification by Non-Members of the Bar of This Court).

---

[10] Because this case was transferred from the SDNY where counsel practices, he respectfully requests that this Honorable Court "be mindful of the potential for forum-shopping by the defendant that this transfer statute may present, and will remember that the statute **was not intended to change the balance of power between the parties,** but was intended as a federal judicial housekeeping measure. *Id.*" (Emphasis added) *Van Dusen v. Barrack*, 376 U.S. 612, 613 (1964). In a Rule 60 Motion filed in the SDNY in this case in on or about June 30, 2005, counsel stated "**first,** counsel is doing this case *pro bono*; **second,** counsel has neither the office resources or financial resources to litigate this matter in Washington; **third,** counsel is a sole practitioner, as compared to defendants who have thousands of attorneys throughout the country, and therefore, to require counsel to travel to Washington, DC, even if admitted to that court, would impose a hardship on his practice, and an insurmountable hardship on both counsel's and plaintiffs' limited financial resources." [All emphasis in original].

[11] Comment to LCvR 83.2(g): *"The provision under LCvR 83.10 [w]as [ ] deleted to avoid any confusion between this rule and the deleted rule, and to make clear that attorneys can represent parties pro bono."*

**WHEREFORE,** Counsel John Edwards Tiffany prays that this Honorable Court will admit him to practice before this Court under LCvR 83.2(g) for the purposes representing plaintiff J. K. Idema, or other further relief as the Court may deem just and proper.

I do hereby certify under penalty of perjury under the laws of the United States of America (17 U.S.C. §1746) that the foregoing is true and correct. This 29th day of September 2005.

        Respectfully submitted,

        John Edwards Tiffany
        (JT7322 – SDNY)[12]
        PO Box 190, 55 Washington Street
        Bloomfield, NJ  07003
        Ph:  973/566-9300
        Fax: 973/566-0007
        *Counsel for Plaintiff Idema*

---

[12] SDNY Bar Number.

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing LCvR 83.2(g) Motion for Admittance was served on all parties by depositing a copy of same in the United States mail, first class, postage paid, on September 30, 2005, for service, addressed as follows:

PETER D. KEISLER, Assistant Attorney General
KENNETH L. WAINSTEIN, United States Attorney
ELIZABETH J. SHAPIRO, Assistant Branch Director
ORI LEV, DC # 452565, Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Washington, DC 20044
20 Massachusetts Ave., NW, Rm 7330,
Washington, DC  20001

| | |
|---|---|
| Edward Caraballo<br>*Co-plaintiff*<br>c/o US Consul<br>US Embassy Afghanistan<br>6180 Kabul Place<br>Dulles, VA  20189-6180 | Brent Bennett<br>*Co-plaintiff*<br>c/o US Consul<br>US Embassy Afghanistan<br>6180 Kabul Place<br>Dulles, VA  20189-6180 |

This 30th Day of September 2005.

John Edwards Tiffany

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                    )
J.K. IDEMA, et al.,                 )
          Plaintiffs,    )
   v.                              )
                                    )   No. 05 CV 01334 (EGS)
UNITED STATES DEPARTMENT OF STATE,  )
et al.,                             )
          Defendants.    )
_____ )


## [PROPOSED] ORDER

Upon consideration of the Motion submitted by counsel for plaintiff Idema who is acting in a *pro bono* capacity and the Court's finding that Mr. John Edwards Tiffany meets the requirements for admission to the Court *pro hac vice* for the case at bar, it is hereby ORDERED that John Edwards Tiffany shall hereby be admitted as counsel of record for J. K. Idema in accordance with Local Civil Rule 83.2(g) for the purposes of representing Mr. Idema in this case.

**SO ORDERED.**

                                                _____
                                                EMMET G. SULLIVAN
                                                United States District Judge