```
             UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLUMBIA


J.K. IDEMA, et al.,           .
                              .  Docket No. CA-05-1334
         Plaintiffs,          .
                              .
         vs.                  .
                              .
UNITED STATES DEPARTMENT OF   .
STATE, et al.,                .
                              .  Washington, D.C.
         Defendants.          .  Friday, September 30, 2005
                              .  10:35 a.m.
. . . . . . . . . . . . . . . .

                    TRANSCRIPT OF A HEARING
           BEFORE THE HONORABLE EMMET G. SULLIVAN
                UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Plaintiffs:      JOHN EDWARDS TIFFANY, Esquire
                         55 Washington Street
                         Bloomfield, NJ 07003

For the Defendants:      ORI LEV, Esquire
                         UNITED STATES DEPARTMENT OF JUSTICE
                         20 Massachusetts Avenue, No. 883
                         Washington, DC 20044

Court Reporter:          Elaine A. Merchant, RPR, CRR
                         Official Court Reporter
                         333 Constitution Avenue, NW
                         Room 6822
                         Washington, DC 20001
                         (202)289-1571
```

Proceedings recorded by machine shorthand, transcript produced by computer-aided transcription.

1  a full case.

2  And at lunchtime on September 15 the U.S. Consul
3  Russell Brown called me while I was having lunch at the Mustafa
4  Hotel, Mr. Tiffany, I'm so sorry, the translation today was
5  deplorable in the morning, he wasn't translating. Because we
6  had a translater that was telling the judge don't listen to
7  this evidence. And the U.S. Consul and Judge, when the
8  decision was handed down, it was prewritten.

9  And when Steven Buchet, the spokesman of the State
10 Department, said this trial conformed to Afghan standards, I
11 felt like saying, I don't fault the spokesperson, but why don't
12 you talk to Russell Brown who was apologizing profusely at
13 lunchtime to me for the inadequacy of the translation. They
14 cut us off. They didn't want to hear evidence.

15 THE COURT: Should I continue this case so that we
16 can first iron out the issue of representation for the
17 remaining two co-plaintiffs?

18 But that causes me some concern, putting in place a
19 scheduling order today that's going to impact them and their
20 rights. And we don't know just who is going to represent their
21 interests in this case.

22 MR. TIFFANY: Here's my concern, Judge. I recognize
23 the Court's dilemma. We have waited a long time to actually
24 get into a court --

25 THE COURT: You could have filed at any time, though.

1    MR. TIFFANY: No, I understand that.

2    The problem is that although I can speak to them,
3    it's not as easy as it sounds. Although I could probably set
4    up a conference call and my client could participate and Mr.
5    Bennett could participate, and I'm sure Eddie would
6    participate. The problem with continuing it for any period of
7    time is I don't want it to kind of continue to a long period of
8    time and we lose it.

9    THE COURT: If I put in place a briefing schedule
10   that impacts them and they don't file anything pursuant to the
11   briefing schedule, then that raises all sorts of other issues
12   that really could prejudice their rights.

13   MR. TIFFANY: I understand that, Judge.

14   THE COURT: So how do we minimize the prejudice?

15   MR. TIFFANY: You know, Judge, I know -- I spoke with
16   Mr. Bennett, I don't represent Mr. Bennett, but I've spoken to
17   him. He wishes to proceed forward. There is a lot of issues,
18   obviously, which you're raising. It's like a catch-22 because
19   I want to make sure that the Court protects the interests of
20   the other two plaintiffs. And at the same time we want to get
21   there because we submit that what's unique about this case,
22   Judge, is this case addresses a request for information that
23   was taken from these three individuals. And I know that for a
24   fact.

25   THE COURT: Essentially, this is a FOIA action,

1       I thank the Court for your attention to who it is Mr.
2  Tiffany represents.  I'm not sure what the conflict would be
3  with him representing all three plaintiffs, though.  I
4  certainly am not asking that he do so, but we've been put --
5  I've been put in an uncomfortable position where on the one
6  hand the complaint and Mr. Tiffany have said he only represents
7  Mr. Idema.  Mr. Bennett has sent me, as I mentioned, two
8  threatening letters saying he's proceeding pro se and I can't
9  serve Mr. Tiffany on his behalf and he's going to do all these
10 things to me.  And then when we're doing the joint status
11 report, Mr. Tiffany is suddenly purporting to represent all the
12 plaintiffs.  I'm happy either way, as long as it's clear to
13 everybody who he does and does not represent.
14         THE COURT:  I totally agree with you.
15         How do I handle this, Mr. Tiffany?  I need to resolve
16 this issue, and I don't want to spend much more time this
17 morning, or at all, on this issue of counsel.  So how do we
18 resolve it?
19         My inclination is continue the case for 30 days and
20 have plaintiffs inform me with a document that they signed that
21 they represent themselves.  That's fine.  They certainly have
22 the right to do so.  Or some attorney enters his or her
23 appearance.  We don't have any attorneys to appoint for them, I
24 can tell you that.
25         MR. TIFFANY:  Judge, if the Court is inclined to do

1   that, I would ask for a shorter period of time, because I think
2   I can resolve the issue of representation rather quickly. And
3   I think that dispenses that issue. So I would -- if the Court
4   is inclined to put it out 30 days, I would ask for a shorter
5   period of time. I probably could resolve that issue within the
6   week.
7           THE COURT: Why hasn't it been resolved up to this
8   point? I can be very cavalier and put in place a briefing
9   schedule. And if they don't respond and file cross motions,
10  I'll dismiss the case with prejudice. And I don't think that's
11  consistent with the fair administration of justice. And I
12  don't want to do that. I want to give you a chance to find out
13  how they wish to proceed. But I'm hearing from government
14  counsel that you say you're representing all three and Bennett
15  is saying he's representing himself.
16          MR. TIFFANY: Judge, I've never represented that.
17  What I've indicated in the papers that have been placed before
18  the Court is to preserve my client's rights I will make
19  arguments. I've been very careful about that. And I don't
20  want this to evolve into --
21          THE COURT: I'll tell you what I'm going to do. I'll
22  continue the case for 30 days to a date certain. I need
23  something in writing from the remaining co-plaintiffs in this
24  case as to how they want to proceed. If they want to proceed
25  pro se, that's fine. I certainly can appreciate why they

1   aren't here today. But I need some guidance from them.
2   Because I am going to put in place a briefing schedule. This
3   is a FOIA case, there's no need for any discovery.
4       It seems to me the parties can file a cross motion
5   for summary judgment. There are genuine issues and they can be
6   litigated before the Court. If you can do it shorter than 30
7   days, that's fine. I'll continue the case for two weeks.
8       What's your pleasure? They're in Afghanistan, you're
9   here.
10      MR. TIFFANY: I understand.
11      THE COURT: If you weren't there, would you have
12  access to that?
13      MR. TIFFANY: Yes.
14      THE COURT: I'm not suggesting that you incur the
15  expense of that, so I want guidance from you. What makes more
16  sense?
17      MR. TIFFANY: Judge, I would like a more abbreviated
18  period of time.
19      THE COURT: Two weeks?
20      MR. TIFFANY: Two weeks. And if I am able to produce
21  information to the Court that the issue is resolved before
22  then --
23      THE COURT: I just need something in writing. If you
24  plan to represent -- I don't know what the conflict would be
25  either. If each plaintiff was just seeking information, I

1   don't know what the conflict would be.  I'm not going to try to
2   resolve that.  That's for you to resolve.
3          MR. TIFFANY:  I know.
4          THE COURT:  Why don't I continue the case for two
5   weeks then.  Today is the 30th.  I'll continue the case,
6   actually, until the 11th of October.
7          Is that a bad date?
8          MR. TIFFANY:  No.
9          THE COURT:  That's a day after Columbus Day.
10  Actually, I have a naturalization ceremony that day in the
11  morning.  That's going to take up my morning.  Let's make it
12  the 13th.  That's still within two weeks, the 13th.  That's Yom
13  Kippur.  I don't want to interfere with anyone's observation of
14  any religious holiday.
15         MR. TIFFANY:  That's a bad date for me, Judge.
16         THE COURT:  It is a bad date?  All right.  I'm not
17  going to interfere with that.
18         The 14th?
19         MR. TIFFANY:  Yes.
20         THE COURT:  That's two weeks from today.  Actually,
21  it is two weeks from today.  The 14th at, let's say 11:30.  And
22  then we'll go from there.
23         It seems to me, though, that once we resolve the
24  issue of how they're going to proceed, it seems to me I should
25  give the government the opportunity to, if a good faith basis

```
1    transfer clerk and he said the entire file was sent down to
2    D.C.
3            THE CLERK:  Then they would have proof showing that
4    we received it.
5            THE COURT:  Well, good luck, counsel.  I don't know
6    what else to say.
7            MR. TIFFANY:  It's been a long struggle.  I'll
8    reconcile that issue fairly quickly.
9            THE COURT:  It's a shame he's got to waste more hours
10   on this.  It's clear the New York court transferred it, it's
11   clear.  So what happened?  They didn't mail it?
12           THE CLERK:  I can't speak for that court.
13           THE COURT:  Let's get someone else involved.  We'll
14   try to help you on this.  Give Carol a call.  She should give
15   you a call next week or so.
16           THE CLERK:  Yes, I'll follow up on it.
17           THE COURT:  She'll follow up on it.  We'll try to
18   help you out.
19           What else do you need, Carol, before counsel leaves?
20           THE CLERK:  This is it.
21           THE COURT:  All right.
22           You got enough on your plate.  We'll try to resolve
23   this.  At least find the missing jacket.  Have a nice day,
24   everyone.
25           Why don't you sit down to talk for a few minutes to
```

```
 1  see what issues you can resolve.  You may well be convinced by
 2  Mr. Lev's argument that you haven't satisfied the
 3  administrative hurdles for certain claims.  I'm just making
 4  that suggestion.
 5          MR. TIFFANY:  Judge, it's not because I haven't
 6  wanted to.  It's because as a solo and running all over the
 7  place, when Mr. Lev had called me about the meet and confer, I
 8  said fine, whatever.
 9          THE COURT:  Well, everyone is here now, it's early in
10  the morning.  Why don't you go to the cafeteria and get some
11  coffee.  Maybe you can settle some of the claims here.  I don't
12  know if that's a possibility.  But at least you're here and he
13  has a willingness to talk to you.
14          Everyone have a wonderful weekend.
15          (The hearing concluded at 11:10 a.m.)
16
17
18
19
20
21
22
23
24
25
```