**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | | |
|---|---|---|
| J.K. IDEMA, <u>et al.</u>, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 05 CV 01334 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF STATE, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |

---

**EXHIBIT B**
**DECLARATION OF MARGARET P. GRAFELD**
**(STATE DEPARTMENT)**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.K. Idema, Edward Caraballo, and Brent Bennett,<br><br>Plaintiffs,<br><br>v.<br><br>Department of State, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-CV-1334<br>)<br>)<br>)<br>)<br>) |

DECLARATION OF MARGARET P. GRAFELD

I, Margaret P. Grafeld, declare and state as follows:

1. I am the U.S. Department of State's Information and
Privacy Coordinator and the Director of the Department's Office
of Information Programs and Services (IPS). In these
capacities, I am the Department official immediately responsible
for responding to requests for records under the Freedom of
Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act (PA), 5
U.S.C. § 552a, and other applicable records access provisions.
I have been in the employ of the Department of State since 1974,
and have served with the Department's Information Access Program
for most of my tenure with the Department.  I am authorized to
classify and declassify national security information pursuant
to Executive Order (E.O.) 12958, as amended, and Department of

State regulations set forth in 22 CFR §§ 9.7, 9.14. I make the
following statements based upon my personal knowledge, which in
turn is based on a personal review of the records in the case
file established for the processing of the subject request, and
upon information furnished to me in the course of my official
duties. I have read the complaint filed by the plaintiffs in
the above-captioned matter, and I am familiar with the efforts
of Department personnel to process the subject request.

2.   The core responsibilities of IPS include: records
access requests made by the need-to-know community, the public
(under the FOIA, Privacy Act, the mandatory classification
review requirements of E.O. 12958, as amended, or the Ethics in
Government Act), members of Congress, other government agencies,
and those that have been made pursuant to judicial processes,
such as subpoenas, court orders, and discovery requests; records
management; privacy protection; national security classification
management and declassification review; corporate records
archives management; research; the Department's Library; and the
technology that supports these activities.

3.   The purpose of this declaration is three-fold: first, to
provide a general overview of the initial processing of FOIA and
Privacy Act requests to the Department; second, to describe the
status of the Department's processing of plaintiffs' FOIA

requests; and third, to describe the receipt and treatment of post-litigation materials originating from Embassy Kabul.

**INITIAL PROCESSING OF REQUESTS RECEIVED IN THE DEPARTMENT**

4.    Under the FOIA, requests for access to information must reasonably describe the records sought and must be made in accordance with the agency's published regulations (5 U.S.C. § 552(a)(3)(A)).  The Department's published FOIA regulations in 22 C.F.R. Part 171 require that all requests for information under the FOIA be addressed to the Information and Privacy Coordinator, U.S. Department of State, SA-2, 515 22nd Street, NW, Washington, DC 20522-6001.  Requests so addressed are delivered to IPS for processing.

5.    When a request is received in IPS, it is directed to the Requester Communications Branch for initial processing, which includes a review of the request for compliance with Department regulations.

6.    Department regulations require, among other things, that requests for information made to the Department under the FOIA and the Privacy Act reasonably describe the records sought so that an employee of the Department who is familiar with the subject area of the request can locate the records with a reasonable amount of effort.  FOIA requests should include the subject, timeframe, any individuals involved, and reasons why the Department is believed

to have records on the subject of the request.  For Privacy Act requests, requests should state the type of records sought, a timeframe for the records, and include the complete name, any aliases used, date and place of birth of the subject.  For access to records under the Privacy Act, the requester must provide his or her notarized signature, or a signature submitted under penalty of perjury as a substitute for notarization.  For access to third party records pertaining to living persons, the regulations require that requests contain a signed, notarized authorization from the person whose records are being sought giving the requester permission to obtain those records, or a signed "under penalty of perjury" statement in lieu of notarization.

7.   The initial processing of a request for information also includes sending the requester an acknowledgement letter which advises the requester that his or her request has been received by the Department and provides the case number assigned to the request.  If the information provided by the requester is incomplete or the request is deficient in any way, this letter will also explain how to correct the deficiencies and ask the requester to do so.

STATUS OF **PLAINTIFFS'** REQUESTS

Case Control No. 200501178

8.   By signed letter dated March 15, 2005, to the FOIA

Officer, U.S. Department of State, 2201 C Street NW, Washington,

DC 20520 (Exhibit 1), John Edwards Tiffany, as attorney for

plaintiff J.K. Idema (a.k.a. Jack Idema, J.'Keith Idema),

forwarded copies of three letters which were allegedly delivered

to the U.S. Embassy in Kabul, Afghanistan.   Mr. Tiffany stated

that the letters were being sent to the Department for processing

in lieu of litigation.   The March 15 letter was received in IPS on

March 24, 2005.   None of the attached letters had previously been

provided to IPS.

     9.   The first letter attached to this March 15 correspondence

(Exhibit 2) purports to be a typed copy of a handwritten FOIA

request originally dated October 31, 2004.   A note on the typed

version alleges that the original request was "written on yellow

legal paper and hand-delivered to Russel Brown, U.S. Consul."   The

copy is addressed to the U.S. Ambassador in Afghanistan, under the

heading "To:   FOIA Officer, United States State Department, United

States Department of Defense, c/o U.S. Consul Russel Brown, United

States Embassy, Kabul, Afghanistan."   The second letter attached to

the March 15 correspondence, dated January 21, 2005 (Exhibit 3), is

entitled "FOIA Appeal Letter" and is similarly addressed.   The

third letter attached to the March 15 correspondence, dated January

31, 2004 [sic] (Exhibit 4), is also similarly addressed and

contains a subject line reading "FOIA Request #1-31-05." The names

of plaintiffs are typed at the end of each of these letters, but

there are no signatures.

10.   The first attachment (Exhibit 2), dated October 31, 2004,

requested:

- 1. All documents signed between any member of the US Government
  and the United Front Military Forces (Northern Alliance) aka;
  Islamic State of Afghanistan Operating in Exile and signed by
  Dr. Abdullah Abdullah Minister of Foreign. [sic]   Between
  September 16, 2001 and November 16, 2001, specifically, but
  not limited to Status Of Forces Agreements, and/or Letters Of
  Agreements between the United States and the Islamic State of
  Afghanistan (the allied governing power prior to the
  establishment of the Interim government in December 2001).

- 2. All documents similar or related to the above documents
  signed by President Burhanudeen Rabanni, and General
  Muhammad Qasim Fahim, and/or Afghan Ambassadors in Dushanbe
  and/or Tashkent, and/or Washington, DC, for the Islamic
  State of Afghanistan.   Including documents signed or sent
  through the Afghan Defense Attachés in those embassies.

- 3. Documents regarding immunity in areas of conflict for US
  Forces, including, but not limited to; [sic] Special
  Purpose Forces, Special Mission Units, Paramilitary Forces,
  Clandestine Forces, DOD Contractors, and/or US Citizens.

- 4. All visitor logs and/or sign in sheets for the US Embassy in
  Kabul between August 10 and August 13, 2004, and all motor-
  pool and vehicle logs, daily logs, dispatch sheets, force
  protection memorandum and driver assignment records for all
  vehicle [sic] leaving and entering the US Embassy on August
  10, 11, 12 and/or 13, 2004.

- 5. All US Consul, US Ambassador, RSO (Regional Security Officer)
  documents regarding or related tot eh [sic] visits, meetings,
  discussions with Judge Abdul Basset Bakhtyari, or any other
  Afghan officials on August 10, 11, 12 and/or 13, 2004.

- 6. Any cash withdrawals, cash disbursement records, or sheets,
  related in any way to cash or equipment (including vehicles)
  purchases or payments to any member of the Afghan, NDS
  (Amniat) or Afghan Ministry of Justice, Judges, prosecutors,
  or other officials in July and/or August and/or September
  2004.

> 7. All US Consul files and records relating to Caraballo,
> Idema and/or Bennett, including all emails containing the
> names Caraballo, Idema and/or Bennett sent to or sent from
> any US Embassy or US Government employee in Kabul.
>
> 8. A copy of the Geneva Convention of 1949 related to
> Combatant Prisoners Of War. . . .

The letter further requested a fee waiver but agreed to pay

"research and copy" fees, and requested notification in writing

should fees exceed $100.

11. The second attached letter (Exhibit 3), dated January

21, 2005, from plaintiffs as well as Wahid Rasuli Bandaras,

purports to appeal the alleged denial of plaintiffs' prior FOIA

requests. The letter indicated a general willingness to pay

fees but requested a fee waiver and asked to be notified if fees

were expected to exceed $250.

12. The third attachment dated January 31, 2004 (Exhibit

4) requested:

> 1. Any cash withdrawals, cash dispersement [sic] records, or
> sheets, related in any way to cash or equipment (including
> vehicles) purchases or payments to any member of the
> Afghan, NDS (Amniat) or Afghan Ministry of Justice, Judges,
> prosecutors, or other officials between July 2004 and
> January 2005.
>
> 2. All documents, notes, memorandum, visa applications,
> emails, cash withdrawal records, and/or other information
> between July 2004 and the present date, which relate to the
> recent travel of Prosecutor Fatah (Amniat Official) to
> Guantamano Bay (GITMO), the United States, or any other
> place in the company of, or at the request of, any member
> of the United States government, including, but not limited
> to, the FBI. Additionally, all documents relating to
> Fatah's past links to the Taliban and to al-Qaida officials
> or members.

-8-

3. All documents, notes, memorandum, visa applications, emails, cash withdrawal records, and/or other information between July 2004 and the present date, which relate to the upcoming travel of former Taliban Judge Abdul Basset Bakhtyari (NDS Primary Court Judge) to the United States, or any other place in the company of, or at the request of, any member of the United States government, including, but not limited to, the FBI.

4. All cash withdrawals, cash dispersement [sic] records, or sheets, related in any way to the purchase of vehicles to [sic] any member of the Prosecutor Fatah, Judge Abdul Basset Bakhtyari, Amrullah Saleh (Chief of NDS) or any other Afghan Ministry of Justice prosecutor, between July 2004 and October 2004.

5. All US Consul files and records relating to Idema, Caraballo and/or Bennett, including all emails containing the names Caraballo, Idema, and/or Bennett sent to or sent from any US Embassy or US Government employee in Kabul.

6. A copy of the Geneva Convention of 1949 related to Combatant Prisoners Of War. . . .

The letter further requested a fee waiver but agreed to pay applicable fees, and requested notification in writing should fees exceed $100.

13. By letter dated April 25, 2005 and sent to Mr. Tiffany (Exhibit 5), IPS acknowledged Mr. Tiffany's letter of March 15 and assigned it case control number 200501178. IPS' letter also informed Mr. Tiffany that IPS had no record of receiving any prior FOIA requests from plaintiffs and that it was therefore premature to process the "appeal letter" forwarded by Mr. Tiffany, but that the two requests dated October 31, 2004 and January 31, 2004 [sic] would be treated as a new FOIA request from Mr. Tiffany. IPS provided Mr. Tiffany with the correct address for making FOIA requests to the Department, and advised that the Department's FOIA

website contained additional information that could be helpful in making FOIA requests.

14. The April 25 letter from IPS also informed Mr. Tiffany that, since his request sought private information about third parties -- namely, the plaintiffs (and since the attachments purporting to come from plaintiffs were, as noted, unsigned) -- he would need to provide signed notarized statements from the plaintiffs authorizing the release of the information to him, or an "under penalty of perjury" statement from them with signatures authorizing and consenting to his access to their records. It was noted that, in general, access to personal information about living persons by third parties cannot be granted absent the subject individual's written authorization. IPS also noted that requests "can be processed without consent, but release of records may be severely limited to protect the privacy of the subject individuals." IPS thus requested Mr. Tiffany either to provide signed consents or to "advise [IPS] that you are unable to provide such" authorizations. IPS also asked Mr. Tiffany to submit separate requests for the personal information of each individual about whom he was seeking information to permit the requests to be processed separately.

15. The April 25 letter from IPS also denied the request for a fee waiver and provided information on how to appeal the

decision. IPS advised Mr. Tiffany that the request had been placed in the "Other" category for fee purposes (so called because it is the catch-all provision for requesters not fitting into more specific categories under 22 C.F.R. § 171.15) and requested clarification regarding the maximum amount of fees he was willing to pay, given the differences between the amounts indicated in the three letters he had attached.

16.   The IPS letter further requested additional clarification with respect to certain parts of the request, including time frames, clarification of terms used, and clarification of the intended matters about which records were being requested. Without such information, the requests could not be processed in any reasonable way that would not be unduly burdensome, and potentially costly, for the Department and the requester. Accordingly, the IPS letter advised Mr. Tiffany that his request had been closed in IPS' system pending receipt of the information required to begin the processing. The letter noted that if Mr. Tiffany wished to "pursue this request," he should "send [IPS] the authorizations and the additional information and clarification described" in the letter.

17.   To date, IPS has received no further communication from Mr. Tiffany or the plaintiffs in connection with this FOIA request.

## Case Control No. 200501545

18. By signed letter dated April 3, 2005, to the "FOIA

Officer, U.S. State Department, 2201 C Street, NW, Washington,

DC 20520" (Exhibit 6), Mr. Tiffany requested materials

pertaining to the travel of two individuals, in the following

terms:

1. All documents, notes, memorandum, visa applications, emails, cash withdrawal records, and/or other information between September 2004 and the present date, which relate to the recent travel of Judge Ismail ABID ("ABED") (Afghan Appeals Court Judge) to the United States, or any other place in the company of, or at the request of, any member of the United States government, including, but not limited to, the DOS, DOJ, or FBI. This includes documents in the possession of the US Embassy in Kabul, Afghanistan;

2. Additionally, this should include ALL disbursements for hotels, food, travel, and all schedules, activity logs, memoranda regarding seminars, meetings, classes, course, itineraries, or other information related to Judge ABED's ("ABID's") travel; and

3. All documents, notes, memorandum, visa applications, emails, cash withdrawal records, and/or other information between July 2004 and the present date, which relate to the planned travel and/or travel arrangements of former Taliban Judge Abdul Basset BAKHTYARI (NDS Primary Court Judge) to the United States, or any other place in the company of, or at the request of, any member of the U.S. government, including, but not limited to, the DOS, DOJ, or FBI. This includes documents in the possession of the US Embassy in Kabul, Afghanistan.

The letter further noted that "[t]his should also include any

documentation on why BAKHTYARI's visa was denied, and all

information related to that denial (which is known to be related

to BAKHTYARI's name being on the suspected terrorist relation

lists."

-12-

19. By letter dated April 25, 2005 (Exhibit 7) and sent to
Mr. Tiffany, IPS acknowledged the two requests in the letter
dated April 3, 2005 and assigned them case control number
200501545. IPS reiterated the information Mr. Tiffany was
seeking and advised him that before the processing of his
request could proceed he needed to provide clarification of his
statement regarding fees, valid third party authorizations, and
additional information to identify the records he was seeking.
He was advised that some of the specific material that he sought
appeared to have originated with other agencies. He was
provided with the addresses of those agencies' FOIA/PA offices.
He was informed that State Department visa records are generally
exempt from disclosure under the Immigration and Nationality Act
and FOIA exemption (b)(3), and that this exemption applies
regardless of whether the requester is a third party or the visa
applicant himself/herself and regardless of whether the visa
applicant had authorized the FOIA request or is no longer
living.

20. The IPS letter requested Mr. Tiffany to provide valid
third-party authorizations for release of information, or to
advise IPS that he was unable to do so. In this regard, the
letter noted that requests "can be processed without consent,
but release of records may be severely limited to protect the

privacy of the subject individuals." The letter also advised Mr. Tiffany that if he wished to pursue this request, he must resubmit two separate requests, one for Judge Abid and the other for "former Taliban Judge Bakhtyari," with third party authorizations (if he could obtain them) and the additional information, as requested. The letter from IPS advised Mr. Tiffany that his request had been closed pending his submission of information and clarification as requested.

21. Subsequently, IPS received a letter signed by plaintiff Idema (Exhibit 8). This letter was dated March 31, 2004 [sic] but was postmarked April 5, 2005 from Fayetteville, NC, and first received in IPS on May 4, 2005. Mr. Idema's letter was addressed to the "Chief FOIA Officer, United States Department of State, 2201 C Street, NW, Washington, DC, 20520" and provided a nearly identical description of the documents requested as Mr. Tiffany's April 3, 2005 letter. Mr. Idema's letter additionally requested a fee waiver but agreed to pay "research and copying" fees and requested notification in writing should fees exceed $100. Mr. Idema's letter also acknowledged that Mr. Tiffany was his attorney in this matter and asked that a copy of all FOIA correspondence be sent to Mr. Tiffany.

22.   On May 5, 2005 an IPS staff member called and spoke to
Mr. Tiffany by telephone.   During the conversation, Mr. Tiffany
agreed that Mr. Idema's March 31, 2004 request (mailed and
received in IPS in May 2005) (Exhibit 8) was duplicative of Mr.
Tiffany's April 3, 2005 request (Exhibit 6) and could jointly be
considered a single case.   Mr. Tiffany also stated that he would
send a response to the Department's requests in the April 25, 2005
letter (Exhibit 7).

23.   To this date, IPS has received no further communication
from Mr. Tiffany or the plaintiffs in connection with this FOIA
request.

## Post-litigation materials from Embassy Kabul

24.   After this lawsuit was initiated, a search of the files
of the U.S. Embassy in Kabul for FOIA requests from these
plaintiffs yielded two additional documents referencing the
plaintiffs and FOIA: a handwritten note from the plaintiffs dated
"8/11/2004" and titled, "To: The US Consul – US Embassy" (Exhibit
9) and a handwritten note from Ed Caraballo to the U.S. Department
of State and U.S. Department of Defense dated November 2, 2004 and
titled "FOIA # 11-02-04" (Exhibit 10).   Neither of these documents
was addressed to IPS, and IPS had not received either of these
documents before the initiation of this lawsuit.

25.  Exhibit 9 consists of a handwritten note asking for various things, including aspirin, ibuprofen, vitamins, anti-fungal foot powder, paper and pens, and various documents.  In some, but not all, instances, the note states that the requests for documents "can also be construed [or regarded or considered] as a FOIA request."  A brief statement at the end of the note also addresses willingness to pay "reasonable copy fees in accordance with FOIA requests," but makes no mention of other fees that arise in the processing of FOIA requests.  Other than these passing references to the FOIA, nothing on the face of the document identifies it as a FOIA request, nor was it addressed or sent to IPS.  Accordingly, Exhibit 9 was not processed as a FOIA request.

26.  Exhibit 10 consists of a handwritten request from plaintiff Caraballo that matches almost word-for-word the request contained in the first attachment to Mr. Tiffany's March 15, 2005 FOIA request (see Exhibit 2), which is described in paragraph 10 above, to which IPS had responded to Mr. Tiffany by letter dated April 25, 2005 (Exhibit 5).  As noted above, Exhibit 10 was not addressed or sent to IPS, and was not received by IPS until after the initiation of the instant litigation, at which time IPS had responded to the substantially identical request embodied in Exhibit 2.  Accordingly, Exhibit 10 was not processed as a FOIA request.

## SUMMARY

27.   The Department of State has assigned case control
numbers 200501178 and 200501545 to the requests it has properly
received from Mr. Tiffany.   In both cases, the Department of
State has requested additional information and clarification of
the requests, which is required in order to process them.   Mr.
Tiffany has been advised of the need to provide such additional
information, and that no further action could or would be taken
until it has been received by IPS.   To date, neither Mr. Tiffany
nor any of the plaintiffs has provided such additional
information or otherwise responded to the two IPS letters dated
April 25, 2005.   Therefore, these requests have been and remain
administratively closed.

28.   Other than the requests discussed in this declaration,
IPS has received no other FOIA requests or other communications
from Mr. Tiffany or any of the plaintiffs.

I declare under penalty of perjury that the foregoing is
true and correct to the best of my knowledge.

Executed this 29th day of March 2007.

Margaret P. Grafeld

EXHIBIT 1

LAW OFFICES

# JOHN E. TIFFANY, P.C.

55 WASHINGTON STREET
P.O. BOX 190
BLOOMFIELD, N.J. 07003

MEMBERS OF NJ & NY BARS

TEL: (973) 566-9300
FAX: (973) 566-9701
jet4444@bellatlantic.net

March 15, 2005

**Via Telecopier (202) 736-4333**
**& Certified Mail, R.R.R.**
FOIA Officer
U.S. Department of State
2201 C Street NW
Washington, DC 20520

RE:  **Freedom of Information Act Requests**
     **#10-31-04 Kabul & #1-31-05 Kabul & Appeal**
     **Of FOIA Request #1-01-10-05**

Dear Sir/Madam:

     I am the attorney-of-record for Jack Idema.  To that
point, enclosed please find copies of the above-referenced
FOIA requests and FOIA Appeal served upon U.S. Embassy
officials in Kabul, Afghanistan.  To date, U.S. Embassy
officials have yet to comply with the aforementioned.
Accordingly, copies of the two requests and appeal are
being provided to your attention so that they may be
processed and complied with in lieu of FOIA litigation.

     Your anticipated prompt attention to this matter is
most appreciated.  Thank you.

     Very truly yours,

     JOHN EDWARDS TIFFANY
     JET/las

Cc:  Mr. Ron Packowitz
     Ms. Jenny Foo
     Mr. Jack Idema

GRAFELD DECLARATION
Civil Action No. 05-1334
Exhibit 1

EXHIBIT 2

## COPY OF ORIGINAL HANDWRITTEN FOIA LETTER.

To: FOIA Officer                                                        31 October 2004
United States State Department
United States Department of Defense
c/o US Consul Russel Brown
United States Embassy, Kabul, Afghanistan

## Subject: FOIA Request #10-31-04 Kabul

Dear Ambassador Khalilzad,

This letter is a Request For Documents under the Freedom Of Information Act.

By and through this letter we are requesting all documents outlined below. Although at this time we are requesting a waiver of fees under "the public interest exemption." This letter should also be construed as an agreement for willingness to pay research and copy fees as applicable. Further, not waiving the right to initial research and copying at no charge, should these fees exceed $100 please notify us in writing.

Should any documents be withheld or not provided, this letter also requests a list of those documents outlined in a Vaughn Index. The documents requested are as follows;

1. All documents signed between any member of the US Government and the United Front Military Forces.(Northern Alliance) aka; Islamic State of Afghanistan Operating in Exile and signed by Dr. Abdullah Abdullah Minister of Foreign. Between September 16, 2001 and November 16, 2001, specifically, but not limited to Status Of Forces Agreements, and/or Letters Of Agreements between the United States and the Islamic State of Afghanistan (the allied governing power prior to the establishment of the Interim government in December 2001).

2. All documents similar or related to the above documents signed by President Burhanudeen Rabanni, and General Muhammad Qasim Fahim, and/or Afghan Ambassadors in Dushanbe and/or Tashkent, and/or Washington, DC, for the Islamic State of Afghanistan. Including documents signed or sent through the Afghan Defense Attachés in those embassies.

3. Documents regarding immunity in areas of conflict for US Forces, including, but not limited to; Special Purpose Forces, Special Mission Units, Paramilitary Forces, Clandestine Forces, DOD Contractors, and/or US Citizens.

4. All visitor logs and/or sign in sheets for the US Embassy in Kabul between August 10 and August 13, 2004, and all motor-pool and vehicle logs, daily logs, dispatch sheets, force protection memorandum and driver assignment records for all vehicle leaving and entering the US Embassy on August 10, 11, 12, and/or 13, 2004.

5. All US Consul, US Ambassador, RSO (Regional Security Officer) documents regarding or related tot eh visits, meetings, discussions with Judge Abdul Basset Bakhtyari, or any other Afghan officials on August 10, 11, 12, and/or 13, 2004.

GRAFELD DECLARATION
Civil Action No. 05-1334
Exhibit 2                                     1

6. Any cash withdrawals, cash dispersement records, or sheets, related in any way to cash or equipment (including vehicles) purchases or payments to any member of the Afghan, NDS (Amniat) or Afghan Ministry of Justice, Judges, prosecutors, or other officials in July and/or August, and/or September 2004.

7. All US Consul files and records relating to Caraballo, Idema, and/or Bennett, including all emails containing the names Caraballo, Idema, and/or Bennett sent to or sent from any US Embassy or US Government employee in Kabul.

8. A copy of the Geneva Convention of 1949 related to <u>Combatant</u> Prisoners Of War. In regards to this request, this should be considered an appeal of the numerous prior requests (between July and October 2004 through the US Consul in Kabul) which have not been complied with.

Thank you for your cooperation, the documents can be mailed to Ed Caraballo, Journalist, c/o Russel Brown, US Consul, 6180 Kabul Place, Dulles, VA 20189-6180, or they may be delivered through the US Embassy in Kabul, or by hand to Edward Caraballo.

The below signatures constitute a waiver of privacy by the undersigned individuals and a waiver of any and all redaction requirements as to names, SSNs, identifying or personal information for the below persons, and were signed in the presence of US Consul Russel Brown. [This constituted a US Official Verification of Identity under the FOIA laws and NO Certification Was needed with this original request.]


Ed Caraballo
SSN: ███████████
DOB: ██████████


Jack Idema (aka J. Keith Idema)
SSN: ██████
DOB: ███████████


Brent Bennett
SSN: ████████████
DOB: ██████████


**Note:**
The Original Document was written on yellow legal paper and hand-delivered to Russel Brown, US Consul

EXHIBIT 3

## FOIA APPEAL LETTER

Ambassador Khalidzad                                        21 January 2005
United States State Department
Attn: FOIA Officer
United States Embassy
Great Massoud Road
Kabul, Afghanistan

### Subject: Appeal of FOIA Request #1 - 01-10-05

Dear Ambassador Khalidzad,

As you are keenly aware, we filed a FOIA Request on October 31, 2004, requesting various
information. The FOIA request was personally handed to US Consul Russel Brown, with other
Embassy personnel present, and was witnessed by at least three Afghan government officials. Prior
to this date, we presented Sandra Ingram with handwritten FOIA requests in July and August 2004.
We received no reply. Nor have we received any reply to the subsequent requests, one handed to
Russel Brown in September in front of two American Attorneys, and the last one, presented to Russel
Brown on October 31, 2004.

For the purposes of each of these FOIA Requests, a lack of response, and/or a refusal to provide a
letter denying the FOIA request, is in itself, a denial of the FOIA Request or Requests. Therefore,
this letter is an APPEAL OF YOUR DENIAL OF OUR PREVIOUS FOIA REQUESTS. As you are
also aware, we are requesting all documents involving our case, complete copies of each of our files,
and a variety of other information, all listed on the Oct. 31, 2004 REQUEST specified as FOIA
Request #10-31-04Kabul.

Therefore, to make this abundantly clear, we are requesting all records related to us from all
Department of State offices, including your Washington, DC Headquarters. It is our further belief
that the documents we are requesting were generated in 2004 and 2005; however, we are requesting a
thorough search of all records. This should also be considered an ongoing request for documents
newly generated up until the time this request is fully complied with.

As per the requirement of a "willingness to pay" statement; please accept this letter request as a
confirmation that we are willing to pay any additional fees that may be incurred in the preparation
and copying of our FOIA request to your agency. However, we believe we are exempt from fees
under the law and therefore request an exemption determination as soon as possible. Please notify us
in writing if the amount is expected to exceed $250. Because we are four separate requesters, we are
requesting a minimum of two copies of the requested documents.

Further, because we now have reliable information that YOU PERSONALLY ordered State
Department officials to ignore our request, and take other adverse action against us, this letter is
notification that we will seek redress in federal court against you personally for obstruction of justice,
and other crimes, and will file a separate FOIA lawsuit in Washington, DC with the next 10 days if
we do not received immediate notification that the State Department will comply with our FOIA
requests. Please return the information to the address below. Thank you for your assistance,

J. K. Idema          Brent Bennett          Ed Caraballo          Wahid Rasuli Bandaras

GRAFELD DECLARATION
Civil Action No. 05-1334
Exhibit 3                                                          1

EXHIBIT 4

## FOIA REQUEST

To: FOIA Officers                                              31 January 2004
United States State Department
United States Department of Defense
c/o US Consul Russel Brown
United States Embassy, Kabul, Afghanistan

### Subject: FOIA Request #1-31-05 Kabul

Dear Ambassador Khalilzad,

This letter is a Request For Documents under the Freedom Of Information Act.

By and through this letter we are requesting all documents outlined below. Although at this time
we are requesting a waiver of fees under "the public interest exemption." This letter should also
be construed as an agreement for willingness to pay research and copy fees as applicable.
Further, not waiving the right to initial research and copying at no charge, should these fees
exceed $100 please notify us in writing.

Should any documents be withheld or not provided, this letter also requests a list of those
documents outlined in a Vaughn Index. The documents requested are as follows;

1. Any cash withdrawals, cash dispersement records, or sheets, related in any way to cash or
   equipment (including vehicles) purchases or payments to any member of the Afghan, NDS
   (Amniat) or Afghan Ministry of Justice, Judges, prosecutors, or other officials between
   July 2004 and January 2005.
2. All documents, notes, memorandum, visa applications, emails, cash withdrawal records,
   and/or other information between July 2004 and the present date, which relate to the recent
   travel of Prosecutor Fatah (Amniat Official) to Guantamano Bay (GITMO), the United
   States, or any other place in the company of, or at the request of, any member of the
   United States government, including, but not limited to, the FBI. Additionally, all
   documents relating to Fatah's past links to the Taliban and to al-Qaida officials or
   members.
3. All documents, notes, memorandum, visa applications, emails, cash withdrawal records,
   and/or other information between July 2004 and the present date, which relate to the
   upcoming travel of former Taliban Judge Abdul Basset Bakhtyari (NDS Primary Court
   Judge) to the United States, or any other place in the company of, or at the request of, any
   member of the United States government, including, but not limited to, the FBI.
4. All cash withdrawals, cash dispersement records, or sheets, related in any way to the
   purchase of vehicles to any member of the Prosecutor Fatah, Judge Abdul Basset
   Bakhtyari, Amrullah Saleh (Chief of NDS) or any other Afghan Ministry of Justice
   prosecutor, between July 2004 and October 2004.

5. All US Consul files and records relating to Idema, Caraballo, and/or Bennett, including all emails containing the names Caraballo, Idema, and/or Bennett sent to or sent from any US Embassy or US Government employee in Kabul.

6. A copy of the Geneva Convention of 1949 related to <u>Combatant</u> Prisoners Of War. In regards to this request, this should be considered an appeal of the numerous prior requests (between July and December 2004 through the US Consul in Kabul) which have not been complied with.

The withholding of any documents under any alleged FOIA exemption should be sent in the form of a Vaughn Index with the FOIA request response. If this FOIA request does not receive a response within the time allowed by law, your non-response will be deemed a denial. A FOIA appeal letter will then be sent. If the FOIA Appeal letter is not answered with the document requested, a FOIA suit will be filed forthwith in the District of Columbia.

Thank you for your cooperation, the documents can be mailed to Jack Idema, c/o Russel Brown, US Consul, 6180 Kabul Place, Dulles, VA 20189-6180, or they may be delivered through the US Embassy in Kabul, or by hand to Jack Idema.

The below signatures constitute a waiver of privacy by the undersigned individuals and a waiver of any and all redaction requirements as to names, SSNs, identifying or personal information for the below persons, and were signed in the presence of US Consul Russel Brown. This constitutes a US Official Verification of Identity under the FOIA laws and NO Certification is needed with this original request.

Jack Idema (aka J. Keith Idema)
SSN: █████████
DOB: ██████

Ed Caraballo
SSN: █████████
DOB: ██████

Brent Bennett
SSN: █████████
DOB: ██████

<u>Note:</u>
This Document has attached the previous FOIA letters and Appeal Letters for your reference.
These documents were hand-delivered to _____, US Consul _____

2

EXHIBIT 5



United States Department of State

*Washington, D.C. 20520*

April 25, 2005
Case Number: 200501178

Mr. John E. Tiffany
55 Washington Street
P.O. Box 190
Bloomfield, NJ 07003

Dear Mr. Tiffany:

We write to respond to your letter of March 15, 2005, which forwarded correspondence related to FOIA requests from Jack Idema, Ed Caraballo, and Brent Bennett.

This office has no record of receipt of any prior FOIA requests from Messrs. Idema, Caraballo, and/or Bennett. (We note that this office is the proper addressee for virtually all FOIA requests to the Department of State. See, e.g., "How to make a FOIA Request" at http://foia.state.gov and 22 C.F.R. 171.5. The FOIA requires compliance with the Department's "published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. sec. 552(a)(3)(A).) Accordingly, it is premature to process the appeal letter you forwarded dated January 21, 2005.

However, we will treat the two letters dated October 31, 2004 and January 31, 2004 (sic?) that you forwarded as a new FOIA request from you. As explained below, before we can proceed with the processing of this request, we require additional information and clarification and valid authorizations.

**Fees:** The FOIA requires agencies to assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted (see the "fee" sections marked on the enclosure).

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8314*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

GRAFELD DECLARATION
Civil Action No. 05-1334
Exhibit 5

- 2 -

Based upon the information provided, your request for a fee waiver has been denied. If you wish to appeal this decision, you may write to the Chief, Requester Liaison Division, at the address given on the bottom of this page. Your appeal should address the points listed in the enclosed sheet entitled "Requests for Fee Waivers." Your appeal must be sent to us within 30 days from the date that you receive this letter.

Based upon the information that you have provided, we have placed you in the "Other" requester category. This category requires us to assess search time after 2 hours/duplication costs after the first 100 pages.

Please let us know whether the maximum fees you are willing to pay is $100 (as stated in the requests), $250 (as stated in the appeal letter), or some other amount. Because some of your requests are quite broad, it is possible that fees will exceed $100 or $250. If, after we complete our searches, it appears that fees might exceed whatever amount you ultimately designate, we will notify you before proceeding further.

**Written Authorizations:** The request seeks private information about individuals. In general, under the provisions of the FOIA and Privacy Act, this type of information cannot be given to unauthorized third parties absent the individuals' written consent. In this case, we need written authorizations from all three individuals covered by the requests (Messrs. Caraballo, Idema, and Bennett).

The State Department requires that written consent be in the form of a <u>signed notarized</u> statement from the individual(s), authorizing the Department of State to release information to the other party. The statement should bear the **<u>original signature</u> of the individual and <u>original seal of the notary</u>,** and be dated within six months of the date of the request.

*Office of Information Programs and Services*
*U.S. Department of State SA- 2*
*Washington, DC 20522-8100*
   *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email: FOIAStatus@state.gov*

- 3 -

In lieu of notarization, the individual may make the following statement: "I declare, certify, verify or state that, under penalty of perjury under the laws of the United States of America, the foregoing is true and correct." Such a statement must be forwarded to us **with an original signature** (faxed photocopies cannot be accepted.)

For living individuals, please provide written consent (see paragraph above), or advise us that you are unable to provide such an authorization. Requests can be processed without consent, but release of records may be severely limited to protect the privacy of the subject individuals.

The authorization, and your request for information from the State Department, **should <u>not</u> be submitted on a Department of Justice or Homeland Security form (G-639 and/or G-28), or a form from any other agency,** but rather on your letterhead or plain bond.

<u>**Separation of requests involving Privacy Act material:**</u> The request asks for "All US Consul files and records relating to" Messrs. Idema, Caraballo, and/or Bennett. (10/31/04 letter at no. 7; 1/31/04 (sic?) letter at no. 5.) To facilitate processing, we request that you separate these items (and any others which might include personal data on the three individuals) from the rest of your requests. We also ask that you file a separate request for personal data for each individual, so that each authorization (as described above) could be associated with its own request.

<u>**Clarification of Certain Requests:**</u> We also request additional clarification with respect to certain parts of the request. The following comments correspond to the numbered paragraphs in the two request letters.

October 31, 2004 Letter

1.    We interpret this request to cover documents regarding the

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
    *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email:  FOIAStatus@state.gov*

- 4 -

Northern Alliance and/or the Islamic State of Afghanistan, signed both by Dr. Abdullah Abdullah and by a U.S. Government representative, and dated between September 16, 2001 and November 16, 2001. Is this correct?

2.    Please provide a time frame.

3.    Please provide a time frame.

4.    What is a "force protection memorandum?"

5.    Please be more precise with respect to your definition of "any other Afghan officials..." by narrowing the categories or types of officials that would be covered by this request.

6.    What is "NDS (Amniat)?"

7.    Please provide a time frame. Also, please see the information above about separating this part of your request.

8.    The Geneva Convention of 1949 is publicly available on many websites (e.g. www.unhcr.ch/).

## January 31, 2004 (sic?) Letter

1.    Because this request is virtually identical to no. 6 above, we propose combining the two. Please let us know if you agree.

2.    Please confirm that this request covers two different subjects: (a) travel of Prosecutor Fatah and (b) all documents relating to Prosecutor Fatah's past links to the Taliban and to al-Qaida officials or members. Also, please provide a time frame.

Office of Information Programs and Services
U.S. Department of State SA-2
Washington, DC 20522-8100
Web site: foia.state.gov

Inquiries:
Phone: 1- 202- 261- 8314
FAX: 1- 202- 261- 8579
email: FOIAStatus@state.gov

-5-

5.    See no. 7 above.

6.    See no. 8 above.

Your request has been closed in our system pending receipt of the materials
described in this letter. If you wish to pursue this request, please send us the
authorizations and the additional information and clarification described
herein.

For further communications, please note our contact information at the bottom
of this page. We can provide faster service if you include the case number of
your request in your communications with us.

We are pleased to be of service to you.

                         Sincerely,

                         Robert W. DuBose *(by RCD)*
                         Requester Communications Branch

Enclosures: As stated.

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
    *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email: FOIAStatus@state.gov*

EXHIBIT 9

LAW OFFICES
# JOHN E. TIFFANY, P.C.

55 WASHINGTON STREET
P.O. BOX 190
BLOOMFIELD, N.J. 07003

MEMBERS OF NJ & NY BARS

TEL: (973) 566-9300
FAX: (973) 566-9701
jet4444@bellatlantic.net

April 3, 2005

**Via Telecopier (202) 736-4333**
**& Certified Mail, R.R.R.**
FOIA Officer
U.S. State Department
2201 C Street NW
Washington, DC 20520

RE: **Freedom of Information Act Request #1 — 4/3/05**
**Afghan Appeals Judge Mr. Mohammad Ismail Abid**
**("Ismail Abed")**

Dear Sir/Madam:

This letter is a request for documents under the Freedom of Information Act.

By and through this letter I am requesting all documents outlined below. This letter should also be construed as an agreement for willingness to pay research and copy fees as applicable. Further, not waiving the right to initial research and copying at no charge, should these fees exceed $100, please notify me in writing.

Should any documents be withheld or not provided, this letter also requests a list of those documents outlined in a Vaughn Index. The documents requested are as follows:

1. All documents, notes, memorandum, visa applications, emails, cash withdrawal records, and/or other information between September 2004 and the present date, which relate to the recent travel of Judge Ismail ABID ("ABED") (Afghan Appeals Court Judge) to the United States, or any other place in the company of, or at the request of, any member of the United States government, including, but not limited to, the DOS, DOJ, or FBI. This includes documents in the possession of the US Embassy in Kabul, Afghanistan;

GRAFELD DECLARATION
Civil Action No. 05-1334
Exhibit 6

2.  Additionally, this should include ALL disbursements
    for hotels, foods, travel, and all schedules,
    activity logs, memoranda regarding seminars,
    meetings, classes, course, itineraries, or other
    information related to Judge ABED's ("ABID's")
    travel; and
3.  All documents, notes, memorandum, visa applications,
    emails, cash withdrawal records, and/or other
    information between July 2004 and the present date,
    which relate to the planned travel and/or travel
    arrangements of former Taliban Judge Abdul Basset
    BAKHTYARI (NDS Primary Court Judge) to the United
    States, or any other place in the company of, or at
    the request of, any member of the U.S. government,
    including, but not limited to, the DOS, DOJ, or FBI.
    This includes documents in the possession of the US
    Embassy in Kabul, Afghanistan.

    This letter is a request under the Freedom of Information
Act.  This should also include any documentation on why
BAKHTYARI's visa was denied, and all information related to
that denial (which is known to be related to BAKHTYARI's
name being on the suspected terrorist relation lists.

    The withholding of any documents under any alleged FOIA
exemption should be sent in the form of a Vaughn Index with
the FOIA request response.  If this FOIA request does not
receive a response within the time allowed by law, your
non-response will be deemed a denial.  A FOIA appeal letter
will then be sent.  If the FOIA Appeal letter is not
answered with the document requested, a FOIA suit will be
filed forthwith in the District of Columbia.

    The documents may be mailed to my office at the address
above.  Thanks for your cooperation and assistance.

Very truly yours,

JOHN EDWARDS TIFFANY
JET/las

Cc:  Mr. Ron Packowitz
     Ms. Jenny Foo
     Mr. Jack Idema

( # 7004 1160 0006 - 2844 7334 )

EXHIBIT 7



**United States Department of State**

*Washington, D.C. 20520*

April 25, 2005
Case Number: 200501545

Mr. John E. Tiffany
John E. Tiffany, P.C.
Law Offices
55 Washington Street
P.O. Box 190
Bloomfield, N.J. 07003

Dear Mr. Tiffany:

This is in response to your two Freedom of Information Act (FOIA)
requests, dated April 3, 2005, in which you requested: 1) material, as
described, between September 2004 and the present, relating to the travel of
Judge Ismail Abid ("Abed'), Afghan Appeals Court Judge, to the U.S. or
any other place in the company of (or at the request of ) any member of the
U.S. government, as described, to include disbursements, as described, and
schedules, activity logs, memoranda regarding seminars, etc., related to
Judge Abed's ("Abid") (sic) travel; and 2) material, as described, between
July 2004 and the present which relate to the planned travel of former
Taliban Judge Abdul Basset Bakhtyari to the U.S. or any other place in the
company of (or at the request of) any member of the U.S. government, as
described, including the reasons Judge Bakhtyari's visa was denied.

Before we can proceed with the processing of your request, we need
clarification of your statement regarding fees (see "Fees", below); valid "Third

---

*Office of Information Programs and Services*
*U.S. Department of State 'SA- 2*
*Washington, DC 20522-8100*
    *Web site: foia.state.gov*

·*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email: FOIAStatus@state.gov*

GRAFELD DECLARATION
Civil Action No. 05-1334
Exhibit 7

-2-

Party Authorizations", as described below; and "Information to Identify Records" as described below.

**Fees:** The FOIA requires agencies to assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted.

Based upon the information that you have provided, we have placed you in the "all others" requester category. This category requires us to assess search time after 2 hours and duplication costs after the first 100 pages. (see 22 CFR 171, enclosed)

You have stated: "This letter should also be construed as an agreement for willingness to pay research and copy fees as applicable. Further, not waiving the right to initial research and copying at no charge, should these fees exceed $100, please notify me in writing."

By indicating that you want to be notified if fees exceed $100, you are not waiving your right to 2 hours of free search time and the free duplication of the first 100 pages in your requester category of "all others", as stated above. Please confirm your understating of your situation in regarding to fees.

**Third Party Requests:** In general, under the provisions of the FOIA and Privacy Act, access to information about private individuals, in this case Judge Ismail Abid and former Taliban Judge Abdul Basset Bakhtyari, cannot be given to unauthorized third parties absent the individuals' written consent.

The State Department requires that written consent be in the form of a signed notarized statement from the individual(s), authorizing the Department of State to release information to the other party. The statement should bear the **original signature of the individual and original seal of the notary,** and be dated within six months of the date of the request.

*Office of Information Programs and Services*
*U.S. Department of State SA- 2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email: FOIAStatus@state.gov*

- 3 -

In lieu of notarization, the individuals may make the following statement: "I declare, certify, verify or state that, under penalty of perjury under the laws of the United States of America, the foregoing is true and correct." Such a statement must be forwarded to us **with an original signature** (faxed photocopies cannot be accepted.)

For living individuals, please provide written consent (see above), or advise us that you are unable to provide such an authorization. <u>Requests can be processed without consent, but release of records may be severely limited to protect the privacy of the subject individuals.</u>

For deceased individuals, unless the death has been widely reported, please provide proof of death, e.g. newspaper obituary or a copy of a death certificate, or advise us that none will be forthcoming.

**Information to Identify Records:** The Department of State is responsible for formulating and executing U.S. foreign policy and primarily maintains records dealing with U.S. foreign relations.

Are the persons about whom you have requested information public figures or deceased individuals? Can you provide their dates and places of birth? Please provide as full description as possible of incidents, meetings, events, persons involved, etc., pertaining to the documents requested.

**Other Agency Material.** Some of the specific material that you seek appears to have been originated by other agencies. If you wish to contact the Freedom of Information/Privacy Offices of those agencies their addresses are:

> Department of Justice
> Office of Information and Privacy
> Suite 570, Flag Building
> Washington, D.C. 20530-0001

*Office of Information Programs and Services*
*U.S. Department of State SA- 2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email: FOIAStatus@state.gov*

- 4 -

Federal Bureau of Investigation
FOIPA Section
935 Pennsylvania Avenue, NW
Washington, D.C. 20535-0001

For the FOIA/Privacy Act addresses of other government agencies in which you might have an interest, we suggest you go to the Department of Justice web site at http://www.usdoj.gov/04foia/foiacontacts.htm. The State Department does not serve as a depository for the records of other government agencies.

Limitations of Releasability. Please note, in regard to your request for documentation concerning the denial of a visa to former Taliban Judge Bakhtyari, the FOIA exempts from disclosure those agency records that are otherwise protected from release by federal statutes other than the FOIA (5 USC 552 (b)(3)). One such statute is Section 222(f) of the Immigration and Nationality Act (8 USC 1202 (f)), which renders confidential those records of the Department of State pertaining to issuance or refusal of visas or permits to enter the United States. As a result, you should be aware that State Department visa records are generally exempt from disclosure under the (b)(3) exemption to the FOIA. This is the case regardless of whether the requester is a third party or the visa applicant himself/herself and regardless of whether the visa applicant has authorized the FOIA request or is no longer living.

Although documents that were submitted by or sent to the visa applicant or his/her representative in the course of processing the visa application may be releasable to the applicant, internal records generated by the government in the course of processing the visa application generally would not be releasable.

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
    *Web site: foia.state.gov*

. *Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email: FOIAStatus@state.gov*

- 5 -

Your request has been closed in our system. If, after taking into consideration the request for third party authorizations, the identifying information requested, the information concerning other agencies, and the limitations on releasing visa records, you wish to pursue this request you must resubmit two separate requests, one for Judge Abid and the other for former Taliban Judge Bakhtyari, with third party authorizations (if you can obtain them) and the additional information, as requested.

If you have any questions, please do not hesitate to contact us. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Richard C. Devine
Requester Communications Branch

Enclosures: As stated.

*Office of Information Programs and Services*
*U.S. Department of State SA- 2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email: FOIAStatus@state.gov*

EXHIBIT 8

Special Advisor – Afghanistan

## FOIA REQUEST

To: Chief FOIA Officer                                                    31 March 2004
United States Department of State
2201 C. Street N.W.
Washington, D.C. 20520

### Subject: FOIA Request
### Reference: Afghan Appeals Court Judge "ISMAIL ABED" - FOIA #1

Dear Sir or Madam,

This letter is a Request For Documents under the Freedom Of Information Act.

By and through this letter we are requesting all documents outlined below. Although at this
time we are requesting a waiver of fees under "the public interest exemption." This letter
should also be construed as an agreement for willingness to pay research and copy fees as
applicable. Further, not waiving the right to initial research and copying at no charge,
should these fees exceed $100 please notify us in writing.

Should any documents be withheld or not provided, this letter also requests a list of those
documents outlined in a Vaughn Index. The documents requested are as follows;

1. All documents, notes, memorandum, visa applications, emails, cash withdrawal
   records, and/or other information between September 2004 and the present date,
   which relate to the recent travel of Judge Ismail ABED (Afghan Appeals Court
   Judge) to the United States, or any other place in the company of, or at the request
   of, any member of the United States government, including, but not limited to, the
   DOS, DOJ, or FBI. This includes documents in the possession of the US Embassy in
   Kabul, Afghanistan.
2. Additionally, this should include ALL disbursements for hotels, food, travel, and all
   schedules, activity logs, memoranda regarding seminars, meetings, classes, courses,
   itineraries, or other information related to Judge ABED's travel.
3. All documents, notes, memorandum, visa applications, emails, cash withdrawal
   records, and/or other information between July 2004 and the present date, which
   relate to the planned travel and/or the travel arrangements of former Taliban Judge
   Abdul Basset BAKHTYARI(NDS Primary Court Judge) to the United States, or any
   other place in the company of, or at the request of, any member of the U.S.
   government, including, but not limited to, the DOS, DOJ, or FBI.

--------------------------
Jack Idema, POW
c/o Russel Brown, United States Consul
United States Embassy – Afghanistan
6180 Kabul Place, Dulles, VA 20189-6180
Kabul Contact: Ph 011-93-70-054200
--------------------------

*Please Copy FOIA Correspondence to my Attorney at:*
John Edward Tiffany, Attorney
PO Box 190, Bloomfield, NJ 07003
US Ph: 973/566-9300 – US Fax: 973/566 0007

GRAFELD DECLARATION
Civil Action No. 05-1334
Exhibit 8

Special Advisor – Afghanistan

*Page #2  FOIA Request/Afghan Appeals Court Judge "ISMAIL ABED" - FOIA #1*

This letter is a Request For Documents under the Freedom Of Information

   This should also include any documentation on why BAKHTYARI's visa was denied,
   and all information related to that denial (which is known to be related to
   BAKHTYARI's name being on the suspected terrorist or known terrorist relations lists.

The withholding of any documents under any alleged FOIA exemption should be sent in the
form of a Vaughn Index with the FOIA request response. If this FOIA request does not
receive a response within the time allowed by law, your non-response will be deemed a
denial. A FOIA appeal letter will then be sent. If the FOIA Appeal letter is not answered
with the document requested, a FOIA suit will be filed forthwith in the District of
Columbia.

Thank you for your cooperation, the documents can be mailed to Jack Idema, c/o Russel
Brown, US Consul, 6180 Kabul Place, Dulles, VA 20189-6180, or they may be delivered
through the US Embassy in Kabul, or by hand to Jack Idema. However, because you are
well aware that the US Embassy is illegally interfering with my mail at this time (and are
being sued for it in the SDNY Federal Court), I request you provide a copy to my attorney
at the address below to ensure the mail is received.

Please return the information to the address above. Thank you for your assistance,

J. K. Idema

---

Jack Idema, POW
c/o Russel Brown, United States Consul
United States Embassy – Afghanistan
6180 Kabul Place, Dulles, VA 20189-6180
Kabul Contact: Ph 011-93-70-054200

---

*Please Copy FOIA Correspondence to my Attorney at:*
John Edward Tiffany, Attorney
PO Box 190, Bloomfield, NJ 07003
US Ph: 973/566-9300    US Fax: 973/566-0007

EXHIBIT 9

8/11/2004

TO: The US Consul - US ~~Embassy~~

This is a request by the undersigned for the follow:

1 - Aspirin 80 to 90 mg Coated
2 - IBPROFEN or Any Generic form of 400 + mg IBProfen
- The above are for blood thinner use (Aspirin) To prevent heart problems, and for swelling and pain (IBProfen) For relief from beatings (JACK Idema) and for pain from sleeping on concrete Froors (all Americans held).
3 - Vitamins - Daily Vitamins for all three of us because the extended period of eating only a few cups of rice + bread is Affecting us physically, and could have long term affects for which the DOS could be liable if they do not supply them. And Foot Powder for Anti-fungal use.

2

4 - A copy of the 3rd geneva
Convention

5 - 1 translation of the laws
under which we are charged

6 - Complete copies of our files
(all files) at the US Embassy
This can also be construed as a
FOIA Request if the US govt
refuses to voluntarily provide us
with a copy of all files. Including
all medical reports.

7 - A complete listing of All
Embassy Phone #'s and personnel
Assigned. You can also regard
this as a FOIA request if
you refuse to provide the list.

8 - A list of All personnel employed
by the FBI in Afghanistan, to
include their complete name and
pay grade. This can also be
regarded as a FOIA if you refuse.

3

*recieved* 9 - A Copy of all rules, regulations, duties, and job descriptions of the US Consulate general, All US Consuls, and the office of the US Consulate general in Afghanistan.

10 - A translation of My indictment (idem).

11 - Copies of All documents, ~~notes~~ notes, memoranda, and to include all electronic documents and email regarding, referring to, preparing for, or in any way associated with the July 2004 meeting between the Dep Sec of State and President Hamid Karzai.

This can also be considered a FOIA ~~request~~ request.

- A Copy of this document -

4

13 — PAper & pens to prepare our
defense

14 — A copy of any and all documents
passed by any employee of
the US government in Afghanistan
that are in any way connected
to Jk Idema, Ed Caraballo, Brent
Bennett, to include the "secret"
FBI file being shown to the
Afghan govt officials and the
press.

15 — finally this is an immediate
retraction of any permissions
or authorizations to release
any information to any person
(including the press) about the
undersigned, unless they are
specially listed on the following
page.

5

1. TED KAVANAU
2. JOHN TIFFANY
3. FRANCES PIZZULLI
4. WILLIAM "SKIP" LONDON
5. TED SMYTH
6. MIKE KRAIZA
7. VIKTORIA RUNNINGWOLF
8. TOM BUMBACK
9. LAURI GOMEZ
10. DEBRA BENNETT
11. ELLEN JUDD
12. ED'S LIST remains the same

This is also a willingness to pay
reasonable copy fees in accordance
with FOIA requests.    8/12/04

_[signature]_    "JACK" J.K. Idema

_[signature]_    BRENT BENNETT

_[signature]_    Ed Caraballo

EXHIBIT 10

DATE: NOVEMBER 2, 2004
FROM: ED CARABALLO, JOURNALIST
TO: UNITED STATES DEPARTMENT OF STATE
    AND UNITED STATES DEPARTMENT OF DEFENSE
    C/O RUSSELL BROWN, U.S. CONSUL
    U.S. EMBASSY, KABUL, AFGHANISTAN
SUBJECT: FOIA #11-02-04

        THIS LETTER IS A REQUEST FOR DOCUMENTS UNDER THE
FREEDOM OF INFORMATION ACT.
        BY AND THROUGH THIS LETTER I AM REQUESTING ALL DOC-
UMENTS OUTLINED BELOW, ALTHOUGH AT THIS TIME I AM REQUESTING
A WAIVER OF FEES UNDER THE 'PUBLIC INTEREST' EXEMPTION, THIS LETTER
SHOULD ALSO BE CONSTRUED AS AN AGREEMENT FOR WILLINGNESS TO
PAY RESEARCH AND COPY FEES AS APPLICABLE, FURTHER, NOT WAIV-
ING THE STATUATORY RIGHT TO INITIAL RESEARCH + COPYING AT NO
CHARGE, SHOULD THESE FEE'S EXCEED $200, PLEASE NOTIFY ME IN
WRITING.

        SHOULD ANY OF THESE DOCUMENTS BE WITHHELD OR NOT
PROVIDED, THIS LETTER ALSO REQUESTS A LIST OF THOSE WITHHELD
DOCUMENTS OUTLINED IN A VAUGHN INDEX. THE DOCUMENTS
REQUESTED ARE AS FOLLOWS:

        1- ALL DOCUMENTS SIGNED BETWEEN ANY MEMBER OF THE
US GOVERNMENT AND THE UNITED FRONT MILITARY FORCES
(NORTHERN ALLIANCE) AKA 'ISLAMIC STATE OF AFGHANISTAN OPERATING
IN EXILE (THE ALLIED GOVERNING POWER PRIOR TO THE ESTABLISHMENT
OF THE INTERIM GOVERNMENT IN NOVEMBER 2001)

                                                    (CONT.)

SUBJECT: FOIA REQUEST, ED CARABALLO #11-02-04   PAGE 2

2 - ALL DOCUMENTS SIMILAR OR RELATED TO THE ABOVE DOCUMENTS SIGNED BY PRESIDENT (BURHANUDEEN) RABANI AND/OR GENERAL (MUHAMMAD BASIM) FAHIM AND/OR AFGHAN AMBASSADORS IN DUSHANBE, TAJIKISTAN AND/OR TASHKENT, UZBEKISTAN AND/OR WASHINGTON, DC FOR THE ISLAMIC STATE OF AFGHANISTAN INCLUDING DOCUMENTS SIGNED BY OR SENT THROUGH THE AFGHAN DEFENSE ATTACHES IN THESE EMBASSIES,

3 - DOCUMENTS REGARDING IMMUNITY IN AREAS OF CONFLICT FOR US FORCES, INCLUDING BUT NOT LIMITED TO: SPECIAL PURPOSE FORCES, SPECIAL MISSION UNITS, PARAMILITARY FORCES, CLAN-DESTINE FORCES, D.O.D. CONTRACTORS AND/OR US. CITIZENS.

4 - ALL VISITOR LOGS AND/OR SIGN-IN SHEETS FOR THE US EMBASSY IN KABUL, AFGHANISTAN BETWEEN AUGUST 10 AND AUGUST 13, 2004 AND ALL MOTORPOOL + VEHICLE LOGS, DAILY LOGS, DISPATCH SHEETS, FORCE PROTECTION MEMORANDUM AND DRIVER ASSIGNMENT RECORDS FOR ALL VEHICLES LEAVING AND ENTERING THE US EMBASSY ON AUGUST 10, 11, 12, 13, 2004

5 - ALL US CONSUL, US AMBASSADOR, RSO (REGIONAL SECURITY OFFICER) DOCUMENTS REGARDING OR RELATED TO THE VISITS, MEETINGS, DISCUSSIONS WITH JUDGE BAKHTYARI, OR ANY OTHER AFGHAN OFFICIALS ON AUGUST 10, 11, 12, 13, 14, 15, 2004.

6 - ANY RECORDS OF CASH WITHDRAWELS, CASH DISBURSEMENT RECORDS OR SHEETS RELATED IN ANY WAY TO CASH OR EQUIPMENT (INCLUDING VEHICLES) PURCHASES OR PAYMENTS TO (CONTINUED)

SUBJECT: FOIA REQUEST, ED CARABALLO #11-02-04  PAGE 3

6- (CONTINUED) ANY MEMBER OF THE AFGHAN NDS (AMNIAT), OR AFGHAN MINISTRY OF JUSTICE JUDGES, PROSECUTORS, OR OTHER AFGHAN GOVERNMENT OFFICIALS IN JULY, AUGUST AND SEPTEMBER, 2004.

7- ALL US CONSUL FILES AND RECORDS RELATING TO CARABALLO, IDEMA AND BENNETT, INCLUDING ALL EMAILS CONTAINING THE NAMES CARABALLO, AND/OR IDEMA, AND/OR BENNETT SENT TO OR SENT FROM ANY US CONSUL, US EMBASSY AND/OR ANY US GOVERNMENT EMPLOYEE IN KUBUL BETWEEN JUNE 25, 2004 AND OCTOBER 1st, 2004.

8- A COPY OF THE GENEVA CONVENTION OF 1949 RELATED TO COMBATANT PRISONERS OF WAR. IN REGARDS TO THIS REQUEST, IT SHOULD BE CONSIDERED AN APPEAL OF NUMEROUS PRIOR REQUESTS (MADE BETWEEN JULY + OCTOBER 2004) THROUGH THE U.S. CONSUL IN KABUL, WHICH HAVE, AS OF THE DATE NOVEMBER 2, 2004, HAVE NOT BEEN COMPLIED WITH.

CONCLUSION

THANK YOU FOR YOUR COOPERATION. THE DOCUMENTS CAN BE MAILED TO: ED CARABALLO, JOURNALIST, C/O RUSSELL BROWN, US CONSUL, 6180 KABUL PLACE, DULLES, VA 20189-6180 OR THEY MAY BE DELIVERED THROUGH THE US CONSUL SECTION OF THE US EMBASSY IN KABUL, OR BY HAND TO ED CARABALLO AT PUL-E-CHARCHI PRISON.

_Edward Caraballo_  11-02-04

Ed(uardo) CARABALLO AKA. EDWARD T. CARABALLO

(CONTINUED)

SUBJECT: FOIA REQUEST, ED CARABALLO #11-02-04 PAGE 4

## PRIVACY RELEASE

THE BELOW SIGNATURES CONSTITUTES A WAIVER OF PRIVACY BY THE UNDERSIGNED INDIVIDUALS AND A WAIVER OF ANY AND ALL REDACTION REQUIRMENTS AS TO NAMES, SSN'S, IDENTIFYING OR PERSONAL INFORMATION OR PERSONAL INFORMATION FOR THE BELOW PERSONS. THIS WAIVER IS ONLY APPLICABLE TO THIS FOIA REQUEST, AND WAS SIGNED IN THE PRESENCE OF US CONSUL    9 NOV 2004

s/
Eduardo Caraballo ███████ SSN, DOB ███████

Jack Idema (J. Keith Idema) SSN ███████ DOB ███████

Brent Bennett SSN ███████ DOB ███████