**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

J.K. IDEMA, <u>et al.</u>,                    )
                                              )
            Plaintiffs,                       )        No. 05 CV 01334 (EGS)
                                              )
      v.                                      )
                                              )
UNITED STATES DEPARTMENT OF STATE, <u>et al.</u>,    )
                                              )
            Defendants.                       )

---

**EXHIBIT C**
**DECLARATION OF WILLIAM E. BORDLEY**
**(U.S. MARSHAL SERVICE)**

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.K. IDEMA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )    C.A. No.  05 CIV 01334 (EGS) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF STATE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DECLARATION OF WILLIAM E. BORDLEY

I, WILLIAM E. BORDLEY, hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I am the Freedom of Information/Privacy Act Officer of the United States Marshals Service (USMS), assigned to the Headquarters, Office of General Counsel, Arlington, Virginia.  I am experienced with the procedures for responding to requests made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a, for information maintained in the records and files of the USMS.  The USMS Headquarters Office of General Counsel (OGC) is responsible for processing all FOI/PA requests made to any USMS office located throughout the United States pursuant to USMS policy.

Mr. Tiffany's FOIA Request and Associated Correspondence

2.      On January 11, 2005, the USMS received a faxed FOIA request letter from Mr. John E. Tiffany dated January 10, 2005.  See Exhibit 1.  The letter stated that Mr. Tiffany is the "attorney-of-record" for Jack Idema and that, for purposes of this FOIA request, he also represented "the interests of Mr. Idema's wife," Viktoria.  Id. at 1.  The letter sought the

following records: (1) all documents regarding Mr. and Ms. Idema, including documents

pertaining to the arrest of Viktoria Idema on January 7, 2005; (2) all documents "between the

[USMS] and the FBI, and/or any U.S. Attorney's Office, and/or any other government agencies,

or any private individual" pertaining to Mr. and Ms. Idema "and/or arrest, and/or events leading

up to the arrest;" (3) all documents "between the U.S. Government and the State of Texas, to

include, but not limited to, the TDCJ (Texas Department of Criminal Justice)," specifically

including "PIN requests and PIN correspondence, SLETS, MLTS, LETS teletype

correspondence, warrant transfers, and associated paperwork," as well as documents related to

communication between any Texas state employee relating to the arrest; (4) USMS employment

rosters for the State of North Carolina for January 7, 2005; (5) vehicle logs for all vehicles

assigned to any member of the USMS working in or around Fayetteville, North Carolina on

January 7, 2005; (6) "releaseable" employment information for all U.S. Marshals or other federal

government employees who were involved in any way with the arrest; (7) after-action reports,

evaluations, awards, reprimands, related to the arrest or to the Marshals who conducted the

arrest; and (8) all documents, including emails and electronic files, concerning Mr. and Ms.

Idema, or any of a number of listed variants of their names. Id. at 1-3. The letter also requested

the "alleged warrants, which the U.S. Marshals claimed they possessed at the time, and have

since failed to produce." Id. at 3.

      3.     On January 18, 2005, the USMS received, via U.S. mail, a duplicate copy of Mr.

Tiffany's January 10, 2005 request.

      4.     The USMS responded to Mr. Tiffany's request by letter to him dated January 19,

2005, advising him that in order for the USMS to process his request, Mr. Tiffany needed to

provide signed, written authorizations from Jack and Viktoria Idema authorizing disclosure of any USMS records pertaining to them to Mr. Tiffany. See Exhibit 2. A Department of Justice Certification of Identity Form, DOJ-361, which may be used to provide the requested written authorization, was enclosed with the letter. Id.

5. Due to an administrative error, likely the result of the receipt of Mr. Tiffany's request via both facsimile and U.S. mail, the USMS again requested the Idemas' written authorization to disclose any records pertaining to them by letter dated January 25, 2005. See Exhibit 3.[1]

6. By facsimile dated February 4, 2005, Mr. Tiffany forwarded to the USMS an executed Certification of Identity Form, DOJ-361, for Viktoria Idema, signed on February 3, 2005. See Exhibit 4.

7. By letter dated February 16, 2005, the USMS acknowledged receipt of Viktoria Idema's executed Certification of Identity Form, DOJ-361 dated February 3, 2005. See Exhibit 5. As Mr. Tiffany had failed to provide a written authorization from Jack Idema, he was advised that his failure do so would result in the USMS taking no further action on his request. For Mr. Tiffany's convenience, another DOJ-361 form was enclosed. Id.

8. Mr. Tiffany responded by letter dated March 7, 2005. See Exhibit 6. His response asserted that (1) his stated status as Mr. Idema's attorney "obviates [him] of any obligation to file a DOJ-361 as a pre-requisite to [the USMS's] compliance with [his] FOIA request; and (2) Mr. Idema's incarceration in Afghanistan made it impossible for him to send or

---

[1] Although the date stamp on Exhibit 3 reads "2004," the letter was almost certainly mailed in 2005, as Mr. Tiffany's request was not received until January 2005.

receive a signed DOJ-361 on his behalf. Id. at 1-2. Neither Mr. Tiffany nor Mr. Idema (nor anyone else) has ever provided the USMS with a signed, written authorization to release records pertaining to Mr. Idema to Mr. Tiffany.

9.    By letter dated November 23, 2005, the USMS responded to Mr. Tiffany's request. See Exhibit 7. The response reiterated that the USMS would take no further action with respect to Mr. Tiffany's request insofar as it seeks records pertaining to Jack Idema until such time as Mr. Tiffany provided a signed, written authorization from Mr. Idema authorizing the release of such information to Mr. Tiffany. Id. at 1. The response also informed Mr. Tiffany that the USMS located five documents consisting of a total of nine pages responsive to items 1, 7 and 8 of his request. Those documents were enclosed with the response; as described further below, the names of law enforcement officers and the names of, and information identifiable to, other third party individuals were redacted from the documents pursuant to exemption 7(C) of the FOIA. Id. The response also informed Mr. Tiffany that the USMS had located no records responsive to items 2, 3 and 5 of his request. Id. Finally, the response informed Mr. Tiffany that the records responsive to items 4 and 6 of his request – which sought the USMS employment roster for the entire state of North Carolina and employment information for Marshals and other federal government employees who participated in the arrest – were being withheld from disclosure pursuant to FOIA Exemptions 6 and 7(C). Id. at 1-2.

Processing of Mr. Tiffany's Request

*Records regarding Jack Idema*

10.    If any records pertaining to Mr. Idema do exist in the records and files of the USMS, they would likely be non-public records maintained in the Warrant Information Network

4

(WIN), JUSTICE/USM-007 system of records or the Prisoner Processing and Population

Management/Prisoner Tracking System (PPM/PTS), JUSTICE/USM-005 system of records.

Records maintained in these systems of records are compiled for law enforcement purposes in

connection with the USMS's execution of Federal arrest warrants, investigation of fugitive

matters, and receipt, processing, transportation and custody of federal prisoners. See 28 U.S.C.

§ 566(e)(1)(B); 28 C.F.R. § 0.111(a)(j)(k),(q); 18 U.S.C. § 4086. Records maintained by the

USMS in the WIN and PPM/PTS systems of records consist of personal data, including criminal

history records, on the individual subjects of investigatory interest and their associates, witness

interviews, and other records documenting efforts by the USMS to locate and apprehend

individual fugitives and other wanted persons; and records of criminal custody by the U.S.

Marshal. Individuals have an understandable and continuing interest in keeping such information

private. Some of the information, such as personal and criminal history, is highly sensitive

personal information, the disclosure of which could cause embarrassment, harm, or exposure to

unwanted or derogatory publicity and inferences. It would also renew public curiosity and

speculation concerning the individual's criminal history. Given the private nature of such

information, such information about an individual contained in the WIN and PPM/PTS systems

of records would not be released without the individual's consent, except to further law

enforcement purposes.

     11.     Any records contained in the WIN and PPM/PTS systems of records would be

covered by the protections of the Privacy Act of 1974, 5 U.S.C. Section 552a, which prohibits

(with certain exceptions not applicable here) the disclosure of a record pertaining to any person

from a system of records without the prior written consent of that person. See 5 U.S.C.

§ 552a(b). Because none of the Privacy Act's exceptions apply to records in these systems of records in the circumstances of Mr. Tiffany's request, and because, as noted above, Mr. Tiffany did not provide a signed, written authorization from Mr. Idema authorizing the disclosure of records pertaining to Mr. Idema to Mr. Tiffany, the USMS was not authorized to release any such records to Mr. Tiffany in response to his request. Accordingly, as noted in the letter to Mr. Tiffany dated February 16, 2005 (Exhibit 5), the USMS took no further action with respect to that aspect of Mr. Tiffany's request seeking records regarding Jack Idema.

12. Nor does the FOIA provide a basis for the disclosure of any such records absent a written authorization from Mr. Idema. The Privacy Act does authorize the disclosure of records pertaining to an individual where such disclosure is "required" under the FOIA. See 5 U.S.C. § 552a(b)(2). FOIA Exemption 7(C), however, exempts from disclosure "records or information compiled for law enforcement purposes" to the extent that such disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). As noted above, records contained in the WIN and PPM/PTS systems of records were compiled for law enforcement purposes. In light of the sensitive nature of the records maintained in the these systems of records (discussed above), the disclosure of such records could reasonably be expected to constitute an unwarranted invasion of personal privacy. Nor is there any overriding public interest in disclosure of such records that implicates how the Government operates. Disclosure of such personal records would not further the core purpose of FOIA, i.e., to expose agency action to the light of public scrutiny, and Mr. Tiffany has not, in his request or subsequent correspondence with the USMS, explained how the records sought pertaining to Mr. Idema would shed light on how the Government operates. Disclosure of any USMS WIN and

6

PPM/PTS records pertaining to Mr. Idema, if they exist, would reveal the actions of the USMS in particular fugitive investigations or criminal custody matters, and little or nothing substantial about how the Agency operates. Thus, their disclosure would not promote a recognizable public interest. If any such records exist, therefore, they would be exempt from public disclosure under the FOIA, and the Privacy Act exemption for disclosures "required" by the FOIA does not apply. Because the release of any records pertaining to Mr. Idema that might be contained in the WIN and/or PPM/PTS systems of records would be prohibited, the USMS did not conduct a search for such responsive records relating to Mr. Idema, but instead informed Mr. Tiffany that no further action would taken on his request insofar as it pertained to records relating to Mr. Idema. See Exhibit 7.

*Records regarding Viktoria Idema*

13.    Items 1, 2, 3, 7, and 8 of Mr. Tiffany's request all sought records concerning Viktoria Idema and/or her arrest. Accordingly, the USMS searched for any and all records regarding Ms. Idema in those systems of records where responsive records were likely to be found, if they existed. Specifically, the USMS conducted a search for records concerning Viktoria Idema in the USMS offices identified in Mr. Tiffany's request, i.e., the Eastern, Middle, and Western Districts of North Carolina, the Eastern, Northern, Southern, and Western Districts of Texas, as well as USMS headquarters in Washington, D.C. In conducting these searches, the USMS used Viktoria Idema's name, as well as each of the aliases or variants of her name and each of the personal identifiers (e.g., date of birth and social security number) provided in Mr. Tiffany's request. See Exhibit 1 at 2-3 (Item 8; listing 5 variants of her name and various identifiers). Such a search would uncover any records regarding Ms. Idema as well as any

records relating to her arrest.

14.    The searches in the district offices were conducted by USMS FOI/PA Liaisons in the above-listed offices. The FOI/PA Liaisons in USMS district offices routinely coordinate and/or conduct document searches in their district offices in response to FOIA and PA requests. The FOIA/PA Liaisons are knowledgeable about the records and files maintained by their particular office. The USMS district offices listed above searched for responsive records in the WIN and PPM/PTS systems of records described above, as those are the systems of records likely to contain documents responsive to Mr. Tiffany's request. Decentralized segments of these two systems are located in each of the 94 USMS district offices and consist of the computerized databases and the manual file records corresponding to the electronic indices. These systems of records are searched by an individual's name and/or personal identifier. As a result of this search, records pertaining to Viktoria Idema were located by the USMS office in the Eastern District of North Carolina. As discussed further below, these records were produced to Mr. Tiffany.

15.    In addition to the search for documents in the USMS district offices described above, the USMS FOIA staff also searched the USMS Headquarters Investigative Services WIN system of records and the Judicial Security Division's Inappropriate Communications/Threat Information System (IC/TIS), JUSTICE/USM-009, system of records, in an effort to locate any and all records pertaining to Viktoria Idema.[2] These are the only headquarters systems of records

---

[2] Records maintained in the system are compiled for law enforcement purposes in connection with the protection of Federal jurists, court officers, and other threatened persons involved in the judicial process. IC/TIS files encompass persons who have inappropriately communicated with, directly threatened, or pose a threat to USMS protectees, including federal judges, prosecutors, and other court officials, USMS and other law enforcement officers,

reasonably likely to contain documents regarding Viktoria Idema such as those sought in Mr. Tiffany's request.

16.    As with the searches of the WIN and PPM/PTS systems of records by the USMS district office, the searches of the WIN and IC/TIS systems of records at USMS headquarters were conducted using Viktoria Idema's name, as well as each of the aliases or variants of her name and each of the personal identifiers (e.g., date of birth and social security number) provided in Mr. Tiffany's request. As a result of this search, additional records pertaining to Viktoria Idema were located by the USMS. As discussed further below, these records were produced to Mr. Tiffany.

17.    The above searches were reasonably calculated to identify any records responsive to items 1, 2, 3, 7 and 8 of Mr. Tiffany's request, other than those aspects of items 1, 2 and 8 seeking records regarding Mr. Idema, and that aspect of item 7 – discussed further below – seeking "evaluations, awards, reprimands, related to the arrest or to the Marshals who conducted the arrest." Although, as noted above, these searches identified records responsive to items 1, 7 and 8 of the request, no records responsive to items 2 and 3 of the request – seeking "documents between" the USMS, various government agencies and others regarding Mr. and Ms. Idema, and certain "documents between" the U.S. government and the State of Texas – were located. In addition, the USMS located a State of Texas Warrant for Ms. Idema, but none of the other alleged warrants referenced in Mr. Tiffany's request.

---

courtroom security, and federal property and building, associates of such individuals, and individuals reported by state and local agencies to the USMS who have threatened to harm state or local judicial officials.

*Item 7 of the Request*

18.    Item 7 of Mr. Tiffany's request sought "[a]ll after-action reports, evaluations, awards, reprimands, related to the arrest or to the Marshals who conducted the arrest." The searches conducted above located the report of investigation describing the arrest (<u>i.e.</u>, the "after-action report" sought in the request) as that report was related to the arrest, and would have similarly identified any other documents related to the arrest of Ms. Idema. The rest of item 7 of the request seeks records related to the individuals who conducted the arrest. None of those individuals, however, were U.S. Marshals. The USMS, therefore, would have no records regarding "evaluations, awards, reprimands" for such individuals. Accordingly, no documents responsive to this aspect of Mr. Tiffany's request were located.

*Item 5 of the Request*

19.    Item 5 of Mr. Tiffany's request sought "[v]ehicle logs for all vehicles assigned to any member of the [USMS] working in or around Fayetteville, North Carolina on January 7, 2005." Fayetteville is in the Eastern District of North Carolina. The USMS office in the Eastern District of North Carolina does not maintain vehicle logs for the vehicles assigned to its employees.

<u>Withholding of Records and Information</u>

20.    As noted above, the USMS responded to Mr. Tiffany's request by letter dated November 23, 2005, and released nine pages of documents responsive to items 1, 7, and 8 of his request. <u>See</u> Exhibit 7. Of the nine pages, six pages were released in their entirety, and three pages were released with information redacted and withheld pursuant to Exemption 7(C) of the FOIA, 5 U.S.C. § 552(b)(7)(C). <u>Id.</u> In addition, records responsive to items 4 and 6 of Mr.

Tiffany's request were withheld in their entirety pursuant to FOIA Exemptions 6 and 7(C), 5

U.S.C. § 552(b)(6), (b)(7)(C). Id. No responsive records were located with respect to items 2, 3

and 5 of the request.

*Redactions from Documents Disclosed*

21.     As noted, three of the pages released to Mr. Tiffany on November 23, 2005, had

information redacted pursuant to FOIA Exemption 7(C), which exempts from disclosure "records

or information compiled for law enforcement purposes" to the extent that such disclosure "could

reasonably be expected to constitute an unwarranted invasion of personal privacy," 5 U.S.C.

§ 552(b)(7)(C). The information so redacted is described in the following two paragraphs.

22.     A one-page Status Report dated January 11, 2005, had the name of the law

enforcement officer who prepared the report redacted from it.

23.     A two-page Report of Investigation dated January 11, 2005, had the names of law

enforcement officers, and the names of, and information identifiable to, third party individuals

redacted from it. Specifically, the name of the law enforcement officer who prepared the report,

his signature, and the name of the criminal investigator who approved the report were redacted;

the North Carolina registration numbers of two vehicles referenced in the report, and one of the

vehicle owners' names, were redacted; the names of three third-party individuals referenced in

the report were redacted; and the name of a Fayetteville, N.C. police officer referenced in the

report was redacted.

24.     In reaching the decision to withhold the redacted information described in the

prior two paragraphs, the USMS considered whether or not there was a legitimate public interest

in disclosure of such information which would outweigh the referenced individuals' privacy

interest in non-disclosure. The USMS could discern no legitimate public interest in disclosure of this information, as it is not readily apparent that such disclosure would shed any light on the working of the criminal justice system or the USMS, and Mr. Tiffany provided no indication as to how disclosure of such information would meet the basic purpose of the FOIA, i.e., to shed light on an agency's performance of its statutory duties. Release of this identifying information could, on the other hand, expose the referenced individuals to unwarranted public attention, embarrassment, harassment or annoyance for being associated with an official criminal law enforcement matter, and to possible danger to their life or physical safety for cooperating in a law enforcement investigation. Disclosure to Mr. Tiffany would be equivalent to disclosure to the public and, as such, could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C).

*Documents Withheld In Their Entirety*

25.    As noted above, the USMS withheld from disclosure the USMS employment roster for the State of North Carolina, as well as the employment information of those Marshals and/or other federal government employees who participated in the arrest, "either directly or indirectly, including supervisors and administrative personnel that authorized the arrest" of Viktoria Idema on January 7, 2005, pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. § 552(b)(6), (b)(7)(C).[3]

---

[3] As noted above, no Deputy U.S. Marshals participated in the actual arrest of Ms. Idema. It is therefore not clear that any USMS records are responsive to item 6 of Mr. Tiffany's request. Given the breadth of the request – seeking employment information for "any employees of the U.S. Government who were involved in any way with the arrest" – and in an abundance of caution, the USMS informed Mr. Idema that any responsive records were being withheld pursuant to Exemptions 6 and 7(C).

26.    FOIA Exemption 6 allows an agency to withhold records or information about individuals in personnel, medical and similar files, to the extent that disclosure of such records or information would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(6). As noted above, FOIA Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes to the extent that production could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C).

27.    The USMS believes that public disclosure of the names of USMS employees, as well as the names and other employment information pertaining to USMS and other government employees who may have participated in the arrest of Viktoria Idema, reasonably could be expected to subject such individuals to unnecessary public attention, scrutiny, harassment, and annoyance, both in the course of performing their official duties and in their private lives, and could possibly pose a danger to their life or physical security. Nor would any apparent public interest be served by the disclosure of such information, as it is unlikely to shed light on the operations of government. Indeed, the public interest weighs in favor of non-disclosure to foster the efficient performance of official duties regarding the receipt, processing, transportation and custody of prisoners, the execution of Federal arrest warrants, and the investigation of fugitive matters. Absent a legitimate public interest, disclosure could reasonably be expected to constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. Section 552(b)(6) and (b)(7)(C).

Conclusion

28.    Other than the records discussed above, no other records responsive to Mr.

13

Tiffany's requests were located as a result of the searches conducted by the USMS.

29.     In light of the reference in Exhibit 1 of plaintiffs' Complaint to a FOIA request allegedly sent to the USMS office in Raleigh, N.C., this office inquired of all USMS offices in the state of North Carolina whether they received a request from Mr. Tiffany, and was informed that no such request was received.

I declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that the foregoing is true and correct to the best of my information and belief.

Executed the 29th day of March, 2007.

_____
WILLIAM E. BORDLEY

14

1

# LAW OFFICES OF JOHN E. TIFFANY, P.C.
## 55 WASHINGTON ST., P.O. BOX 190
### BLOOMFIELD, NJ 07003
### TEL: (973) 566-9300
### FAX: (973) 566-0007

---

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO:<br>FOIA Officer | FROM:<br>John Edwards Tiffany, Esq. |
| COMPANY:<br>U.S. Marshals Service | DATE:<br>1/11/2005 |
| FAX NUMBER:<br>(202) 307-8544 | TOTAL NO. OF PAGES INCLUDING COVER:<br>Five (5) |
| PHONE NUMBER:<br>N/A | SENDER'S REFERENCE NUMBER:<br>N/A |
| RE:<br>Request No. 1 – 1/10/05 | YOUR REFERENCE NUMBER:<br>N/A |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:
The information contained in this telefax may be privileged and confidential and is intended in every case only for its intended recipient. If someone other than the intended recipient receives this transmission in error, further distribution or copying of this communication is prohibited. If you have received this communication in error, please contact the firm by telephone (collect if you wish) and the firm will advise you what steps to take as necessary to protecting the confidentiality of the communication. Your anticipated prompt cooperation and assistance is most appreciated. Thank you.

PRACTICE LIMITED TO THE INNOCENT

**EXHIBIT 1**

LAW OFFICES

# JOHN E. TIFFANY, P.C.

55 WASHINGTON STREET
P.O. BOX 190
BLOOMFIELD, N.J. 07003

MEMBERS OF NJ & NY BARS

TEL: (973) 566-9300
FAX: (973) 566-9701
jet4444@bellatlantic.net

January 10, 2005

**Via Telecopier (202) 307-8544**
**& Regular Mail**
U.S Marshals Service FOIA Officer
Office of General Counsel
Department of Justice
Washington, DC 20530-9054

RE:  **Freedom of Information Act Request**
     **No.: #1 - 1/10/05**

Dear Sir/Madam:

    I am the attorney-of-record for Jack Idema.  For the exclusive purpose of this Freedom of Information Act request, I also represent the interests of Mr. Idema's wife.  On their behalf, I am requesting all documents involving the arrest of Viktoria Idema, a/k/a Vickie Ann Boyette (maiden name), and a/k/a Vickie (Viktoria) Robertson (previous married name)[1] on January 7, 2005.

    Mrs. Idema was falsely arrested Friday morning by the U.S. Marshals on their Fugitive Warrant Task Force, and/or the Marshal's Violent Fugitive Squad.  It is our belief that these participating Marshals were based out of either Raleigh or Charlotte, North Carolina.  Therefore, we are requesting all records from all North Carolina Marshall Service Offices, and from Washington, D.C. headquarters, involving Mrs. Idema (SSN: ███████) and/or Mr. Idema (SSN: ███████).  It is our further belief that these documents we are requesting were generated during 2004-2005; however, we are requesting a thorough search of all records.  This should also be considered an ongoing request for documents generated up until the time this request is fully complied with.

---

[1] Contrary to U.S. Government assertions, the various names listed are not alias names, or false names, but are in fact, the evolution of a woman's name after a divorce and subsequent re-marriage.

1

The following information is requested under the Freedom of Information Act, including, but not limited to:

1.  All documents regarding the above two (2) subjects – Mr. and Mrs. Idema. Their identifying information is contained in item eight (8) of this request;

2.  All documents between the U.S. Marshal Service and the FBI, and/or any U.S. Attorney's Office, and/or any other government agencies, or any private individual regarding these two (2) subjects and/or arrest, and/or events leading up to the arrest;

3.  All documents between the U.S. Government and the state of Texas, to include, but not limited to, the TDCJ (Texas Department of Criminal Justice). This request specifically includes PIN requests and PIN correspondence, SLETS, MLTS, LETS teletype correspondence, warrant transfers, and associated paperwork. This also includes all documents related to communication between any Texas state employee relating to the arrest;

4.  U.S Marshal Service employment rosters for the entire state of North Carolina for January 7, 2005;

5.  Vehicle logs for all vehicles assigned to any member of the U.S. Marshall Service working in or around Fayetteville, North Carolina on January 7, 2005. Specifically, but not limited to, the white four-door sedan, license plate number ███████;

6.  All releasable employment information (such as full name, employment application, pay grade etc.) for all U.S. Marshals who participated in the arrest, either directly or indirectly, including supervisors and administrative personnel that authorized the arrest. This includes any employees of the U.S. Government, who were involved in any way with the arrest;

7.  All after-action reports, evaluations, awards, reprimands, related to the arrest or to the Marshals who conducted the arrest; and

8.  All files and documents, including emails and electronic files, concerning any of the following two (2) individuals:
    a.  Viktoria Idema;
    b.  Vickie Ann Boyette[2];
    c.  Vickie Ann Robertson[3];
    d.  Vickie Ann Robertson Boyette[4];

---

[2] This name is not an alias; it was Mrs. Idema's maiden name.

[3] This name is not an alias; it was Mrs. Idema's married name from her first marriage.

[4] This name is not an alias; it was mistakenly transposed by law enforcement officers on her release papers.

e.  Vickie Ann Boyette Robertson
    71968-file number
    08-30-1998-04167703-supposed warrant number
    ID 0052828419
    SID 04167703
    DOB: ███████████████
    SSN: █████████████

f.  J.Keith Idema
    DOB: ████████████
    SSN: ████████████; and

g.  Or any other variation of any name preceding
    Idema.

    As per the requirement of a "willingness to pay"
statement under the Freedom of Information Act, please
accept this letter request as a confirmation of the fact
that we are willing to pay any additional fees that may be
incurred in the preparation and copying of our request to
your agency, including any charges to expedite said
request.  Please notify us in writing if the amount is
expected to exceed $250.00.  Please return the information
to the address listed above.

    Furthermore, U.S. Marshals present told at least two
(2) eyewitnesses that they had in their possession a valid
arrest warrant and a valid search warrant signed by a U.S.
Federal Magistrate Judge.  They apparently had neither.
However, they did illegally entered the residence of Brent
Bennett.  We are also requesting copies of these alleged
warrants, which the U.S. Marshals claimed they possessed at
the time, and have since failed to produce.  Mr. Bennett's
caretaker requested Marshals provide him with a copy of the
warrants, identify themselves by name, and show their
identification.  The Marshals refused.  Mr. Bennett's
caretaker (a retired U.S. Army Special Forces Master
Sergeant who was watching the house) was then threatened
with arrest if he did not leave the premises.  He was then
told to sit in his car.

    The Marshals also forced off the road a car of a
family friend one block away, handcuffed him, and
threatened him with imprisonment if he did not cooperate
and assist the Marshals with entering the house.  The
Marshals continued to threaten him when he refused to
answer questions.  The Marshals searched the house
(although only a cursory search, it still violated the

3

law), then forced Mrs. Idema to wear *Victoria Secret* pajamas to the police station.

Your prompt attention to this letter request is most appreciated.  Thank you.

Very truly yours,

JOHN EDWARDS TIFFANY
JET/las

Cc:  Mr. Jack Idema

**2**



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

*Washington, DC 20530-1000*

JAN 19 2005

John Edwards Tiffany, P.C.
55 Washington Street
PO Box 190
Bloomfield, NJ 07003

      **RE:**   **Freedom of Information/Privacy Act Request No. 2005USMS8033**
              **Subject: Jack and Viktoria Idema**

Dear Requester:

     Reference is made to your above-captioned request.

     In order for the United States Marshals Service to address your request, it is necessary for you to provide the following prerequisite element(s) as indicated:

[] **Verification of identity.** You may establish your identity by completing the enclosed Certification of Identity Form, DOJ-361, or by furnishing your identifying data and signature by declaration under penalty of perjury. <u>See</u> 28 U.S.C. 1746.

[X] **Authorization to disclose records or proof of death.** A written release from the subject of the requested records which includes the subject's identifying data, authorizing the USMS to disclose to you information pertaining to that individual, if any such information is maintained by the USMS. A Certification of Identity Form, DOJ-361, may be used for this purpose or a declaration by the subject signed under penalty of perjury. If the subject is deceased, you must furnish a death certificate or obituary which confirms the death.

[] **Identification of judicial district(s).** Identify the USMS district office(s) or city(ies) in which you have reason to believe documents responsive to your request may exist so we may conduct an adequate search.



EXHIBIT 2

**Please return the required information to the FOI/PA, Office of General Counsel, CS-3, 12th Floor, U.S. Marshals Service, Washington, D.C. 20530-1000.** We will acknowledge your request upon receipt in this office and correspond with you again, accordingly.

Sincerely,

Shaaron L. Keys
Acting FOI/PA Officer
Office of General Counsel

Enclosure

**3**

JAN 2 5 2006

John E. Tiffany, P.C.
55 Washington Street
POB 190
Bloomfield, NJ   07003

      Re:  **Freedom of Information/Privacy Act Request 2005USMS8048**
           **Subject of Request: OBO Jack and Viktoria Idema**

Dear Mr. Tiffany:

      The United States Marshals Service is in receipt of your above-captioned request letter.

      In order for the United States Marshals Service to address your request, it is necessary for you to provide the following prerequisite element as indicated:

[ ] Verification of identity.  You may establish your identity by completing the enclosed Certification of Identity Form, DOJ-361, or by furnishing your identifying data and signature by declaration under penalty of perjury.  <u>See</u> 28 U.S. C. section 1746.

[**X**] Authorization to disclose records.  A written release from the subject of the requested records authorizing the Marshals Service to disclose to you information pertaining to that individual, if any such information is maintained by the Marshals Service.  A Certification of Identity Form, DOJ-361, may be used for this purpose or a declaration under penalty of perjury.

[ ] Identification of judicial district(s).  Identify the United States Marshals Service district office(s) or city(ies) in which you have reason to believe documents responsive to your request may exist so we may conduct an adequate search.



**Please return the required information to the U.S. Marshals Service, Office of General Counsel, ATTN: FOI/PA, Washington, DC 20530-1000.** Upon receipt of the information, we will acknowledge your request and correspond with you again, accordingly.

Sincerely,


**SHAARON L. KEYS**
Acting FOI/PA Officer
Office of General Counsel


Enclosure

**4**

## LAW OFFICES OF JOHN E. TIFFANY, P.C.
### 55 WASHINGTON ST., P.O. BOX 190
### BLOOMFIELD, NJ 07003
### TEL: (973) 566-9300
### FAX: (973) 566-0007

---

### FACSIMILE TRANSMITTAL SHEET

| TO: FOIA Officer (U.S. Marshals) | FROM: John Edwards Tiffany, Esq. |
|---|---|
| COMPANY: Office of General Counsel | DATE: 2/4/2005 |
| FAX NUMBER: (202) 307-8544 | TOTAL NO. OF PAGES INCLUDING COVER: Nine (9) |
| PHONE NUMBER: N/A | SENDER'S REFERENCE NUMBER: N/A |
| RE: FOIA Request No.: # 1 – 1/10/05 | YOUR REFERENCE NUMBER: N/A |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

The information contained in this telefax may be privileged and confidential and is intended in every case only for its intended recipient. If someone other than the intended recipient receives this transmission in error, further distribution or copying of this communication is prohibited. If you have received this communication in error, please contact the firm by telephone (collect if you wish) and the firm will advise you what steps to take as necessary to protecting the confidentiality of the communication. Your anticipated prompt cooperation and assistance is most appreciated. Thank you

PRACTICE LIMITED TO THE INNOCENT

EXHIBIT 4

LAW OFFICES

# JOHN E. TIFFANY, P.C.

55 WASHINGTON STREET
P.O. BOX 190
BLOOMFIELD, N.J. 07003

MEMBERS OF NJ & NY BARS

TEL: (973) 566-9300
FAX: (973) 566-9701
jet4444@bellatlantic.net

February 4, 2003

**Via Telecopier (202) 307-8544**
**& Regular Mail**
U.S. Marshals Service FOIA Officer
Office of General Counsel
Department Of Justice
Washington, DC 20530-9054

Re: **Freedom of Information Act Request**
 **No.: #1 - 1/10/05**

Dear Sir/Madam:

Pursuant to your letter of January 19, 2005, enclosed please find an executed DOJ-361. Accordingly, please take immediate steps to comply with the above-referenced filed request, a copy of which is enclosed. Thank you.

Very truly yours,

JOHN EDWARDS TIFFANY
JET/las

CC: Mr. Jack Idema

02/04/05 17:21 FAX   Case 1:04-cv-01334-EGS   Document 23-6   Filed 03/30/2007   Page 31 of 41   ☑005

FEB-3-2005 11:48 FROM:COUNTERR GROUP   9104851320   TO:19735660007   P.3

02/02/05 17:06 FAX



**U.S. Department of Justice**      **Certification of Identity**

---

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _Vittorio R.W. Idema_

Citizenship Status [2] _U.S.A_    Social Security Number [3] _____

Current Address _____

Date of Birth _____    Place of Birth _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____    Date _2/3/05_

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_John E. Tiffany, Esq_
Print or Type Name

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 2/28/04

FORM DOJ-361
APR. 01

**5**

U.S. Department of Justice

United States Marshals Service

*Office of General Counsel*

_____

*Washington, DC 20530-1000*

John Edwards Tiffany, P.C.                                          FEB 1 6 2005
55 Washington Street
PO Box 190
Bloomfield, NJ  07003

      **RE:**   **Freedom of Information/Privacy Act Request No. 2005USMS8033**
      **Subject: Jack and Viktoria Idema**

Dear Requester:

      The U. S. Marshals Service is in receipt of your letter and Certification of Identity Form
(DOJ-361) date February 3, 2005, and executed by Ms. Idema in connection with your above
request.

      However, you failed to return to this office the Certification of Identity Form (DOJ-361)
for you client, Mr. Jack Idema.  Your failure to return this form will result in the U. S. Marshals
Service taking no further action on your request.

      We have enclosed another DOJ-361 (Certification of Identity) form for you convenience
in this regard.  Upon receipt of this completed form, we will acknowledge your request and
correspond with you again accordingly.

                Sincerely,

                *Nancy S Robinson*

                Shaaron L. Keys
                Acting FOI/PA Officer
                Office of General Counsel

EXHIBIT **5**

**6**

LAW OFFICES

# JOHN E. TIFFANY, P.C.

55 WASHINGTON STREET
P.O. BOX 190
BLOOMFIELD, N.J. 07003

MEMBERS OF NJ & NY BARS

TEL: (973) 566-9300
FAX: (973) 566-9701
jet4444@bellatlantic.net

March 7, 2005

**Via Telecopier (202) 307-8544**
**& Regular Mail**
**U.S. Marshals Service FOIA Officer**
**Office of General Counsel**
**Department of Justice**
**Washington, DC 20530-9054**
**Attn: Sharon L. Keys**

RE:  **Freedom of Information Act Request**
     **No.: #1 - 1/10/05**

Dear Ms. Keys:

I am the attorney-of-record for Jack Idema. This
letter is in response to your letter of February 16, 2005.

First, your requirement of a DOJ-361 for my client is
simply at opposite with the applicable law regarding FOIA
requests. I am Mr. Idema's lawyer; that fact is beyond
dispute. I have represented him since April of 2004, and
in fact, traveled to Afghanistan to represent him at trial
before an Afghanistan trial court during August and
September 2005. Moreover, I represent him in the appeal of
his conviction entered by the Afghanistan trial court on
September 15, 2005. Accordingly, my status as Mr. Idema's
attorney obviates me of any obligation to file a DOJ-361 as
a pre-requisite to your compliance with my FOIA request.

Second, my client is incarcerated in an Afghanistan
prison. To make matters worse, the U.S. State Department,
and U.S. Embassy Consular staff in Kabul, Afghanistan have
suspended all mail delivery with respect to Mr. Idema, and
the two other incarcerated Americans (Edward Caraballo &
Brent Bennett). The unilateral actions of the U.S. State
Department and U.S. Embassy staff make it impossible for me
to send or receive a signed DOJ-361.

Third, I have provided you a signed DOJ-361 form on
behalf of Mrs. Idema. (Note: I have enclosed the


EXHIBIT 6

original.)  I forwarded the DOJ-361 form, as I do not
represent Mrs. Idema, but require the information pertinent
to her, which forms the sum and substance of the underlying
FOIA request.  You are obligated under the applicable law
in this matter to comply with my request as it pertains to
Mrs. Idema.  To deny me access to copies of records that
pertain to her is a flagrant violation of FOIA law.
Moreover, I am willing to accept copies of redacted records
so long as the redactions pertain solely to pedigree
information (i.e. DOB, Social Security etc.) pertaining to
my client Jack Idema, if even necessary.

Finally, news reporters routinely make FOIA requests,
which are granted, and do so without a signed DOJ-361.  To
now insist that the rules of game are somehow different for
attorneys - more specifically for the attorney-of-record
for Jack Idema - is nothing short of a blatant example of
disparate application of FOIA law.

Your immediate compliance with my lawful FOIA request
is greatly appreciated.  Thank you.

Very truly yours,

JOHN EDWARDS TIFFANY
JET/las

Cc:  Mr. Jack Idema



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

_____

*Washington, DC 20530-1000*

John Edwards Tiffany, P.C.                                    FEB 1 6 2005
55 Washington Street
PO Box 190
Bloomfield, NJ 07003

      **RE:   Freedom of Information/Privacy Act Request No. 2005USMS8033**
      **Subject: Jack and Viktoria Idema**

Dear Requester:

      The U. S. Marshals Service is in receipt of your letter and Certification of Identity Form (DOJ-361) date February 3, 2005, and executed by Ms. Idema in connection with your above request.

      However, you failed to return to this office the Certification of Identity Form (DOJ-361) for you client, Mr. Jack Idema.  Your failure to return this form will result in the U. S. Marshals Service taking no further action on your request.

      We have enclosed another DOJ-361 (Certification of Identity) form for you convenience in this regard.  Upon receipt of this completed form, we will acknowledge your request and correspond with you again accordingly.

              Sincerely,

              Shaaron L. Keys
              Acting FOI/PA Officer
              Office of General Counsel

U.S. Department of Justice                    **Certification of Identity**                    

**Privacy Act Statement** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a. is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  *Viktoria R.W. Idema*

Citizenship Status [2]  *U.S.A.*          Social Security Number [3]  ███████

Current Address  ████████████████████████████

Date of Birth  ████████          Place of Birth  ████████████

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  *[signature]*          Date  *2/3/05*

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

*John E. Tiffany, Esq.*
                     **Print or Type Name**

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 2/29/04

FORM DOJ-361
APR.01

7

November 23, 2005

John Edward Tiffany, Esquire
Attorney at Law
55 Washington Street
POB 190
Bloomfield, NJ 07003

Re:    **Freedom of Information/Privacy Act Request
       No. 2005USMS8033; Subject: Viktoria Idema
       (aka Vickie Ann Boyette; Vickie (Viktoria) Robertson)**

Dear Mr. Tiffany:

       This letter is in response to your above-captioned request, insofar as it relates to
Viktoria Idema.  (As we previously informed you, the U.S. Marshals Service will take no further
action on your request with respect to Jack Idema, until such time as you provide us with a
signed Certification of Identity Form (DOJ-361) for Mr. Idema.)

       Pursuant to your request, the Marshals Service conducted a search of its files and located
five documents consisting of nine pages responsive to items 1, 7 and 8 of your request.  These
five documents are being released to you; however, the names of law enforcement officers, and
the names and information identifiable to other third-party individuals has been redacted from
these documents pursuant to exemption 7(C) of the Freedom of Information Act, 5 U.S.C.
Section 552(b).  The Marshals Service located no records responsive to items 2, 3 and 5 of your
request.

       Documents responsive to items 4 and 6 of your request are being withheld pursuant to
exemptions 6 and 7(C) of the Freedom of Information Act.  A discretionary release of this
information is inappropriate because of the significant privacy and personal safety concerns of
our personnel stemming from the law enforcement functions of this Bureau.

FILE COPY

**7**

Exemption 6 allows this Bureau to withhold personnel, medical, and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes to the extent that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.

Please find the above-mentioned 5 documents enclosed.

Appeal procedures are not contained in this response as this matter is in litigation.

Sincerely,

ORIGINAL SIGNED

WILLIAM E. BORDLEY
Associate General Counsel/FOIPA Officer
Office of General Counsel

Enclosure