UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.K. IDEMA, et al., )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF STATE, et al., )<br>)<br>    Defendants. )<br>) | No. 05 CV 01334 (EGS) |

**EXHIBIT I**

**UNPUBLISHED OPINION**

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

ENTERED
CLERK, U.S. DISTRICT COURT
AUG -5 1999
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
AUG -3 1999
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM JOHN PUSA<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION<br><br>Defendants. | CASE NO. CV99-04603 NM (CWx)<br><br>ORDER RE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT |

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE, MOST RECENT, ADDRESS OF RECORD, IN THIS ACTION, ON THIS DATE.
DATED: AUG 05 1999
DEPUTY CLERK

I

INTRODUCTION

On April 28, 1999, Abraham John Pusa ("Plaintiff") filed this action pro se against the Federal Bureau of Investigation ("Federal Defendant" and/or "FBI") for claims arising under the Freedom of Information Act, 5 U.S.C. § 552(a)(3). In requesting relief, Plaintiff seeks an order from this Court directing Federal Defendant to produce records of all communications between the FBI and individuals: Edward Adams; Gene E. Adem; Robert Adem; Fehmi Tasci; and Greg Lucett (collectively the "Third Parties"). In the complaint, Plaintiff alleges that the FBI violated the Freedom of Information Act ("FOIA") by denying his request for information concerning the Third Parties and their alleged misstatements to Federal Defendant regarding his character and activities.

DOCKETED
MLD COPY PTYS Scanned
MLD NOTICE PTYS
JS-6

AUG 05 1999
ENTERED ON ICMS

AUG 05 1999

On June 1, 1999, Federal Defendant filed the instant motion to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and Plaintiff's failure to state a claim under Fed. R. Civ. P. 12(b)(6). Without receiving any opposition to its motion to dismiss, Federal Defendant filed its Reply and Notice of Non-Receipt of Plaintiff's Opposition on July 7, 1999.[1] However, two days after Federal Defendant filed its notice (and more than five weeks after it filed its motion to dismiss), Plaintiff filed his opposition on July 9, 1999.

In the instant motion, Federal Defendant seeks to dismiss this action on the ground that Plaintiff has failed to exhaust his administrative remedies before filing suit under the FOIA. Specifically, Federal Defendant claims that this Court lacks jurisdiction over Plaintiff's claim as he has neither provided specific documentation with respect to his request for third-party information, nor had his request improperly denied by the FBI before seeking judicial review.

Upon full consideration of the moving, opposition and reply papers, the parties arguments and authorities, and the entire record herein, this Court grants Federal Defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

II

RELEVANT FACTUAL BACKGROUND

On February 18, 1999, Plaintiff sent a letter to Federal Defendant's Los Angeles field office requesting information on the Third Parties. Complaint, ¶ 5, Exh. 1. On February 26, 1999, Luis G. Flores ("Mr. Flores"), Chief Division Counsel of the FBI, responded to Plaintiff's letter by informing him that he was required to submit either proof of death or a privacy waiver for the individuals named in his request. Id., ¶ 6, Exh. 2. The letter further stated that without such proof, "disclosure of law enforcement records or information regarding another person is considered an unwarranted invasion of personal privacy." Id. Enclosed with Mr. Flores' letter was a Privacy Waiver and Certification of Identity Form. Id. Plaintiff was informed that once

---

[1] On July 6, 1999, in light of Plaintiff's failure to file any opposition to Federal Defendant's motion to dismiss, the motion was taken off calendar.

2

he completed and returned these documents, the FBI would conduct a search of its records and advise him of the results. Id.

On March 19, 1999, Plaintiff sent a letter described as a FOIA Appeal to the U.S. Department of Justice, asserting that the February 26, 1999 letter from Mr. Flores was a denial of his request for information. Id., ¶ 7, Exh. 3. On April 1, 1999, Derma A. Henshaw ("Ms. Henshaw") of the Office of Information and Privacy, U.S. Department of Justice, sent a letter to Plaintiff acknowledging receipt of his administrative appeal. Id., ¶ 8, Exh. 4. Ms. Henshaw also informed Plaintiff that the Office of Information, which has responsibility of adjudicating such cases, had a substantial backlog of pending appeals and that Plaintiff would be notified of a decision as soon as possible. Id.

On April 5, 1999, Plaintiff sent a letter to Timothy McNally ("Mr. McNally"), Assistant Director in Charge of the FBI's Los Angeles field office. Id., ¶ 9, Exh. 5. In his letter, Plaintiff informed Mr. McNally that a few of his agents, along with the Third Parties, had been violating Plaintiff's civil and constitutional rights. Id. Alleging that these individuals were operating outside FBI guidelines, Plaintiff requested that Mr. McNally end their illegal activities so that he would not have to litigate the matter in court.[2] Id.

On April 28, 1999, less than a month after he received acknowledgment of his administrative appeal from the Office of Information, Plaintiff brought this action against Federal Defendant for Injunctive Relief. On June 4, 1999, Plaintiff requested a court appointed attorney, as Federal Defendant was allegedly threatening attorneys who agreed to represent him. Plaintiff's Request for Attorney ("Plf. Req. Atty."), ¶ 1. On July 2, 1999, Plaintiff also requested to change the hearing date, as he had allegedly been poisoned in connection with the

---

[2] In his April 5, 1999 letter to Mr. McNally, Plaintiff claimed that a few FBI agents "have formed a criminal syndicate" with the Third Parties, and together had placed him under "surveillance" and on the FBI's "black list" "to cover up their own criminal activities." Complaint, § 9, Exh. 5. In his untimely opposition to Federal Defendant's motion to dismiss, Plaintiff claimed that the "syndicate" had: 1) placed a chip in his body to prevent him from working and to cause him emotional distress; 2) portrayed him as a Chinese spy and prevented him from becoming an Arabic translator with the FBI; 3) illegally searched his house to gain the names of diamond dealers; 4) falsely associated him with the Y2K problem; and 5) exposed him to poisonous deadly viruses in an attempt to murder him. Plf. Opp., ¶¶ 5, 12, 13-14, 16, 18.

3

case and needed time to recover. Plaintiff's Request To Change The Hearing Date ("Plf. Req. Hearing"), p. 1.

III

DISCUSSION

A

Applicable Standard

1. Lack Of Subject Matter Jurisdiction Under FOIA

Under the FOIA, a district court of the United States has jurisdiction to order the production of any agency records improperly withheld from a complainant. 5 U.S.C. § 552(a)(4)(B). However, before the district court can exercise its jurisdiction over FOIA claims, sound judicial policy dictates that the complainant exhaust all of his/her administrative remedies before filing a complaint. In re Steele, 799 F.2d 461, 465 (9th Cir. 1986). As the Ninth Circuit clearly explained in In re Steele:

> Exhaustion of a parties' [sic] administrative remedies is required under the FOIA before that party can seek judicial review. The complaint must [also] request specific information in accordance with published administrative procedures, and have the request improperly refused before that party can bring a court action under the FOIA. Where no attempt to comply fully with agency procedures has been made, the [district] courts will assert their lack of jurisdiction under the exhaustion doctrine.

Id., at 465-66 (emphasis added) (citations omitted). The underlying purpose of the exhaustion doctrine is to give agencies an opportunity to exercise their discretion and expertise in correcting their own procedural errors before initiating any unnecessary judicial intervention into the administrative process. United Farm Workers, AFL-CIO v. Ariz. Agric. Employment Relations Bd., 669 F.2d 1249, 1253 (9th Cir. 1982).

2. Failure To State A Claim Under FOIA

In addition to dismissing the action for lack of subject matter jurisdiction, the exhaustion doctrine also warrants dismissal for a complainant's failure to state a claim upon which relief can be granted. Scherer v. Balkema, 840 F.2d 437 (7th Cir. 1988), cert denied 486 U.S. 1043

1  (1988). Thus, if the complainant has failed to allege that he/she has exhausted all administrative
2  remedies under the FOIA, the complaint must also be dismissed for failure to state a claim. Id.

3                                      B
4                                 Application

5      Federal Defendant contends that this action should be dismissed for Plaintiff's failure to
6  exhaust his administrative remedies. Defendant's Motion to Dismiss ("Def. Mot."), p. 4.
7  Specifically, Federal Defendant asserts that this Court lacks jurisdiction to hear Plaintiff's claims
8  on the ground that he has neither complied with the FBI's procedures concerning FOIA
9  requests, nor had his request improperly denied by the agency. Id., at 3-5.

10     In light of the FOIA requirements established by In re Steele, it is clear that Plaintiff failed to
11 exhaust his administrative remedies before bring this suit. Under the procedures delineated in
12 the Code of Federal Regulations, the FBI has set forth specific instructions to be followed in
13 permitting access to its records under the FOIA. Def. Mot., p. 5. In pertinent part, the FBI's
14 procedures state:

15 > If you are making a request for records about another individual, either a written
16 > authorization signed by that individual permitting disclosure of those records to
17 > you or proof that that individual is deceased (for example, a copy of a death
18 > certificate or an obituary) will help the processing of your complaint.

18 28 C.F.R. § 16.3(a). Plaintiff was notified of these procedures when Mr. Flores responded to
19 his February 18, 1999 request for information regarding the Third Parties. In his letter dated
20 February 26, 1999, Mr. Flores carefully explained to Plaintiff that he was required to submit
21 "either proof of death or a privacy waiver" before his request for third-party information could
22 be processed. See Complaint, Exh. 2. As a courtesy, a Privacy Waiver and Certification of
23 Identity Form were enclosed with Mr. Flores' letter. Id. However, Plaintiff did not provide this
24 information to the FBI. Def. Mot., p. 5. As such, he has failed to exhaust his administrative
25 remedies under the FOIA by failing to comply with the agency's published procedures for
26 obtaining third-party information.

27     Moreover, Plaintiff currently has an administrative appeal pending with the Office of
28 Information and Privacy ("OIP") regarding his request for FBI records. Complaint, § 7, Exh. 3.

1  "Courts have consistently confirmed that the FOIA requires exhaustion of this [administrative]
2  appeal process before an individual may seek relief in the courts." Oglesby v. United States
3  Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990). Thus, Plaintiff is precluded from bringing
4  suit regarding his request for FBI records, as he has not yet exhausted his administrative appeal
5  with the OIP.[3]

6  Plaintiff contends that he has a right to the information he requested, and that Federal
7  Defendant has no legal basis for denying his FOIA request. Complaint, § 10. Plaintiff further
8  alleges that his request for information on the Third Parties should not be denied by the FBI
9  because both are "engaged in a conspiracy campaign against [him]." Id., at § 9, Exh. 5; and
10 Plaintiff's Opposition ("Plf. Opp."), p. 1.

11 Regardless of the sincerity of Plaintiff's beliefs, he does not have a right under the FOIA to
12 gain access to third-party information. The FOIA provides for the mandatory disclosure of
13 information held by federal agencies, unless the requested material falls within one of the Act's
14 exemption provisions. See St. Michael's Convalescent Hospital v. State of California, 643 F.2d
15 1369, 1372 (9th Cir. 1981); Also Lee Pharm. v. Kreps, 577 F.2d 610, 614 (9th Cir. 1978). In his
16 February 26, 1999 letter, Mr. Flores explained to Plaintiffs that his request for FBI records was
17 exempt "without proof of death or a privacy waiver, [and that] the disclosure of law
18 enforcement records or information about another person is considered an unwarranted invasion
19 of personal privacy" under the FOIA. Complaint, Exh. 2. This language is taken from the
20 statute itself, which states that a request under the FOIA "does not apply to...personnel...files...
21 [and] information complied for law enforcement purposes...[due to the fact that] the production
22 of such...records...could reasonably be expected to constitute an unwarranted invasion of
23 personal privacy." 5 U.S.C. §§ 552(b)(6) and (7)(C). Thus, Plaintiff was not entitled, on the
24 information submitted, to receive any information on the Third Parties under the FOIA.
25 //
26 //

---

[3] The FBI advised Plaintiff of the option to file an administrative appeal with the OIP in its February 26, 1999 letter. Complaint, Exh. 2.

6

## IV

## CONCLUSION

Plaintiff has neither provided the required information to the FBI, nor exhausted his administrative appeal. Accordingly, this court lacks jurisdiction over his claim under the FOIA, and the complaint must be dismissed.

IT IS SO ORDERED

DATED: August 2, 1999

Nora M. Manella
United States District Judge

7