UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| J.K. IDEMA, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED STATES DEPARTMENT<br>OF STATE, *et al.*,<br><br>        Defendants. | Civil Action No. 05-1334 (EGS) |

### MEMORANDUM OPINION

In June 2005, plaintiffs Jack Idema, Edward Caraballo, and Brent Bennett filed a lawsuit in the United States District Court for the Southern District of New York against the United States Department of State and other federal agencies under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.[1] The case subsequently was transferred to this Court. In March 2007, defendants filed a Motion to Dismiss and/or for Summary Judgment. On May 8, 2007, after over a month with no response from plaintiffs filed, the Court issued an order advising plaintiffs to respond to defendants' motion or the Court would treat the motion as conceded. Plaintiffs sought an extension of time until July 30, 2007 in which to file their response. The Court granted plaintiffs' motion for extension of time but also indicated that further requests for extension of time would be viewed with

---

[1] Edward Caraballo and Brent Bennett are proceeding pro se in this matter. Jack Idema is represented by counsel.

disfavor. *See* Minute Order (June 4, 2007). To date, plaintiffs have neither filed a response to defendants' motion nor have plaintiffs sought any additional extensions of time within which to respond. Accordingly, the Court **GRANTS** defendants' Motion to Dismiss and/or for Summary Judgment.

Local Civil Rule 7(b) provides that "[w]ithin 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion." LCvR 7(b). The Rule further provides that "[i]f such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." *Id.* Whether to treat a motion as conceded pursuant to Rule 7(b) is within the discretion of the District Court. "Where the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit] honor[s] its enforcement of the rule." *Twelve John Does v. Dist. of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997); *see also Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (upholding district court's decision to treat motion as conceded based on plaintiffs' failure to respond to the motion).

In this case, the Court advised plaintiffs of the consequences of the failure to respond to the motion and granted plaintiffs additional time within which to respond. In view of the failure of plaintiffs to respond to defendants' motion, the

Court will treat defendants' motion as conceded. Having treated the motion as conceded and having reviewed the record, the Court finds in favor of defendants and **GRANTS** defendants' Motion to Dismiss and/or for Summary Judgment. An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
**            United States District Court**
**            August 6, 2007**